IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Alan J. Heinrich (SBN 212782)
Elizabeth C. Tuan (SBN 295020)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Plaintiffs
JUNO THERAPEUTICS, INC.,
MEMORIAL SLOAN KETTERING
CANCER CENTER, and SLOAN
KETTERING INSTITUTE FOR
CANCER RESEARCH

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas (SBN 106409)
Michael A. Sitzman (SBN 156667)
Timothy P. Best (SBN 254409)
Jaysen S. Chung (SBN 280708)
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:   (415) 393-8200
Facsimile:    (415) 393-8306

Jane M. Love (pro hac vice)
200 Park Avenue, Suite 47
New York, New York 10166-0193
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

Attorneys for Defendant
KITE PHARMA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH, | Case No. 2:17-cv-07639-SJO-RAO |
| Plaintiffs, | **JOINT RULE 26(f) REPORT** |
| v. | **(JURY TRIAL DEMANDED)** |
| KITE PHARMA, INC., | Hon. S. James Otero |
| Defendant. | |
| KITE PHARMA, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH, | |
| Counterclaim Defendants. | |

Plaintiffs Juno Therapeutics, Inc., Memorial Sloan Kettering Cancer Center, and Sloan Kettering Institute for Cancer Research (collectively, "Juno") and Defendant Kite Pharma, Inc. ("Kite")[1] submit this Joint Proposed Discovery Plan ("Discovery Plan") pursuant to Federal Rule of Civil Procedure 26(f), the Court's Standing Order, and Civil Minute Order dated November 29, 2017 ("Civil Minute Order").  The parties agree on each proposal except where indicated.

## I.      SUMMARY OF RULE 26(f) CONFERENCE

On January 22, 2018, the parties conducted their Rule 26(f) conference.  During this conference call, the parties discussed the topics set forth in Rule 26(f)(3), the Court's Standing Order, the Local Rules, and the Civil Minute Order.  This Discovery Plan is the product of that conference.

## II.     DISCOVERY ISSUES

### A.      Timing of Disclosures Under Rule 26(a)

The parties stipulated to serving initial disclosures on February 12, 2018. The parties also agreed on certain dates for the expert and pretrial disclosures contemplated in Rule 26(a). These dates are listed in Appendix 1, which is attached to this Joint Rule 26(f) Report.

### B.      Subjects of Discovery and Proposed Deadlines

The parties agree that discovery may be needed on at least the following subject matters:

Discovery needed by Juno includes, among other things:

1.      The development, making, and use of YESCARTA;

2.      The source of the DNA used to make YESCARTA;

---

[1]  Kite reserves the right to revisit, revise and/or amend its portions of this Statement and any of the dates and deadlines set forth herein based on case developments, including the pending Motion to Stay, the Supreme Court decision in *Oil States v. Greene's Energy Group, LLC*, the Federal Circuit's decision in the IPR appeal, or this Court's decision to continue the Scheduling Conference or to hold additional Scheduling Conferences.

3.   The development, making, use, and maintenance of any host cells and vectors relating to the making of YESCARTA;

4.   Design and manufacture of YESCARTA;

5.   Marketing, sales, and distribution of YESCARTA;

6.   Kite's activities relating to YESCARTA for the purpose of proving that it has infringed, directly and/or indirectly, the '190 Patent and identifying the claims that have been and are being infringed;

7.   The activities and involvement of other parties, and their relationship to Kite, with respect to the development, manufacture, importation, sale, offer for sale, and use of YESCARTA, and any host cells and vectors used to make YESCARTA;

8.   Kite's and its scientific collaborators' knowledge of the work of the named inventors of the '190 patent, and their use of and copying of the named inventors' work;

9.   Communications by employees of Kite concerning the '190 Patent;

10.   Kite's contentions regarding the invalidity of the '190 Patent;

11.   Kite's contentions regarding the unenforceability of the '190 Patent;

12.   Information relevant to damages and other available remedies;

13.   Issues relating to all counterclaims and defenses asserted by Kite.

Discovery needed by Kite includes, among other things:

1.   The development, making, use, and abandonment of JCAR015;

2.   The development, making, and use of JCAR017;

3.   The design and manufacture of JCAR015;

4.   The development and manufacture of JCAR017;

5.   Prosecution of the '190 Patent;

6.   Work at Sloan Kettering related to the '190 Patent;

7.   History of litigation regarding CAR constructs, including with St. Jude and U. Penn;

8.    Communications by employees of Juno concerning the '190 Patent;

9.    Communications by employees of Juno concerning prior art;

10.   Juno's contentions regarding the validity of the '190 Patent;

11.   Juno's contentions regarding the enforceability of the '190 Patent;

12.   Information relevant to damages and other available remedies; and

13.   Issues relating to all claims and defenses asserted by or that will be asserted by Juno.

Appendix 1 to this Joint Rule 26(f) Report includes the parties' proposed discovery and pretrial deadlines. Attached as Appendix 2 to this Joint 26(f) Report is a completed version of this Court's General Form 11.

## C.    Limitations on Discovery

Juno served requests for production and interrogatories on Kite on January 22, 2018.

### Juno's Proposal

Juno proposes that the parties follow the Federal Rules of Civil Procedure regarding responsive deadlines to discovery requests.

Juno further proposes that document productions accompanying the service of infringement contentions and invalidity contentions, as set forth in Northern District of California's Patent Local Rules 3-2 and 3-4, shall adhere to the N.D. Cal. Patent Local Rules governing these productions.

### Kite's Proposal

Kite proposes that, in light of Kite's pending motion to stay, discovery be deemed served on the day of the expiration of the stay or the day of the denial of Kite's motion.

Kite further proposes that productions be made on a rolling basis to ensure that the parties have adequate time to conduct a privilege review, work within the IT limitations of their document vendors, and to conduct a full and thorough investigation.

### 1. Depositions

The parties agree that the deposition of a fact or expert witness may not exceed a total of seven (7) hours, unless otherwise agreed upon by the parties or ordered by the Court.

**Juno's Proposal**

Juno proposes that each side shall be limited to a total of 85 hours to take depositions of fact witnesses, including deposition hours spent on 30(b)(6) topics. Depositions shorter than three hours shall be deemed to count as three hours against the 85 hour total.

**Kite's Proposal**

Kite proposes that each side shall be limited to 15 depositions of fact witnesses.

### 2. Interrogatories

The parties agree that each side shall be limited to a total of 25 interrogatories.

### 3. Requests for Production

The parties agree that each side will endeavor to be efficient when propounding requests for production.

### 4. Requests for Admission

The parties also agree that each side will endeavor to be efficient when propounding requests for admission.

### D. Electronic Service of Process.

The parties agree to accept electronic service of all documents for which service is required. Electronic service of a document to the other party's counsel before 4:00 p.m. PST shall be deemed personally served on the day the email is sent. Documents filed through the Court's ECF system before 4:00 p.m. PST shall be deemed personally served the day they are filed.

### E. Production of Electronically Stored Information

The parties agree to produce information in text-searchable image files (*i.e.*, either PDF or TIFF format). The only files that may be produced in native format are

files not easily converted to image format, such as Excel and Access files. When an image file is produced, it must be accompanied by a load file with searchable text, with suitable PDF or TIFF image format specifications to be exchanged between the parties and with subsequent modifications to such specifications reasonably allowed. The parties will negotiate the nature and extent of metadata to be included in the load files. The parties agree to preserve metadata, however, and if a party can demonstrate its need for a particular item of additional metadata, the parties will discuss and attempt to reach a resolution at that time.

The parties agree to meet and confer concerning searches of electronically stored information.

**F.     Protective Order.**

The parties anticipate filing a mutually acceptable form of Stipulated Protective Order pursuant to ¶ 31.a of the Court's Initial Standing Order.

**G.     Privilege Logs**

The parties agree to meet and confer regarding the scope, content, and exchange of privilege logs, including regarding potential categories of documents and information that the parties need not log.

**III.     REQUIREMENTS UNDER LOCAL RULE 26-1**

**A.     Complex Litigation Procedures**

The parties do not believe that this case should be subject to the Federal Rules pertaining to complex litigation and believe that application of the Patent Local Rules as modified herein will facilitate the handling of the patent issues presented.

**B.     Motion Schedule**

Appendix 1 includes proposed cut-off dates by which all dispositive or partially dispositive motions must be made.

**C.     Settlement/ADR**

There have been no formal settlement efforts to date, but the parties will continue to evaluate whether there are opportunities to settle or narrow the issues as

the case progresses.  The parties believe that some fact discovery will be required before any settlement discussions are likely to be successful.

At this time, the parties propose that ADR Option 3, private dispute resolution proceeding, will be appropriate.

**D.    Trial Estimate**

The parties propose trial dates as set forth in Appendix 1 to this Discovery Plan.

**1.    Juno's Proposal**

Juno proposes a trial date of March 25, 2019, if the Court is available at that time, and anticipates that the trial will last five (5) to ten (10) court days, including opening statements and closing arguments.

**2.    Kite's Proposal**

Kite proposes a trial date of August 1, 2019, if the Court is available at that time, and anticipates that the trial will last ten (10) to twelve (12) court days, including opening statements and closing arguments.

**E.    Additional Parties**

The parties do not currently anticipate the need to add additional parties to this case.  Both parties reserve the right to add additional parties, subject to the Federal Rules.

**F.    Expert Witnesses**

Subject to the issue of secondary considerations outlined below, the parties agree to the timing of expert disclosures as set forth in Appendix 1. The parties agree that expert witness disclosures should be made in accordance with Fed. R. Civ. P. 26.

The parties agree that, unless the parties later agree or the Court orders otherwise, the Federal Rules shall govern what shall be the subject of discovery or inquiry at trial.

**1.    Kite's Proposal**

Kite proposes that secondary considerations must be addressed in Juno's Opening Report(s) because it is Juno's burden of proof to establish secondary

considerations, so that no Reply Report on this issue is needed by Kite, which would unnecessarily extend the schedule.  If the Court orders otherwise, Kite reserves the right to propose amendments to its proposed schedule to include Reply Report(s) addressing secondary considerations.

### 2.    Juno's Proposal

Juno proposes that, because it is Kite's burden of proof to prove invalidity, secondary considerations shall be addressed in Kite's Opening Report(s), and no Reply Report is necessary.

## IV.    ADDITIONAL ISSUES

### A.    Basis for Federal Jurisdiction

This litigation arises under the patent laws of the United States of America, 35 U.S.C. § 1 et seq. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

### B.    Scheduling

Dates for the completion for discovery, the hearing of motions, final pretrial conference and trial are listed in Appendix 1.

### C.    Discovery in Phases

The parties agree that discovery should be conducted in two phases, with fact discovery occurring first followed by expert discovery.

### D.    Lead Attorneys

On Juno's behalf, Morgan Chu will be lead trial counsel.  On Kite's behalf, Jeffrey Thomas will be lead trial counsel.

### E.    Dispositive Motions

Juno plans to bring summary judgment motions on the following subject matter: (1) Kite infringes the asserted claims of the '190 Patent; and (2) Kite is estopped from raising a prior art invalidity defense.  Juno reserves the right to bring additional motions for summary judgment.

Kite may bring motions for summary judgment of invalidity and/or non-infringement of the '190 Patent. Kite reserves the right to bring additional motions for summary judgment.

**F.     Severance and Bifurcation**

The parties do not currently anticipate the need to sever, bifurcate, or otherwise order issues in this case.

**G.     Adoption of Local Rules**

The parties agree that unless otherwise stated in this Report or Appendix 1, later agreed to by the parties, or ordered by the Court, the parties will adopt the Northern District of California Patent Local Rules.

**H.     Related Litigations and History of Litigation**

The asserted patent, U.S. Patent No. 7,446,190 (the "'190 Patent") was previously the subject of an *inter partes* review proceeding in front of the Patent Trial and Appeal Board ("Board"). The Board issued a Final Written Decision on December 16, 2016, upholding all claims of the '190 Patent. Kite appealed that decision to the Federal Circuit, Appeal No. 17-1647. Briefing is complete in the appeal, but a date for oral argument has not yet been set.

Juno previously filed a Complaint against Kite in the District of Delaware on December 19, 2016, in *Juno Therapeutics, Inc., et al. v. Kite Pharma, Inc.*, No. 16-1243. That complaint was dismissed on June 13, 2017 due to lack of subject matter jurisdiction as YESCARTA had not yet been approved by the U.S. Food and Drug Administration. Juno also filed a Complaint against Kite in this District on September 1, 2017 in *Juno Therapeutics, Inc., et al. v. Kite Pharma, Inc.*, No. 2:17-CV-06496. That complaint was dismissed on November 27, 2017 due to the subsequent filing of this action.

**I.     *Inter Partes* or Post-Grant Review**

The parties do not anticipate any new IPR or Post-Grant Review (PGR) proceedings at the PTAB.

DATED: January 29, 2018

Respectfully submitted,

IRELL & MANELLA LLP

By*: /s/ Morgan Chu*
    Morgan Chu (SBN 70446)
    Alan J. Heinrich (SBN 212782)
    Elizabeth C. Tuan (SBN 295020)
    IRELL & MANELLA LLP
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
    Telephone:    (310) 277-1010
    Facsimile:    (310) 203-7199

*Attorneys for Plaintiffs Juno Therapeutics, Inc., Memorial Sloan Kettering Cancer Center, and Sloan Kettering Institute for Cancer Research*

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Jeffrey T. Thomas*
    Jeffrey T. Thomas, SBN 106409
    Michael A. Sitzman, SBN 156667
    Timothy P. Best, SBN 254409
    Jaysen S. Chung, SBN 280708
    GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street, Suite 3000
    San Francisco, CA 94105-0921
    Telephone:    415.393.8200
    Facsimile:    415.393.8306

    Jane M. Love, admitted *Pro Hac Vice*
    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue, Suite 47
    New York, NY 10166-0193
    Telephone:    212.351.4000
    Facsimile:    212.351.4035

*Attorneys for Defendant and Counterclaim Plaintiff Kite Pharma, Inc.*

# Appendix 1

## Case Schedule

| Matter | Juno's Proposed Deadline | Kite's Proposed Deadline |
|---|---|---|
| Rule 26(a) Initial Disclosures | February 12, 2018 | |
| Scheduling Conference | February 12, 2018 | |
| Disclosure of Asserted Claims and Infringement Contentions (and related document production) | February 26, 2018 | |
| Last Day to Amend Pleadings or Add Parties | March 14, 2018 (and otherwise subject to Rule 15) | August 23, 2018 (and otherwise subject to Rule 15) |
| Invalidity Contentions (and related document production) | April 12, 2018 | |
| Advice of Counsel Document Production | April 12, 2018 | 30 days after the Court issues its Claim Construction Ruling |
| Damages Contentions | June 1, 2018 | |
| Response to Damages Contentions | July 2, 2018 | |
| Exchange List of *Markman* Terms | April 26, 2018 | |
| Exchange Proposed Constructions | May 17, 2018 | |
| Joint *Markman* Statement | June 11, 2018 | |
| *Markman* Discovery Cutoff | July 11, 2018 | |
| Plaintiffs' Opening *Markman* Brief | July 19, 2018 | |
| Defendant's Rebuttal *Markman* Brief | August 2, 2018 | |
| Plaintiff's Reply *Markman* Brief | August 9, 2018 | |
| *Markman* Hearing | August 23, 2018 | |
| Final Infringement Contentions | 14 days after *Markman* ruling | |

| Final Invalidity Contentions | 14 days after Final Infringement Contentions | 30 days after Final Infringement Contentions |
|---|---|---|
| Fact Discovery Cutoff (including hearing dates for discovery motions) | September 24, 2018 | November 19, 2018 |
| Designate Expert Witnesses and Serve Expert Reports for Which the Party Has the Burden of Proof | October 19, 2018 | December 19, 2018 |
| Designate Expert Witnesses and Serve Expert Reports for Which the Party Does Not Have the Burden of Proof | November 14, 2018 | January 18, 2019 |
| Expert Discovery Cutoff | December 10, 2018 | February 18, 2019 |
| File dispositive motions | December 17, 2018 | March 4, 2019 |
| File oppositions to dispositive motions | December 31, 2018 | April 1, 2019 |
| File replies in support of dispositive motions | January 7, 2018 | April 15, 2019 |
| Last Day for Hearing Motions | January 21, 2019 | April 29, 2019 |
| Last Day to Conduct Settlement Conference | March 4, 2019 | July 3, 2019 |
| Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Questions and Agreed-To Statement of Case; File Witness List, Exhibit List, and Trial Brief | March 15, 2019 | July 24, 2019 |
| Trial (Jury) | March 25, 2019 (5-10 days) | August 1, 2019 (10-12 days) |

1

## **FILER'S ATTESTATION OF CONCURRENCE**

Pursuant to Civil L.R. 5-4.3.4(a)(2) relating to documents requiring multiple signatures, the undersigned attests that all other signatories concur in the content and authorize the filing of the foregoing document.

*/s/ Morgan Chu*

JOINT 26(F) REPORT

1

## <u>CERTIFICATE OF SERVICE</u>

2

A copy of the foregoing document was electronically filed with the Court this

3
29th day of January, 2018. Notice of this filing will be sent by operation of the Court's

4
electronic filing system. Parties may access this filing through the Court's system.

5

6
*/s/ Morgan Chu*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT 26(F) REPORT