IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Alan J. Heinrich (SBN 212782)
C. Maclain Wells (SBN 221609)
Elizabeth C. Tuan (SBN 295020)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

JONES DAY
Andrea Weiss Jeffries (SBN 183408)
Emily Moore Whitcher (SBN 321790)
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Christopher J. Harnett (Pro Hac Vice)
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Attorneys for Plaintiffs
JUNO THERAPEUTICS, INC.,
MEMORIAL SLOAN KETTERING
CANCER CENTER, AND SLOAN
KETTERING INSTITUTE FOR
CANCER RESEARCH

MUNGER, TOLLES & OLSON LLP
Jeffrey I. Weinberger (SBN 56214)
Peter E. Gratzinger (SBN 228764)
Adam R. Lawton (SBN 252546)
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

FISH & RICHARDSON PC
Geoffrey D. Beigler
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Defendant and
Counterclaim Plaintiff
KITE PHARMA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JUNO THERAPEUTICS, INC.,
MEMORIAL SLOAN KETTERING
CANCER CENTER, AND SLOAN
KETTERING INSTITUTE FOR
CANCER RESEARCH,

     Plaintiffs,

  v.

KITE PHARMA, INC.,

Case No. 2:17-cv-07639-SJO-KS

**[PROPOSED] SECOND AMENDED
PROTECTIVE ORDER**

Judge: Hon. S. James Otero

1 | Defendant.

2 | KITE PHARMA, INC.

3 | Counterclaim Plaintiff,

4 | v.

5 | JUNO THERAPEUTICS, INC., MEMORIAL

6 | SLOAN KETTERING CANCER CENTER,
AND SLOAN KETTERING INSTITUTE

7 | FOR CANCER RESEARCH,

8 | Counterclaim Defendants.

9 | .

10

The Court recognizes that at least some of the documents and information being sought through discovery in the above-captioned action ("Action") are not publicly available and, for competitive reasons, are normally kept confidential by Plaintiffs Juno Therapeutics, Inc., Memorial Sloan Kettering Cancer Center, and Sloan Kettering Institute for Cancer Research (collectively, "Plaintiffs" or "Juno") and Defendant Kite Pharma, Inc. ("Defendant" or "Kite") ("Plaintiffs" and "Defendant" each referred to as "party" and collectively referred to herein as the "parties"). The parties have agreed to be bound by the terms of this Protective Order ("Order") in this Action. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

This Order shall apply to all information, documents, and things within the scope of discovery in this Action that are in the possession or custody of, or are owned or controlled by the parties or non-parties, including but not limited to documents and things responsive to requests for production of documents and things under Federal Rule of Civil Procedure 34 (including business records produced pursuant to Federal Rule of Civil Procedure 33(d)); answers to interrogatories under Federal Rule of Civil Procedure 33; responses to requests for admission under Federal Rule of Civil Procedure 36; testimony provided at deposition pursuant to Federal Rule of Civil Procedure 30 or 31; testimony or argument provided at any hearing in this Action; documents and things responsive to, and testimony provided pursuant to any subpoena issued in this Action under Federal Rule of Civil Procedure 45; and documents, things, testimony, or other information obtained through discovery from foreign non-parties, including but

not limited to such discovery taken under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. THEREFORE:

**DEFINITIONS**

1.　　The term "CONFIDENTIAL INFORMATION" shall mean and include information contained or disclosed in any material that satisfies the requirements of Paragraph 1 of the General Rules below. The term "material" shall mean all documents, communications, depositions, pleadings, exhibits, things and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party, or witness in connection with this Action. For the avoidance of doubt, CONFIDENTIAL INFORMATION of a non-party produced in this Action shall be afforded the same degree of protection from disclosure as the CONFIDENTIAL INFORMATION of the parties to this Action. Each party or non party shall act in good faith in designating such information as CONFIDENTIAL INFORMATION.

2.　　The term "ATTORNEYS' EYES ONLY INFORMATION" shall mean and include CONFIDENTIAL INFORMATION that satisfies the requirements of Paragraph 2 of the General Rules below.

3.　　The term "BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY" shall mean and include any CONFIDENTIAL INFORMATION disclosed by non-party Bristol-Myers Squibb Company ("BMS") pursuant to the Court's April 29, 2019 Order (Dkt. No. 219) regarding Kite's January 11, 2019 Subpoena to BMS.

4.     The term "document(s)" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and applicable local rule, and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates, or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

5.     The term "In-House Legal Personnel" shall mean in-house legal personnel in the employ of a party or party's corporate affiliate, whose duties require them to assist Outside Counsel to prepare for trial in this matter, and any administrative staff assisting such personnel.

6.     The term "Outside Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by the law firm(s) of the outside counsel of record, or other persons hired or used by these firms for the purpose of preparation and trial of this Action, such as discovery vendors, mock jurors, and trial and jury consultants.

7.     The term "Producing Party" shall mean any party or any non-party who produces for inspection, provides access to, provides copies of, or otherwise discloses CONFIDENTIAL INFORMATION in connection with this Action.

8.     The term "Receiving Party" shall mean any party who receives the CONFIDENTIAL INFORMATION of a Producing Party.

9.     The term "Related Actions" shall mean *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. 17-cv-6496 (C.D. Cal.); *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. 16-cv-1243 (D. Del.); *Kite Pharma, Inc. v. Juno Therapeutics, Inc.*, No. IPR2015-01719 (P.T.A.B.); and *Kite Pharma, Inc. v. Juno Therapeutics, Inc.*, No. 17-1647 (Fed. Cir.).

**GENERAL RULES**

1.     Material may be designated as CONFIDENTIAL INFORMATION

when the Producing Party believes in good faith that the material qualifies for protection under Federal Rule of Civil Procedure 26(c)(1), contains or pertains to information that is not publicly available, and, for competitive reasons, is normally kept confidential by the Producing Party. This includes but is not limited to confidential research, development, commercial, proprietary, technical, business, financial, sensitive, or private information or material.

2.      Material may be designated as ATTORNEYS' EYES ONLY INFORMATION when the Producing Party believes in good faith that the material qualifies for protection as CONFIDENTIAL INFORMATION, is extremely sensitive, and would, if disclosed to the Receiving Party or to a non-party, create a substantial risk of serious harm that could not be avoided by less restrictive means. Any information produced in prior litigations and designated HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE COUNSEL ONLY shall be treated as ATTORNEYS' EYES ONLY INFORMATION in this Action.

3.      Material produced by non-party BMS pursuant to the Court's April 29, 2019 Order (Dkt. No. 219), or any information or testimony derived therefrom, may be designated as BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY.  Any use or disclosure of material designated BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY is subject to the restrictions set forth in General Rules Paragraph 12 below.

4.      All CONFIDENTIAL INFORMATION shall be used only in connection with the preparation, trial, and appeal of this Action. This limitation shall not apply to the party that created or produced such materials, or otherwise had possession, custody, ownership, or control of the materials prior to the initiation of this lawsuit.

5.      The parties may agree to add additional categories of

CONFIDENTIAL INFORMATION from time to time as may be necessary or appropriate. If the parties cannot resolve the issue of whether this Order should be amended to include the proposed new category of CONFIDENTIAL INFORMATION, the dispute may be submitted to the Court via the assigned district judge's procedures for the raising of such matters. Disclosure of material, however, shall still be made, but marked as CONFIDENTIAL INFORMATION, pending resolution of the objection by the parties or the Court, as the case may be.

6. Marking Designated Material as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY shall be made by the Producing Party in the following manner:

a. In the case of documents or any other tangible thing produced, designation shall be made by placing the legend CONFIDENTIAL, ATTORNEYS' EYES ONLY, or BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY, as the case may be, on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

b. In the case of electronically stored information ("ESI"), (i) digital image files, such as TIFFs, will be marked by the Producing Party with the appropriate designation on each viewable page or image, and (ii) native documents and databases will be marked by the Producing Party with the appropriate designation using a naming convention that conveys its confidentiality status, or some other appropriate means to communicate the confidential nature of the ESI that is agreed upon by the parties;

c. Any individual response to written interrogatories or requests for admissions or any expert report that contains or constitutes Designated Material shall be labeled or marked by the Producing Party as CONFIDENTIAL,

ATTORNEYS' EYES ONLY, or BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY, as the case may be, at the time it is provided or disclosed to the Receiving Party, by indicating either at the outset of the document embodying the response or in the body of each individual response, the designation applicable to each response. Any document or thing created (e.g., any abstract, summary, memorandum, or exhibit) containing CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY subject to this Order, shall likewise be marked or labeled as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY, as the case may be;

d.      In the case of deposition testimony, transcripts or portions thereof, designation shall be made by any party either (i) orally on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY, as the case may be, by the reporter, or (ii) by captioned, written notice to the reporter and all counsel of record, given within thirty days after receipt of the official transcript. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the party or deponent. Pending expiration of the thirty days, all parties and, if applicable, any non-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated ATTORNEYS' EYES ONLY INFORMATION; and if any material designated BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY was used or referenced during the deposition, then pending expiration of the thirty days, the deposition

transcript shall be treated as if it had been designated BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY. If the deposition is videotaped, the video technician shall mark the original and all copies of the videotape to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case. Its contents may not be viewed, displayed, or revealed except by order of the Court or pursuant to written stipulation of the parties." No person shall attend the designated portions of such depositions unless such person is an authorized recipient of CONFIDENTIAL INFORMATION or BMS CONFIDENTIAL INFORMATION under the terms of this Order, as the case may be; and

e.　　In the event the Producing Party elects to produce materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered ATTORNEYS' EYES ONLY INFORMATION, and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the Producing Party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain CONFIDENTIAL INFORMATION with the appropriate confidentiality marking.

7.　　The Producing Party may redact the following information from documents that it produces:

a.　　names, addresses, Social Security numbers, tax identification numbers, e-mail addresses, telephone numbers, and any other information that would identify patients;

b.　　names, addresses, Social Security numbers, tax identification numbers, e-mail addresses, telephone numbers, and any other personal

identifying information of health care providers, including but not limited to individuals, organizations, or facilities that furnish, bill, or are paid for healthcare services or supplies;

       c.    names, addresses, Social Security numbers, tax identification numbers, e-mail addresses, telephone numbers, and any other personal identifying information (not to include race, age, or gender) of individuals enrolled as subjects in clinical studies or adverse event reports;

       d.    street addresses, Social Security numbers, tax identification numbers, dates of birth, telephone conference dial-in codes, passwords, home telephone numbers, and cellular telephone numbers of employees;

       e.    names, addresses, Social Security numbers, tax identification numbers, e-mail addresses, telephone numbers, and other personal identifying information of any clinical investigator submitting an adverse event to the FDA on a MedWatch form;

       f.    materials that contain information protected from disclosure by the attorney-client privilege, the work product doctrine, or other legal privilege protecting information from discovery in this lawsuit, which shall be identified in a privilege log or otherwise in a manner that complies with Federal Rule of Civil Procedure 26(b)(5).

    8.    The Producing Party that has redacted information pursuant to Paragraph 6, shall, upon request, identify the nature of the information redacted in a specific document with sufficient detail to allow the Receiving Party to determine whether a challenge to the redacted information may be appropriate. If the Receiving Party has a good-faith basis for challenging the redaction, that party shall inform counsel for the Producing Party in writing of said challenge within fourteen calendar days of receipt of the Producing Party's explanation of the redaction. If, after conferring, the parties cannot resolve the dispute, the Receiving

Party challenging the redaction may move for a ruling on the issue of whether certain information is entitled to redaction. If the Court finds that said information should remain redacted, said information shall remain redacted and may not be used as evidence by either party at trial or at a hearing or be relied upon by either party's experts. If the Court finds that said information should not remain redacted, the Producing Party shall provide or file an unredacted version of the document within fourteen calendar days of the Court's decision or, if the Producing Party challenges such a decision, within fourteen calendar days of the conclusion of any and all proceedings or interlocutory appeals challenging the decision.

9.     CONFIDENTIAL INFORMATION shall not be disclosed by the Receiving Party to anyone other than those persons designated herein and shall not be used for any purpose other than this Action as set forth in Paragraph 13, unless and until the parties agree, or the Court orders, that certain specified individuals shall have access to CONFIDENTIAL INFORMATION, or such designation is removed either by agreement of the parties, or by order of the Court.

10.     Information designated CONFIDENTIAL INFORMATION shall be viewed only by:

a.     Outside Counsel;

b.     Officers, directors, and employees (including In-House Legal Personnel) of the Receiving Party or its corporate affiliates;

c.     Subject to Paragraph 15 of this Order, outside consultants or experts retained by a Receiving Party in this Action who are not employees or consultants of a Receiving Party or its affiliates;

d.     Mock juror or focus group members, provided that, prior to receiving CONFIDENTIAL INFORMATION, such persons execute Exhibit A, agreeing to be bound by the terms of this Order;

e.     Any person indicated on the face of the document to be its

originator, author or a recipient of a copy thereof;

        f.     The Court and its law clerks, staff, and any jury selected to hear this Action;

        g.     Any mediators engaged by the parties or appointed by the Court;

        h.     Stenographic reporters, videographers and their respective assistants who are engaged in such proceedings as are necessary for the preparation and trial of this Action;

        i.     Independent copying services, independent computer consulting and document management services, independent exhibit makers, independent translators, and other support services retained by counsel for purposes of this Action and who are obligated to not disclose CONFIDENTIAL INFORMATION received from counsel;

        j.     Persons engaged by a party or counsel for a party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving CONFIDENTIAL INFORMATION, such persons execute Exhibit A, agreeing to be bound by the terms of this Order; and

        k.     Others as to whom the Producing Party has given written consent.

    11.    Information designated ATTORNEYS' EYES ONLY INFORMATION shall be viewed only by (a) those persons described in Paragraph 9(a), 9(c), 9(d), 9(e), 9(f), 9(g), 9(h), 9(i), 9(j), and 9(k), and (b) up to four attorneys who are In-House Legal Personnel (as well as their support staff), who do not have a material role in competitive decision making, as the term is used in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), in the field of chimeric antigen receptor T cell therapy, and who have signed Exhibit A agreeing to be bound by the terms of this Order ("Designated In-House Counsel"). At least

seven days before any ATTORNEYS' EYES ONLY INFORMATION is disclosed to any attorney who is In-House Legal Personnel, the Receiving Party shall identify the Designated In-House Counsel in writing to the Producing Party.

12. Information designated BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY shall be viewed only by:

a. The outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by the law firm(s) of the outside counsel of record, provided that such personnel shall have no involvement in any matter concerning the merger transaction between BMS and Celgene Corporation ("the BMS-Celgene merger transaction");

b. Subject to Paragraph 15 of this Order, outside consultants or experts retained by a Receiving Party in this Action who are not employees or consultants of a Receiving Party or its affiliates, provided that such persons shall have no involvement in any matter concerning the BMS-Celgene merger transaction;

c. Any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof;

d. Stenographic reporters, videographers and their respective assistants who are engaged in such proceedings as are necessary for the preparation and trial of this Action;

e. The Court and its law clerks, staff, and any jury selected to hear this Action; and

f. Independent computer consulting and document management services retained by counsel for purposes of this Action and who are obligated to not disclose CONFIDENTIAL INFORMATION received from counsel.

13. For the avoidance of doubt, non-party BMS, as a Producing Party of material designated BMS CONFIDENTIAL INFORMATION – OUTSIDE

COUNSEL EYES ONLY, may raise any dispute under this Protective Order with respect to the use or disclosure of material designated BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY before the Court in this Action, subject to the procedures provided for Producing Parties herein.

14. If it becomes necessary for a Receiving Party's outside counsel to seek the assistance of any person, other than those persons referred to in Paragraphs 10, 11, and 12, and to disclose CONFIDENTIAL INFORMATION to such person to properly prepare this Action for trial, the following procedures shall be employed:

a. Outside counsel of the Receiving Party shall notify, in writing, outside counsel for the Producing Party, identifying therein the specific CONFIDENTIAL INFORMATION to be disclosed and the name, address and position (along with a job description) of the person(s) to whom such disclosure is to be made;

b. If no objection to such disclosure is made by outside counsel for the Producing Party within five business days of such notification, outside counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that outside counsel for the Receiving Party shall serve upon outside counsel for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form attached as Exhibit A, whereby such person agrees to comply with and be bound by this Order. The acknowledgment shall be retained by outside counsel for the Receiving Party.

c. If, within five business days, the outside counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon request by the Receiving Party pursuant the assigned district judge's procedures for the raising of such matters. Before seeking such relief, outside counsel for the Receiving Party shall meet and confer

with outside counsel for the Producing Party in a good faith effort to resolve their differences.

       d.    Any Party seeking such an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the confidentiality designation and explaining the harm that would result from the requested disclosure.

      15.    The following provisions shall control the dissemination of CONFIDENTIAL INFORMATION to consultants and experts:

       a.    A party proposing to show CONFIDENTIAL INFORMATION to a consultant or expert per Paragraph 10(c) or 11 shall first submit the signed acknowledgment attached hereto as Exhibit A, and a curriculum vitae (a "C.V.") to the other party. The C.V. must include or be accompanied by a document setting forth the consultant's or expert's name, current business affiliation and address, and any known present or former relationships between the consultant or expert and the parties to this Action. The requirements of prior disclosure in this provision will not be a basis for seeking discovery from a non-testifying consultant or expert.

       b.    A party proposing to show information designated BMS CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL EYES ONLY to a consultant or expert per Paragraph 12(b) shall first submit to BMS the signed acknowledgment attached hereto as Exhibit A; a C.V. meeting the requirements set forth in Paragraph 15(a) above; and any known present or former relationships between the consultant or expert and BMS.

       c.    Such consultants and experts for the parties shall be entitled to use staff, assistants and clerical workers as they normally do in organizing documents, preparing opinions and doing the other analysis and investigation necessary to assist the experts in completing their assignments.

       d.    If a party or non-party receiving a notice pursuant to this

Paragraph objects to any CONFIDENTIAL INFORMATION being disclosed to the selected consultant or expert, pursuant to this Order, such party or non-party shall make its objections known in writing to the sender of the notice within seven business days of receipt of the written notification required by this section. Such objection must be for good cause, stating with particularity the reasons for the objection. CONFIDENTIAL INFORMATION may be disclosed to the consultant or expert if the seven business day period has passed and no objection has been made. If an objection is made, then within seven business days of receipt of an objection, the parties shall meet and confer to attempt to resolve their dispute. If the parties or non-parties are unable to resolve their objections, the party or non-party making the objection has seven business days after the meet and confer to deliver the moving party's portion of the Joint Stipulation, pursuant to C.D. Cal. Local Civil Rule 37-2. If the party or non-party making the objection delivers such portion of the Joint Stipulation, the intended disclosure shall not be made unless and until the Court enters an order authorizing such disclosure. If the moving party or non-party does not deliver its portion of the Joint Stipulation within the above seven business days, the objection shall be deemed to have been withdrawn. The party or non-party making the objection shall have the burden of proof that the intended disclosure should not occur. If a timely written notice of objection is provided, no CONFIDENTIAL INFORMATION shall be disclosed to the selected consultant or expert until the objection is resolved by an order of the Court or by an agreement among the parties involved.

e.    Each person authorized to receive CONFIDENTIAL INFORMATION under this Order (excluding Outside Counsel, Judges, Magistrate Judges, judicial law clerks, clerical personnel of the Court before which this Action is pending, qualified court reporters, and non-party contractors and their employees involved solely in document management, delivery or copying services for this

Action) to whom CONFIDENTIAL INFORMATION is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form attached as Exhibit A. Outside counsel to whom CONFIDENTIAL INFORMATION is produced shall keep in his or her files an original of each such executed Acknowledgment of Protective Order until sixty calendar days after the final termination of this Action. Upon final termination of this Action and at the written request of the Producing Party, all such executed agreements shall be provided to outside counsel for the Producing Party.

16.     All CONFIDENTIAL INFORMATION disclosed by a Producing Party shall be held in confidence by the Receiving Party, and shall be used by the Receiving Party solely for matters related to the prosecution or defense of the claims in this Action, and for no other purpose whatsoever, whether directly or indirectly, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

17.     Each person receiving CONFIDENTIAL INFORMATION shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If CONFIDENTIAL INFORMATION is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to retrieve the improperly disclosed CONFIDENTIAL INFORMATION and prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

18.     Absent written consent from the Producing Party, Designated In-House Counsel shall have no involvement in the Prosecution of any patent or patent application relating to chimeric antigen receptor T cell therapy ("Patent

Prosecution Activities") from the time of receipt of any CONFIDENTIAL INFORMATION through and including two years following (a) the entry of a final, non-appealable judgment or order in the liability phase of this Action, or (b) the complete settlement of all claims against all parties in this Action, whichever is later. "Prosecution" as used in this Paragraph means direct participation in drafting, amending, modifying or advising regarding the drafting or amending of patent claims or participation in domestic and/or foreign patent office correspondences in connection with such activities or fee payments related to any such activities. "Prosecution" does not include representing a party in connection with a challenge to or in defense of a patent before a domestic or foreign agency (including, but not limited to, an opposition proceeding, a reissue proceeding, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, or other post-grant review), provided such representation shall still prohibit a person from participating in the drafting, amendment, modification, or addition of patent claims in the context of an *inter partes* review and/or a challenge to a patent or patent application before a domestic or foreign agency. For the avoidance of doubt, it is agreed and understood that subordinates of individuals who receive access to ATTORNEYS' EYES ONLY INFORMATION may engage in patent prosecution relating to chimeric antigen receptor T cell therapy so long as the individuals who receive access to ATTORNEYS' EYES ONLY INFORMATION do not personally participate in such prosecution and do not communicate any confidential information learned during this Action to such subordinates for any purpose relating to such prosecution.

19.     A Producing Party, on its own initiative or at the request of any other party, may remove the designation CONFIDENTIAL INFORMATION.

20.     This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of whether any particular item should

no longer be designated as CONFIDENTIAL INFORMATION under the terms of this Order. If counsel for a Receiving Party objects to documents or information designated as such, the following procedure shall apply:

a. Counsel for the Receiving Party shall serve on the Producing Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Producing Party shall respond in writing to such objection within fourteen calendar days, and shall state with particularity the grounds for asserting that the document or information is CONFIDENTIAL INFORMATION. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Producing Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute within five business days.

b. If a dispute as to the designation of a document or item of information as CONFIDENTIAL INFORMATION cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute in accordance with the Local Rules and the Court's Discovery Order in this Action. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

c. In any motion challenging the classification, the Producing Party shall have the burden of establishing the need for classification as CONFIDENTIAL INFORMATION.

21. Any party may reasonably request, in writing, that a party filing or serving a paper in this Action, such as an expert report or motion, that is marked as CONFIDENTIAL INFORMATION shall produce to the other side a redacted copy of such paper, removing the information that has been designated as

CONFIDENTIAL INFORMATION. Such redacted copy shall be provided within five calendar days of such request or otherwise at a date agreed upon by the parties.

22. This Order shall be effective on the date of its entry by the Court. However, to the extent that any party has produced documents in this Action prior to the entry of this Order that it has indicated contain or pertain to confidential information, those documents will be treated as having been produced marked CONFIDENTIAL INFORMATION pending any re-designation pursuant to this Order.

23. Whenever a deposition taken on behalf of any party involves a disclosure of CONFIDENTIAL INFORMATION of any party:

a. said deposition or portions thereof shall be designated as containing CONFIDENTIAL INFORMATION subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing CONFIDENTIAL INFORMATION after transcription of the proceedings;

b. the Producing Party shall have the right to exclude from attendance at said deposition, during such time as the CONFIDENTIAL INFORMATION is to be disclosed, any person not authorized to receive such CONFIDENTIAL INFORMATION pursuant to this Order; and

c. the originals of said deposition transcripts and all copies thereof shall bear the legend CONFIDENTIAL INFORMATION.

24. Before any CONFIDENTIAL INFORMATION is filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law, including relevant local rules, with respect to filing documents under seal in this Court. The party filing any material pursuant to this paragraph shall also file with the Court and make publicly available at the same time a

redacted version that deletes or obscures any CONFIDENTIAL INFORMATION.

25.     This Protective Order is intended to be an Order within the meaning of Federal Rule of Evidence 502(d). The production or disclosure of any information (including documents) in this action that a Producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection. A party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. If a receiving party receives information that the receiving party believes may be subject to a claim of privilege or protection from discovery, the receiving party shall promptly identify the information to the Producing Party. When a Producing Party identifies such information as privileged or protected, a receiving party:

a.      shall not use, and shall immediately cease any prior use of, such information;

b.      shall take reasonable steps to retrieve the information from others to which the receiving party disclosed the information;

c.      shall within five (5) business days of the Producing Party's request:

i.      return the information and all copies thereof to the Producing Party; or

ii.      destroy and confirm to the Producing Party in writing that the information and all copies thereof have been destroyed, except that information existing on disaster recovery backup systems that will be deleted or overwritten in the normal course need not be returned or destroyed.

26.     No one shall use the fact or circumstances of production of the

information in this action to argue that any privilege or protection has been waived. After a Producing Party or receiving party identifies the information, the receiving party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action. The Producing Party and the receiving party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

27. Nothing in this Order, nor any designation or failure to make any designation of confidentiality hereunder, shall be used or characterized by any party as an admission by a party or a party opponent.

28. The parties agree that a designation of information as CONFIDENTIAL INFORMATION, is not intended to be and shall not be construed as an admission that the CONFIDENTIAL INFORMATION is relevant to any claim or defense or subject to an applicable privilege or protection.

29. Nothing in this Order shall be deemed an admission that any particular CONFIDENTIAL INFORMATION is entitled to protection under this Order, Rule 26(c) of the Federal Rules of Civil Procedure, or any other law.

30. Nothing in this Order shall require disclosure of information, documents or things which a party contends is protected from disclosure by the attorney-client privilege or the work-product doctrine, or any other applicable privilege or immunity. This Order will not preclude any party from moving the Court for an order directing the disclosure of such information, documents or things.

31. Nothing in this Order shall bar counsel from rendering advice to

their clients with respect to this Action and, in the course thereof, relying upon any information designated as CONFIDENTIAL INFORMATION, provided that the contents of the information shall not be disclosed.

32. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of CONFIDENTIAL INFORMATION. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

33. Drafts of expert reports and notes or outlines for draft reports shall not be discoverable by any party and do not need to be identified on a privilege log. Communications between experts and counsel relating to the preparation of expert reports shall not be discoverable and do not need to be identified on a privilege log, except that any facts and/or documents provided to an expert, on which the expert relies, whether from counsel or any other source, and the source of those documents and/or information are discoverable. Similarly, privileged communications (including any notes and memoranda) do not need to be identified on a privilege log if they (a) involve a Party's outside counsel in this Action or a Related Action and (b) occurred during the pendency of or in reasonable anticipation of this Action or a Related Action. The materials, communications and other information exempt from discovery under the foregoing sentences shall be treated as protected by the attorney-client privilege and/or attorney work product doctrine.

34. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this Action. The marking of CONFIDENTIAL INFORMATION pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this Action pursuant to such

terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of CONFIDENTIAL INFORMATION.

35. No reference may be made at the trial in this Action, in the presence of a jury, to the existence of this Order or to the effect that certain material is subject to this Order.

36. Upon final termination of this Action, all persons subject to the terms hereof shall use commercially reasonable efforts to collect and return to the respective parties all CONFIDENTIAL INFORMATION and all copies, excerpts, and summaries thereof within 60 calendar days of final termination of this Action (including any appeals), including all copies of such designated materials which may have been made. Alternatively, all persons subject to the terms of this Order may elect to destroy such materials and documents. Notwithstanding the foregoing, Outside Counsel for deponents or each party may retain: one paper copy of all court pleadings and briefs containing such designated materials; one paper copy of all deposition transcripts and deposition exhibits containing such designated materials; paper copies of attorney work product or other documents incorporating or referring to such designated materials; and Outside Counsel's electronic files other than the production sets of documents and things. All such documents retained by Outside Counsel shall remain subject to the terms of this Protective Order. The commercially reasonable efforts contemplated by this paragraph do not require the return or destruction of materials that (a) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (b) are located in the email archive system or archived electronic files of departed employees, (c) are subject to litigation hold obligations,

or (d) are otherwise required by law to be retained. The fulfillment of the obligations imposed by this paragraph, whether by return, destruction, or both, shall be certified in writing by the Receiving Party within sixty calendar days.

37.     All obligations and duties arising under this Order shall survive the termination of this Action. The Court retains jurisdiction indefinitely over the parties, and any persons provided access to CONFIDENTIAL INFORMATION under the terms of this Order, with respect to any dispute over the improper use of such designated materials.

38.     The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated CONFIDENTIAL INFORMATION; (b) is already public knowledge; (c) has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

39.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any CONFIDENTIAL INFORMATION with anyone if that person already has or obtains legitimate possession thereof.

40.     Nothing herein shall be construed to limit in any way a party's use of its own CONFIDENTIAL INFORMATION.

41.     In the event that a new party is added, substituted or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

42.     If discovery is sought of a person not a party to this Action requiring disclosure of such non-party's CONFIDENTIAL INFORMATION, the CONFIDENTIAL INFORMATION disclosed by any such non-party will be

accorded the same protection as the parties' respective CONFIDENTIAL INFORMATION, and will be subject to the same procedures as those governing disclosure of the Parties' respective CONFIDENTIAL INFORMATION pursuant to this Order.

43.     During the course of this Action, a party may be requested to produce to another party information subject to contractual or other obligations of confidentiality owed to a non-party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the information under the terms of this Order. If the non-party is willing to permit such disclosure, the information shall be produced in accordance with this Order. If the non-party is not willing to permit disclosure of the information under the terms of this Order, the Requesting Party in the Action shall be notified and any information withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the non-party to whom the obligation of confidentiality is owed. This Order shall not preclude any party from seeking an order compelling production of such information.

44.     Nothing herein shall be construed to prevent disclosure of CONFIDENTIAL INFORMATION if such disclosure is required by law or by order of the Court. In the event that a Producing Party's CONFIDENTIAL INFORMATION is sought from a Receiving Party by any person not a party to this Action, by subpoena, by service with any legal process, by order or otherwise, prompt written notice shall be given to the Producing Party. Such notice shall include a copy of such subpoena, legal process or order. If the Producing Party does not move to quash and/or for a protective order within the time allowed for production by the subpoena or other request (or within such times as a court may

direct or as may be agreed upon by the parties) or notifies the Receiving Party in writing that it will not file a motion, the Receiving Party may disclose information in response to the subpoena or other request. The Receiving Party will not produce any of the CONFIDENTIAL INFORMATION while a Producing Party's motion to quash or for a protective order is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of the CONFIDENTIAL INFORMATION that is subject to this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action. Nothing in this Order shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of CONFIDENTIAL INFORMATION covered by this Order or to subject itself to penalties for non-compliance with any subpoena, legal process or order. Any persons seeking such CONFIDENTIAL INFORMATION who take action to enforce such subpoena or other legal process shall be apprised of this Order.

45.     Transmission by facsimile and/or e-mail is acceptable for all notification purposes herein.

46.     To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

47.     This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information, or to seek relief from the production or disclosure of any information in this action that a Producing Party later claims should not have been produced. On any request seeking

disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

48.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's CONFIDENTIAL INFORMATION pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.


IT IS SO ORDERED.

DATED:  May 7, 2019


_____
Hon. Karen L. Stevenson
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH<br><br>    Plaintiffs/<br>    Counterclaim Defendants,<br><br>  vs.<br><br>KITE PHARMA, INC.,<br><br>    Defendant/<br>    Counterclaim Plaintiff. | CASE NO.: 17-cv-07639-SJO-KS<br><br>**EXHIBIT A TO PROPOSED AMENDED PROTECTIVE ORDER**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Judge: Hon. S. James Otero |

I, _____, hereby acknowledge and agree that:

1.    My address is _____.

2.    My present employer(s) is/are _____.

3.    My present occupation(s) or job description(s) is/are _____ _____.

4.    I have read and understood the provisions of the Amended Protective Order in this case signed by the Court in the above-captioned matter, and I will comply with all provisions of the Amended Protective Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the Amended Protective Order any CONFIDENTIAL INFORMATION or any words, summaries, abstracts, or indices of such information disclosed to me.

6.    I will limit use of designated information disclosed to me solely for purpose of this action pursuant to the provisions of the Amended Protective Order.

7.    No later than the final conclusion of the case, I will destroy or return all designated materials and information, as well as all summaries, excerpts, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

**I declare under penalty of perjury that the foregoing is true and correct.**

_____          _____
        Dated                       Signature