Morgan Chu (SBN 70446)
mchu@irell.com
Alan J. Heinrich (SBN 212782)
aheinrich@irell.com
C. Maclain Wells (SBN 221609)
mwells@irell.com
Elizabeth C. Tuan (SBN 295020)
etuan@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Andrea Weiss Jeffries (SBN 183408)
ajeffries@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

*[List of counsel continues on next page]*

*Attorneys for Plaintiffs*
JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, and SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KITE PHARMA, INC.,<br><br>Defendant. | Case No. 2:17-cv-07639-SJO-KSx<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER OF SEPTEMBER 27, 2019 (DKT. NO. 246)**<br><br>Hon. S. James Otero |
| AND RELATED COUNTERCLAIMS | Date: November 12, 2019<br>Time: 10:00 am<br>Place: Courtroom 10C |

Rebecca Carson (SBN 254105)
rcarson@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone (949) 760-0991
Facsimile: (949) 760-5200

Christopher J. Harnett (*Pro Hac Vice*)
charnett@jonesday.com
Sarah A. Geers (*Pro Hac Vice*)
sgeers@jonesday.com
Kevin V. McCarthy (*Pro Hac Vice*)
kmccarthy@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Plaintiffs*
JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, and SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. LEGAL STANDARD FOR A MOTION TO RECONSIDER ........ 1

III. ARGUMENT ........ 2

A. The Order Incorrectly States That Plaintiffs "Do Not Dispute" That Prosecution History Estoppel Applies ........ 2

B. The Order Fails To Address Juno's Arguments Regarding Rebuttal Of Any Presumption Of Estoppel ........ 3

1. The Order Fails To Address Juno's Arguments Regarding The "Tangential" Exception, And Recent Federal Circuit Decisions Confirm The Importance And Applicability Of This Exception Here ........ 4

2. The Order Fails To Analyze The "Some Other Reason" Exception ........ 6

IV. CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ajinomoto Co. v. Int'l Trade Comm'n*,
932 F.3d 1342 (Fed. Cir. 2019) .......... 5

*Eli Lilly & Co. v. Hospira, Inc.*,
933 F.3d 1320 (Fed. Cir. 2019) .......... 5

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
344 F.3d 1359 (Fed. Cir. 2003) (en banc) .......... 3, 5

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
535 U.S. 722 (2002) .......... 1, 3

*Hullinger v. Anand*,
No. 15-cv-07185-SJO-FFMx, 2016 WL 4409196 (C.D. Cal. Aug. 11, 2016) .......... 1

*United States ex rel. Cal. v. City of L.A.*,
No. 02-cv-02278-SJO-RZx, 2009 WL 10672350 (C.D. Cal. June 5, 2009) .......... 2

**OTHER AUTHORITIES**

Local Rule 7-18 .......... 1, 2

## I. INTRODUCTION

Plaintiffs (collectively, "Juno") move, under Local Rule 7-18, for reconsideration of the part of the Court's September 27, 2019 Order granting Defendant Kite summary judgment of no infringement under the doctrine of equivalents based on prosecution history estoppel. Dkt. No. 246 at 1, 7-9. Reconsideration is appropriate because the Court mistakenly stated that "Plaintiffs do not dispute" that prosecution history estoppel applies, *id.* at 9, and failed to address Juno's arguments regarding two exceptions that would rebut any presumption of estoppel.

The Court's determination of prosecution history estoppel rests solely upon a finding that the May 10, 2006 claim amendment made during prosecution of the '190 patent was for "a substantial reason related to patentability" and narrowed the claim scope. *Id.* at 8-9. Narrowing amendments made for reasons of patentability, however, do not automatically give rise to prosecution history estoppel—they create only a ***presumption*** of estoppel. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736, 740-41 (2002). And, that presumption may be rebutted in a variety of ways. *Id.* at 740-41. Juno extensively briefed two of those rebuttals, citing to facts that show their applicability here: (1) "the rationale underlying the amendment may bear no more than a tangential relation to the equivalent in question"; and (2) "there may be some other reason" that would rebut the presumption. *Id.*; *see* Dkt. No. 130 at 17-20; Dkt. No. 155 at 7. The Order did not address these critical issues and therefore did not consider material facts. Accordingly, reconsideration is appropriate.

## II. LEGAL STANDARD FOR A MOTION TO RECONSIDER

Reconsideration is appropriate where "the district court is presented with newly discovered evidence, *committed clear error*, or if there is an intervening change in the controlling law." *Hullinger v. Anand*, No. 15-cv-07185-SJO-FFMx, 2016 WL 4409196, at *2-3 (C.D. Cal. Aug. 11, 2016) (emphasis added) (quoting *399 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (granting reconsideration

because of clear errors in prior decision); *see also United States ex rel. Cal. v. City of L.A.*, No. 02-cv-02278-SJO-RZx, 2009 WL 10672350, at *4 (C.D. Cal. June 5, 2009) (granting reconsideration "in light of the fact that the Court did not previously consider [certain] material facts"). Local Rule 7-18 governs such motions:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) *a manifest showing of a failure to consider material facts presented to the Court before such decision*. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18 (emphasis added); *see also* Dkt. No. 12 (Standing Order) at A-6 ¶ 17.

## III. ARGUMENT

The September 27 Order warrants partial reconsideration.

### A. The Order Incorrectly States That Plaintiffs "Do Not Dispute" That Prosecution History Estoppel Applies

After finding the May 10, 2006 amendment narrowing and for reasons related to patentability, the Order states that "Plaintiffs do not dispute … that prosecution history estoppel applies." Dkt. No. 246 at 9. Juno did, however, expressly dispute the applicability of prosecution history estoppel. In specific section headings and arguments, Juno's briefing in opposition to Kite's motion explained that, even on the assumption that this amendment had been narrowing, "the equitable doctrine of prosecution history estoppel is ***inapplicable*** here." Dkt. No. 130 at 16 (heading) (capitalization altered; emphasis added); *accord id.* at 18 ("even if there had been … [a] presumptive application of prosecution history estoppel (***which there was not***) …"

(emphasis added)); Dkt. No. 155 at 7 (Juno's sur-reply briefing "the ***inapplicability*** of prosecution history estoppel" (heading) (capitalization altered; emphasis added)). Reconsideration is therefore appropriate to correct the record and, as shown below, to address the two express exceptions that rebut any presumption of prosecution history estoppel in this case.*

### B. The Order Fails To Address Juno's Arguments Regarding Rebuttal Of Any Presumption Of Estoppel

As the Order correctly recognizes, "[i]f the patentee narrowed the scope of the asserted patent's claims in response to a prior art rejection, a ***presumption*** of prosecution history estoppel applies, ***which may be rebutted***[.]" Dkt. No. 246 at 4 (emphases added) (citing *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1369 (Fed. Cir. 2003) (en banc)). Without consideration of rebuttal arguments, amendment would result in a "complete bar" to the doctrine of equivalents, which the Supreme Court emphatically rejected in *Festo*. 535 U.S. at 737. The parties do not dispute this well-established point of law. *See* Dkt. No. 121 (Kite's motion) at 15; Dkt. No. 130 (Juno's opposition) at 18.

Nor do the parties dispute that *Festo* sets forth several exceptions to overcome any presumption of prosecution history estoppel. *See* Dkt. No. 121 at 15; Dkt. No. 130 at 18. In specific headings and arguments, Juno raised two exceptions applicable here (in the event that the Court found the May 10, 2006 amendment to invoke a presumption of prosecution history estoppel): (1) the "tangential" exception; and (2) the "some other reason" exception. Dkt. No. 130 at 17-20; Dkt. No. 155 at 7.

The Order, however, fails to address Juno's arguments on these exceptions, essentially adopting an impermissible "complete bar." Based only upon a finding that

---

* Juno preserves its arguments that a presumption of prosecution history estoppel does not arise in this case for reasons of equity, *see* Dkt. No. 130 at 16-17, but Juno limits its request for reconsideration to the two "exceptions" if a presumption of prosecution history estoppel does apply.

"the patentee did surrender claim scope during prosecution," the Order concludes that this finding alone "preclud[es] the application of the DoE." Dkt. No. 246 at 9. Nowhere does the Order address whether the *Festo* exceptions, which were briefed and argued by Juno as well as Kite, operate to rebut any presumption of prosecution history estoppel. That clear legal error warrants reconsideration.

**1. The Order Fails To Address Juno's Arguments Regarding The "Tangential" Exception, And Recent Federal Circuit Decisions Confirm The Importance And Applicability Of This Exception Here**

The issue of the doctrine of equivalents before the Court turns on a single amino acid in the extracellular region of CD28: namely, the issue is whether a sequence comprising amino acids 114-220 of CD28 is equivalent to a sequence that is a single amino acid longer, comprising amino acids 113-220. Juno explained that the "rationale underlying the May 10, 2006 amendment on which Kite focuses bore no more than a tangential relation to the equivalent in question," which overcomes any presumption of estoppel. Dkt. No. 130 at 18 (internal quotation marks and brackets omitted); *see also id.* at 18-20. As Juno explained, the "tangential" exception applies here because "the examiner's rejections that prompted [the] May 10, 2006 amendment," which concerned intracellular domains and generic costimulatory signaling regions, "did not relate, in any way, to the difference between" a sequence having amino acids 113-220 of CD28 (the sequence as originally issued) and the "equivalent" in question of a sequence having amino acids 114-220 of CD28. *Id.* at 18-19. The Order, however, is completely silent on this critical issue concerning an established exception to a presumption of prosecution history estoppel.

The Order also overlooks that the only POSITA to opine on the issue of whether the May 10, 2006 amendment was tangential to the claimed equivalent was Juno's expert, Dr. Brocker. Dr. Brocker explained that the amendment was unrelated to the amino acid strings 113-220 or 114-220 and concluded that the applicant "made no amendment (or argument) that relinquished" an equivalent turning on the single

amino acid difference in question. Dkt. No. 155 at 7 (citing Dkt. No. 134 ¶¶ 40-55); *see also* Dkt. No. 130 at 18-20 (citing Dkt. No. 134 ¶¶ 13-14, 41-54). Kite, by contrast, submitted no expert testimony in support of its arguments or in rebuttal to Juno's, as Juno noted. *See* Dkt. No. 155 at 7 ("Kite offers no evidence in rebuttal" to Dr. Brocker's testimony). "[T]estimony from those skilled in the art as to the interpretation of" prosecution history is relevant to assessing "whether an amendment was merely tangential to an alleged equivalent." *Festo*, 344 F.3d at 1370. The Order, however, omits consideration of the critical facts presented by Dr. Brocker's testimony, the only evidence (as opposed to argument) on this issue.

Two recent decisions by the Federal Circuit, issued within the same week (and after summary judgment briefing here was complete), reinforce the importance of the "tangential" exception and the need for it to be addressed when raised. *See Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1331-34 (Fed. Cir. 2019); *Ajinomoto Co. v. Int'l Trade Comm'n*, 932 F.3d 1342, 1354-56 (Fed. Cir. 2019). In each decision, the Federal Circuit sided with the patentee in holding that the exception applied to overcome the presumption of prosecution history estoppel. *See Lilly*, 933 F.3d at 1331-34; *Ajinomoto*, 932 F.3d at 1354-56.

*Lilly* is particularly instructive. In *Lilly*, the Federal Circuit rejected the defendants' view that "the tangential exception is very narrow," and likewise "decline[d]" to adopt their position (also urged by Kite here, *see* Dkt. No. 121 at 18) that the exception does not apply "where the reason for the amendment and the equivalent in question both relate to the same claim element." *Lilly*, 933 F.3d at 1331, 1333 (internal quotation marks omitted). "[S]uch a bright-line rule is both contrary to the equitable nature of prosecution history estoppel, as articulated" by the Supreme Court in *Festo*, "and inconsistent with the equitable spirit that animates the doctrine of equivalents." *Id.* Rather, as the Federal Circuit reiterated, "whether an amendment was merely tangential to an equivalent must be decided in the context of the invention disclosed in the patent and the prosecution history." *Id.*

Reconsideration is warranted for the Court to address the overlooked issue and facts regarding the applicability of the "tangential" exception in the context here, to overcome any presumption of prosecution history estoppel.

#### 2. The Order Fails To Analyze The "Some Other Reason" Exception

As with the "tangential" exception, the Order likewise fails to analyze whether the "some other reason" exception applies. As Juno explained, "the unique circumstances" in this case provide ample "reason" to not apply prosecution history estoppel—specifically, rather than "disavowing the equivalent in question" that includes amino acids 114-220 (and not amino acid 113) of CD28, the applicant "actively attempted to ***claim*** it" during prosecution. Dkt. No. 130 at 20. There was an "error in the originally-filed sequence listing for SEQ ID NO:6" for which the patent attorney filed an RCE to correct, but the final submission inadvertently reverted back to the originally-filed sequence. *Id.* at 1-2.

In circumstances like these, where the patentee actively tried to claim the insubstantial equivalent at issue during prosecution, but that equivalent was omitted due to an inadvertent clerical error, it would be inequitable to estop the patent holder from asserting the doctrine of equivalents. *Id.* at 1-2, 20. Reconsideration is appropriate for the Court to address this additional overlooked issue and its underlying critical facts regarding whether the "some other reason" exception applies.

## IV. CONCLUSION

For the foregoing reasons, Juno respectfully requests that the Court reconsiders its September 27 Order granting summary judgment of non-infringement under the doctrine of equivalents. The question of whether Kite infringes under the doctrine of equivalents should be presented to the jury and, as needed, Kite may raise prosecution history estoppel on a motion for judgment as a matter of law, where the issues, including the exceptions raised by Juno, can be decided on a full record.

Dated: October 14, 2019

Respectfully submitted,

By: */s/ Andrea W. Jeffries*

Andrea W. Jeffries (SBN 183408)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:(213) 489-3939
Facsimile: (213) 243-2539

Morgan Chu (SBN 70446)
Alan J. Heinrich (SBN 212782)
C. Maclain Wells (SBN 221609)
Elizabeth C. Tuan (SBN 295020)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:(310) 277-1010
Facsimile: (310) 203-7199

Rebecca Carson (SBN 254105)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone (949) 760-0991
Facsimile: (949) 760-5200

Christopher J. Harnett (*Pro Hac Vice*)
Sarah A. Geers (*Pro Hac Vice*)
Kevin V. McCarthy (*Pro Hac Vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:(212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Plaintiffs*
*Juno Therapeutics, Inc., Memorial Sloan Kettering Cancer Center, and Sloan Kettering Institute for Cancer Research*

## CERTIFICATE OF SERVICE

A copy of the foregoing document was electronically filed with the Court this 14th day of October, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Andrea W. Jeffries*
Andrea W. Jeffries