# EXHIBIT P

```
 1                    UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

 3

 4    JUNO THERAPEUTICS, INC.,              Case No.
      MEMORIAL SLOAN KETTERING              2:17-cv-7639-SJO-KS
 5    CANCER CENTER, AND SLOAN
      KETTERING INSTITUTE FOR CANCER
 6    RESEARCH,

 7           Plaintiffs,

 8        vs.

 9    KITE PHARMA, INC.,

10           Defendant.
      _____
11
      AND RELATED COUNTERCLAIMS
12    _____

13

14

15

16

17     VIDEO-RECORDED DEPOSITION OF RYAN SULLIVAN, PH.D.

18          FRIDAY, JUNE 21, 2019, 9:40 A.M.

19                 SAN DIEGO, CALIFORNIA

20

21

22

23              Reported Stenographically by

24          Harry Alan Palter, CSR No. 7708

25
```



```
 1   upon how and in what way that would be different.
 2   You know, for example -- you know -- one
 3   interpretation of your question is that there's not
 4   infringement.  And if there's not infringement, my
 5   understanding is that there would not be damages.           10:18:44
 6   BY MR. VINCENT:
 7        Q    Let's assume for now that there's
 8   infringement, but it's not true that the therapeutic
 9   value of YESCARTA is attributable to the '190
10   patent.  How would that change your opinion?               10:19:06
11             MR. HEINRICH:  Vague and ambiguous and
12   incomprehensible.
13             THE WITNESS:  It would depend upon in
14   what way it's not.
15             You know, I can't answer that in a vacuum        10:19:18
16   without understanding what is meant, or what is
17   different.
18   BY MR. VINCENT:
19        Q    What -- what information would you need
20   to know?                                                    10:19:29
21             MR. HEINRICH:  Vague and ambiguous.
22             THE WITNESS:  What the different set of
23   facts are.
24             I mean, there's a whole host of facts and
25   information here.                                           10:19:43
```



```
 1              I mean, I -- earlier, for example, I was
 2   explaining about parts of my report that look at
 3   this from an economic perspective and -- you know --
 4   the importance, for example, of this particular
 5   patent to Kite.  For example, them seeking a license      10:19:56
 6   back in the, roughly, 2013 time period to this
 7   patent and then thereafter, they -- when they didn't
 8   get the patent, they filed an IPR.  And then they
 9   went ahead, and they have based, basically, their
10   entire pipeline on the construct that is claimed by      10:20:21
11   the '190 patent.
12              Those are all, you know, additional
13   reasons to understand that the '190 patent is
14   providing very significant value to Kite and to
15   YESCARTA.                                                 10:20:40
16   BY MR. VINCENT:
17       Q    Would you agree that the primary focus in
18   determining reasonable royalty damages is to
19   ascertain the economic value of the patented
20   functionality relative to the unpatented                 10:20:52
21   functionality of the accused products?
22              MR. HEINRICH:  Objection.  Vague.
23              THE WITNESS:  Could you ask that again?
24   BY MR. VINCENT:
25       Q    Yeah.                                            10:20:59
```

