JEFFREY I. WEINBERGER (State Bar No. 56214)
jeffrey.weinberger@mto.com
TED DANE (State Bar No. 143195)
ted.dane@mto.com
GARTH T. VINCENT (State Bar No. 146574)
garth.vincent@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter.gratzinger@mto.com
ADAM R. LAWTON (State Bar No. 252546)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

GEOFFREY D. BIEGLER (State Bar No. 290040)
biegler@fr.com
GRANT T. RICE (admitted *pro hac vice*)
rice@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:   (858) 678-5070
Facsimile:    (858) 678-5099

Attorneys for Defendant-Counterclaimant
KITE PHARMA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>vs.<br><br>KITE PHARMA, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-7639-SJO-KS<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KITE PHARMA, INC.'S MOTION *IN LIMINE* (NO. 1) TO EXCLUDE DAMAGES OPINIONS OF RYAN SULLIVAN, PH.D.**<br><br>Judge:  Hon. S. James Otero<br>Date:    November 26, 2019<br>Time:    9 A.M.<br>Ctrm.:   10C<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

## I.     INTRODUCTION

On November 6, 2019, the Court issued an order granting in part Kite's motion to dismiss Plaintiffs MSKCC and Juno ("Order").   The Court dismissed MSKCC, and granted Juno leave to file a supplemental complaint "containing allegations directed to the October 2018 Agreement, and its subsequent conferral of standing upon Juno, **for the purpose of a proper hypothetical negotiation**."  Dkt. 304 (Order) at 17 (emphasis added).  Because the Order issued after the parties filed motions *in limine*, Kite respectfully submits this supplemental brief in support of its motion to exclude certain damages opinions of Dr. Sullivan.

Significant aspects of Dr. Sullivan's opinions on damages rely on Juno being a party to the hypothetical negotiation, including the "CAR-T Developer" and "Kite Competition" adjustments that quadruple his royalty rates and upfront payments. Because Kite's motion to dismiss was pending at the time of his report, Dr. Sullivan had the opportunity to consider its effects.  He opined, however, that his opinions would ████████████ if the motion was granted because ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████ Dkt. 311-1 (SR) ¶ 61.  Dr. Sullivan's opinion that ████████████████████████████████ has no factual or legal basis.  It should be excluded, together with his competition adjustments and other aspects of his report that depend on Juno as a party to the hypothetical negotiation.

## II.     ARGUMENT

### A.     SKI Would Not ████████████████████████

Dr. Sullivan's justification for ignoring the actual parties to the hypothetical negotiation is not an economic but a legal one, and is replete with errors.  At the time of the hypothetical negotiation, SKI ████████████████████ ████████████████████████████████████████████████████████

1    ██████████ Order at 13.  SKI and MSKCC are *not* related entities, much less

2    are they "sister entities" with common ownership.[1]  *See* Ex. .  Dr. Sullivan has no

3    factual or legal basis to ignore the fact that the true parties to the hypothetical

4    negotiation were SKI and Kite.

5        Far from ██████████████████████████, SKI would have had divergent

6    interests from Juno at the time of the hypothetical negotiation.  By 2017, Juno had

7    abandoned its own efforts to commercialize the '190 Patent, and Kite was its best

8    opportunity for earning a royalty.  Thus, the hypothetical negotiation would have

9    focused, as it should, on a fair price for the incremental value of SKI's contribution

10   to YESCARTA®.  Dr. Sullivan's assertion that ██████████████████████

11   ████████████████████████ is a legal conclusion that Dr. Sullivan as

12   an economist is not qualified to give, is not based on any facts, and is inconsistent

13   with the Court's Order.  It should be excluded.  *See* Fed. R. Evid. 702; *see also, e.g.,*

14   *See, e.g.*, *Warsaw Orthopedic, Inc. v. Nuvasive, Inc.*, 2016 WL 4536740, at *5-6

15   (S.D. Cal. June 15, 2016) (striking expert report that placed plaintiff at hypothetical

16   negotiation because plaintiff did not acquire patents until later); *Oracle Am., Inc. v.*

17   *Google Inc.*, 798 F. Supp. 2d 1111, 1117 (N.D. Cal. 2011) ("injecting [plaintiff] into

18   the bargaining room was wrong" because plaintiff was not a patentee).

19       While a subsidiary in the hypothetical negotiation may consider the

20   *commercial* interests of its *corporate parent*, *see Union Carbide v. Shell Oil*, 425

21   F.3d 1366, 1378 (Fed. Cir. 2005), the Federal Circuit has never hinted that a

22   patentee may consider the *hypothetical legal liabilities* of *some other party*.  To hold

23   otherwise would require a trial-within-a-trial on a hypothetical claim by Juno

24   against a non-party, and the purported responsibility of an independent nonprofit

25   corporation for that liability.  The Court's ruling on standing, and the corporate

26   form, cannot be ignored for purposes of damages.  *See, e.g., Spine Sols., Inc. v.*

27   _____

28   [1] *See* Order at 10 ("MSKCC and SKI are separate nonprofit entities, each with its own business registration number and set of bylaws"); *id.* at 13 ("[T]he two are separate corporations who have their own independent operations.").

1    *Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1318 (Fed. Cir. 2010),

2    *abrogated on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct.

3    1923 (2016) (patentee could not recover lost profits of sister company that lacked

4    standing).   Dr. Sullivan cannot turn Kite into the liability insurer of MSKCC by

5    inflating his royalty to astronomical amounts to mitigate legal risks to MSKCC.

6        **B.    Opinions That Depend On Juno's Presence Should Be Excluded**

7        Because Dr. Sullivan has no basis to opine that SKI would █████████

8    ███████████   it follows that Dr. Sullivan's reliance on Juno's commercial interests

9    at the hypothetical negotiation is also without basis.   Thus, the Court's ruling on

10   standing provides additional reasons beyond those addressed in Kite's opening brief

11   to exclude Sullivan's quadrupling of upfront payments and royalty rates through the

12   "CAR-T developer adjustment" and "Kite competition adjustment," which are

13   premised on the assumption that Juno is the licensor.  Dkt. 311-1(SR) ¶¶ 218-230.

14   The Court's ruling also provides additional reasons to exclude Dr. Sullivan's

15   improper addition of lost profits from supposed "launch delay" of JCAR017 to the

16   reasonable royalty (*id.* ¶¶ 231-239), particularly as it does not use SKI's '190 Patent.

17       Further, the Court's ruling requires exclusion of Dr. Sullivan's opinion that

18   ████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████

20   ██████   (*id.* ¶¶ 120-152), as well as his irrelevant and inflammatory calculations

21   that potential competition from Kite reduced the value of Juno by ████████████

22   ████████████   (*id.* ¶¶ 266-283).    Finally, the Court should exclude the ████

23   ███████████████████   that Dr. Sullivan contends is an "absolute lower bound" for

24   the reasonable royalty rate (*id.* ¶ 245), as that could arguably apply only in the event

25   that Kite sought a sublicense from Juno, not in a direct negotiation with SKI.

26   **III.   CONCLUSION**

27       For the foregoing reasons, Defendants respectfully request that the motion to

28   exclude portions of Dr. Sullivan's opinions under Rule 702 is granted.

1   DATED: November 12, 2019      MUNGER, TOLLES & OLSON LLP

2

3

4                        By:      */s/ Ted Dane*

5                              Ted Dane
Attorneys for Defendant-Counterclaimant

6                              KITE PHARMA, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28