JEFFREY I. WEINBERGER (State Bar No. 56214)
jeffrey.weinberger@mto.com
TED DANE (State Bar No. 143195)
ted.dane@mto.com
GARTH T. VINCENT (State Bar No. 146574)
garth.vincent@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter.gratzinger@mto.com
ADAM R. LAWTON (State Bar No. 252546)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

GEOFFREY D. BIEGLER (State Bar No. 290040)
biegler@fr.com
GRANT T. RICE (admitted *pro hac vice*)
rice@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:   (858) 678-5070
Facsimile:   (858) 678-5099

Attorneys for Defendant-Counterclaimant
KITE PHARMA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>vs.<br><br>KITE PHARMA, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-7639-SJO-KS<br><br>**DEFENDANT KITE PHARMA, INC.'S OBJECTIONS TO CERTAIN OF PLAINTIFFS' PROPOSED DEMONSTRATIVES FOR DIRECT EXAMINATION OF DR. RYAN SULLIVAN**<br><br>Judge: Hon. S. James Otero<br>Trial: December 6, 2019<br>Time: 8:30 am<br>Ctrm:  10C |

1    Kite Pharma, Inc. ("Kite") objects to certain of the demonstratives that
2 Plaintiffs have proposed to use in the direct examination of their damages expert,
3 Dr. Ryan Sullivan (Ex. 1), on the grounds that they are irrelevant, unduly
4 prejudicial, misleading, confusing, and/or contrary to the Court's rulings.

### A.   Slide 12

Plaintiffs' proposed demonstrative slide 12 shows the YESCARTA® logo, the words "Active Ingredient," and the $373,000 list price in large font.  The Court sustained Kite's objections to a similar slide in Plaintiffs' proposed opening demonstratives.  Ex. 2 (Trial Tr. at 125:1–5 (Vol. I, 12/3/19)).  For the same reasons, and the additional reason that Dr. Sullivan does not rely on YESCARTA®'s list price to calculate his reasonable royalties, the Court should not allow Plaintiffs to use this demonstrative.

Furthermore, Kite now understands that Plaintiffs will not be calling Dr. Wayne Marasco, the technical expert whose opinions Dr. Sullivan relies on to say that the CAR-T construct is the "active ingredient" that provides the direct effect of YESCARTA®'s treatment capabilities.  ECF No. 311-1 ¶ 72.  Plaintiffs cannot insulate the opinions of Dr. Marasco on that disputed issue, then have a ***non***-technical expert funnel those opinions to the jury as established fact.  As this Court has recognized, a "testifying expert cannot merely act as conduit for [an] underlying expert's opinion" when the "soundness of the underlying expert judgment is in issue."  *Active Sports Lifestyle USA LLC v. Old Navy, LLC*, 2013 WL 11239385, at *11 (C.D. Cal. Nov. 21, 2013).  And "more scrutiny will be given to an expert's reliance on . . . other expert opinions [that] were developed for the purpose of litigation."  *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Prods. Liab. Litig.*, 978 F. Supp. 2d 1053, 1066 (C.D. Cal. 2013).  The jury will not be hearing Dr. Marasco's litigation-driven opinions that the CAR-T construct is the "active ingredient" responsible for YESCARTA®'s treatment

capabilities. The Court should therefore also not allow Plaintiffs to use slide 12 for its reference to "active ingredient."

### B. Slide 15

Plaintiffs' proposed demonstrative slide 15 contains irrelevant, misleading, and unduly prejudicial information. There are 11 different CAR-T program names and their potential indications shown in the left box. Several of these are for anticipated future therapies that (1) are not projected to enter the market before the 2024 expiration of the '190 Patent; and/or (2) would not practice the '190 Patent (after the Certificate of Correction). Kite's candidate therapies for such indications have no relevance to this lawsuit, as they would never infringe the asserted patent before it expires. Plaintiffs should be required to remove all programs names and indications listed on this slide that were not projected to enter the market and allegedly infringe the '190 Patent before patent expiration.

### C. Slide 22

In striking Dr. Sullivan's upfront payment based on a "stock swap," the Court ordered that "[i]f Plaintiffs can identify a different disclosed initial amount in Dr. Sullivan's report, the alternative amount may be introduced with Dr. Sullivan's enhancement factors." Order at 9. Thus far, Plaintiffs have refused to identify what amount, if any, Dr. Sullivan will offer as an upfront payment.

In order to avoid a dispute before the jury about the proper scope of Dr. Sullivan's testimony, the Court should require Plaintiffs to identify the upfront amount to which he will testify and explain where that amount is expressly disclosed in his April 26, 2019 Report as a component of the hypothetical license. If Plaintiffs do not identify a proper amount, demonstrative slide 22, which refers to an unidentified upfront payment amount, should be precluded.

-3-

| | | |
|---|---|---|
| 1 | DATED: December 5, 2019 | MUNGER, TOLLES & OLSON LLP |

By: _____/s/ *Ted Dane*_____
Ted Dane
Attorneys for Defendant-Counterclaimant
KITE PHARMA, INC.