UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AMENDED   CIVIL MINUTES – GENERAL

Priority      ___
Send          ___
Enter         ___
Closed        ___
JS-5/JS-6     ___
Scan Only     ___

**CASE NO.:** 2:17-cv-07639 SJO-KS          **DATE:** November 26, 2019

**TITLE:**   Juno Therapeutics, Inc., et al. v. Kite Pharma, Inc.
========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| Stephen Montes Kerr | Present |
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFFS:**     **COUNSEL PRESENT FOR DEFENDANTS:**

Present                                 Present

========================================================================

**Proceedings:**          **FINAL PRETRIAL CONFERENCE**

The final pretrial conference is held.  The Court states its views on the pretrial documents as follows:

**PRETRIAL CONFERENCE ORDER**

- <u>Trial estimate</u>.  The Court allots 11 hours per side for questioning (direct and cross-examination) and interim summation, subject to adjustment.

- <u>Order of presentation</u>.  Plaintiffs will begin with foundational information about themselves and the '190 patent, and present their willfulness and damages claims.  Defendant will follow and present its invalidity claims and response to damages claims.  Plaintiffs will present a rebuttal to their willfulness and damages claims and response to invalidity claims.  Defendant will conclude with rebuttal on invalidity.

- <u>Witness order</u>.  The parties shall submit a joint proposal as to whether the parties believe it beneficial to present certain expert witnesses back-to-back.

- <u>Mini-opening statements</u>.  The parties agree that each side shall present a 3-minute mini opening statement to introduce the case to the jury when the panel is initially called.  No argument shall be presented.

- <u>Patent Process video</u>.  The parties agree the video shall be played, and the parties shall provide the sample patent to the jurors.

- <u>Additional agreement</u>.  The parties cannot stipulate around the Court's Standing Order.  The Court will approve a complete witness list (with *all* witnesses disclosed, including impeachment witnesses) and a Pretrial Exhibit Stipulation that complies with the Standing Order.  The Court recognizes that good cause may exist to add a witness.  A witness may only be called once (cross-examination may include questions a party would have asked on direct examination in lieu of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: 2:17-cv-07639 SJO-KS**                                   **DATE:  November 26, 2019**

    calling the witness again).  Deposition testimony of a live witness will be included at the time the witness testifies live.  The Court suggests the parties work on reducing the number of witnesses called.

- <u>Jury notebooks</u>.  The parties will provide notebooks with the '190 patent and CoC.  The parties will meet and confer as to whether jury notebooks will include at least the names and pictures of the witnesses each side is certain will be called.  The Court also suggests that the Court's claim constructions be included.

- <u>Updated Order</u>.  The parties shall provide an updated PTCO to the Court.

**DEFENDANT'S EX PARTE APPLICATION TO STRIKE AMENDED COMPLAINT [395]**

The Court recognizes this motion is tied to the merits of Defendant's Motion in Limine No. 1.  The Court permits Defendant to file a 3-page reply to the motion to strike by November 27, 2019.

**JOINT EXHIBIT STIPULATION**

The Court notes that objections made in the Pretrial Exhibit Stipulation are not preserved for the record.  The parties shall work to reduce the number of objections as trial nears.

Once an exhibit is received into evidence and has been published, a party need not request permission for each subsequent publishing of the exhibit.

**PARTIES' CONTENTIONS OF LAW AND FACT**

The Court precludes introduction of dicta from the Court's Markman Order or the seeking of an injunction following trial.  The Court's Markman Order stands, and the parties will be bound by the constructions decided therein.  The Court recognizes this issue may be re-raised during trial, pending the testimony of witnesses.

**VOIR DIRE**

The Court shall conduct voir dire of 18 prospective jurors.  At sidebar, counsel may then present the Court with additional questions for the panel as a whole, or for individual jurors.  Following additional questioning, the parties shall request excusals for cause.  Each side will then have three peremptory challenges (a pass shall preserve a peremptory).  The Court will seat nine jurors.

The parties do not raise any objections to the proposed voir dire questions.

**JURY INSTRUCTIONS**

Given the Court's recent rulings, and the record at the Pretrial Conference, the parties shall continue streamlining the disputed instructions and shall submit a revised version to the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**CASE NO.: 2:17-cv-07639 SJO-KS**          **DATE: November 26, 2019**

**SCHUETZ WITNESS**

Due to the nature of Dr. Schuetz and his past involvement in the case, Dr. Schuetz may be deposed for a total of four hours in Los Angeles, California on or before December 4, 2019, at a time coordinated by the parties. If Dr. Schuetz becomes unavailable for trial, if the Court deems his testimony admissible, the parties may play his deposition testimony in lieu of providing live testimony.

**OTHER ISSUES**

Expert qualifications. Following introduction of the expert's credentials (and the offering party shall provide copies of the expert's CV to the jury), the examining party shall immediately begin its examination. The opposing party may object to qualifications at that time.

Realtime transcripts. The Court grants the parties' request for same-day transcripts.

Board. The Court will permit use of a board for presentation of exhibits.

Interim summation. Not later than the evening before an interim summation is presented, it shall be disclosed to opposing counsel. Interim summations shall be purely factual in nature and neutral. They shall not include any attorney argument. The purpose is to educate the jurors and to aid their understanding of certain witness' testimony. Interim summation time shall count against a party's allotted trial time.

Confidential information. The Court will balance the parties' need for confidentiality against the public's right to know and will make determinations as to whether the courtroom needs to be sealed at the time each issue arises. The Court notes the jurors cannot be forced not to disclose certain information following trial.

Technical issues. The parties may begin IT preparations in the courtroom on December 2, 2019.

**PLAINTIFFS' MOTIONS IN LIMINE**

**No. 1** to exclude Defendant's irrelevant and inappropriate evidence and argument regarding the certificate of correction [284]: **GRANT-IN-PART, DENY-IN-PART.**

- **GRANT** as to any testimony by Dr. Bot that the CoC is invalid. **DENY** as to any testimony by Dr. Bot (upon a showing that he is a POSITA) that a clerical error, and its correction, are not clearly evident.
- **GRANT** as to Defendant's use of Dr. Bot's testimony to show it did not act willfully.
- **GRANT** as to Dr. Junghans' opinion regarding the four-year wait. Defendant may, however, raise this argument not through an expert (for example, during closing argument).

**No. 2** regarding evidence and argument relating to the Rocket clinical trial [276]: **GRANT-IN-PART, DENY-IN-PART.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**CASE NO.: 2:17-cv-07639 SJO-KS**                                         **DATE: November 26, 2019**

- **GRANT** as to argument that the '190 patent construct caused the patient deaths. **DENY** as to evidence and argument that the patient deaths were due to some aspect of the Rocket clinical trial. To the extent Plaintiffs claim the '190 patent contributes to the success of Yescarta, Defendant may introduce evidence that other embodiments of the '190 patent do not produce a successful CAR-T therapy. Defendant may introduce evidence of the Root Cause Analysis.
- **GRANT** as to use of inflammatory language referring to the patient deaths, including the word "kill" or similar term. Defendant may state that the patients "died."
- **GRANT** as to state court litigation by the patients' families.

**No. 3** regarding evidence and argument relating to the pending BMS acquisition [283]: **GRANT.**

**No. 4** to exclude Dr. Mohan Rao's testimony re damages [274]: **DEFER.**

**DEFENDANT'S MOTIONS IN LIMINE**

**No. 1** to exclude damages opinions of Ryan Sullivan, Ph.D. [270]: **DEFER.**

**No. 2** to exclude expert testimony of Mark Gilbert, M.D. [271]: **DEFER.**

**No. 3** to exclude evidence and argument about the inter partes review [272]: Plaintiffs shall file a supplemental brief, three pages maximum, identifying specifically all testimony (by which witness) and exhibits it seeks to introduce relating to the inter partes review, by December 2, 2019.

**No. 4** to preclude argument referencing the absence of testimony from witnesses outside the court's subpoena power [273]: **GRANT.**

**DAUBERT MOTION HEARING**

The Court defers the hearing on Plaintiffs' Motion in Limine No. 4 and Defendant's Motions in Limine Nos. 1 and 2 to December 2, 2019 at 10:30 am.