JEFFREY I. WEINBERGER (State Bar No. 56214)
jeffrey.weinberger@mto.com
TED DANE (State Bar No. 143195)
ted.dane@mto.com
GARTH T. VINCENT (State Bar No. 146574)
garth.vincent@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter.gratzinger@mto.com
ADAM R. LAWTON (State Bar No. 252546)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

GEOFFREY D. BIEGLER (State Bar No. 290040)
biegler@fr.com
GRANT T. RICE (admitted *pro hac vice*)
rice@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Attorneys for Defendant-Counterclaimant
KITE PHARMA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH, <br><br> Plaintiffs, <br><br> vs. <br><br> KITE PHARMA, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-7639-SJO-KS <br><br> **DEFENDANT KITE PHARMA, INC.'S RESPONSE TO PLAINTIFFS' REQUEST TO ADMIT KITE'S RESPONSIVE DAMAGES CONTENTIONS AS EVIDENCE** <br><br> Judge:  Hon. S. James Otero <br> Ctrm:   10C |

1     Plaintiffs waited until the penultimate day of testimony to file a "request" to
2   admit an unverified litigation document written by counsel during the early stages of
3   this case, when—as the document cautions—"Kite's analysis of these issues [was]
4   actively in progress" and "few or no documents [had been] produced."  Ex. 1 at 33
5   Plaintiffs' request is clearly improper.  The "contentions" are just that—contentions
6   of attorneys.  They are not evidence, nor are they party admissions, nor are they
7   sworn statements like verified interrogatory responses.  They should not be
8   submitted to the jury.  *See Kowalski v. Anova Food, LLC*, 2015 WL 1117993, at *1
9   (D. Haw. Feb. 12, 2015) (holding that a patentee could not offer a defendant's
10   "Preliminary Non–Infringement and Invalidity Contentions" as evidence).

11     As this Court instructed the jury on the first day of trial, "***[t]he arguments
12   and statements by lawyers are not evidence***."  Trial Tr. at 140:15-16 (quoting Ninth
13   Circuit Model Jury Instruction 1.10 (2019)) (emphasis added); *Barcamerica Int'l
14   USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002)
15   ("[A]rguments and statements of counsel 'are not evidence'" (citation omitted)); 5
16   Weinstein's Federal Evidence § 801.30 (2019) (observing that an attorney's
17   statements are generally not admissible evidence).  Only in "tightly circumscribed"
18   circumstances, *Kowalski*, 2015 WL 1117993, at *1, where counsel makes a "clear
19   and unambiguous admission" without qualification, can a counsel's statement be
20   evidence, *United States v. Blood*, 806 F.2d 1218, 1221 (4th Cir. 1986).

21     In their request, Plaintiffs attach only an excerpt of Kite's responsive damages
22   contentions and completely omit their own.  Kite's full responsive damages
23   contentions, attached to this response, in no way suggest a "clear and unambiguous
24   admission."  *See id.*  To the contrary, Kite's repeatedly emphasized the preliminary
25   nature of counsel's understanding of the case:

26     •     The introduction cautioned that they were "**preliminary in nature**"
27           and "[d]iscovery in this matter is ongoing."

28

-1-

- The document continued, "The parties are also in the **initial stages of document discovery**, with ESI searches still being negotiated and **few or no documents produced to date** on subjects that are likely to be relevant to damages."

- The document noted that Juno's "[r]esponses to Juno's interrogatories **remain fundamentally deficient**[,]" including Interrogatory No. 3 on attempts to license the '190 patent.

- It added that "[t]o date, **no depositions** have been conducted."

- Concluding, the document noted, "As described above, Kite's analysis of these issues **is actively in progress at this time**."

Ex. 1 at 1, 33 (emphasis added).

The preliminary nature of the proceedings explains Kite's response. In these "*responsive* damages contentions," Kite was *responding* to Plaintiffs' opening damages contentions, which alleged licensing negotiations between Sloan Kettering and Kite. Ex. 2. at 19. Indeed, in mentioning the alleged licensing discussions, Kite referenced "*Juno's own damages contentions*." Ex. 1 at 7. At the time, Plaintiffs had not yet responded to Kite's requests for production, which months later confirmed that no documents suggest that Kite and Sloan Kettering discussed licensing terms in 2013. As often happens, additional facts came to light.

Under analogous facts, the district court in *Kowalski v. Anova Food, LLC*, held that a patentee could not offer a defendant's "Preliminary Non–Infringement and Invalidity Contentions" as evidence. 2015 WL 1117993, at *1 (D. Haw. Feb. 12, 2015). In so holding, the Court reasoned that they were "not a 'clear and unambiguous admission[,]'" because the contentions cautioned that they "were 'necessarily preliminary and subject to change.'" *Id.* at *2. Here, Kite's unverified contentions included even more qualifying language, stressing its response was "preliminary" and Kite's "analysis of these issues is actively in progress."

KITE'S RESPONSE TO PLAINTIFFS' REQUEST TO ADMIT KITE'S RESPONSIVE DAMAGES CONTENTIONS

1   Plaintiffs' entire argument rests on the faulty premise that the parties' initial
2   damages contentions "are simply a focused form of interrogatory." Dkt. 523 at 3.
3   Far from an interrogatory response, the parties' initial damages contentions are
4   simply pointed briefs exchanged by counsel in the early stages of the case about
5   potential damages (not even allegations of willfulness). Unlike an interrogatory
6   response, damages contentions are not verified and do not constitute admissible
7   evidence. *See, e.g.*, *Blevins v. Marin*, 2013 WL 5718869, at *1 (E.D. Cal. Oct. 11,
8   2013) (noting that "responses to interrogatories and requests for admission must be
9   verified . . . in order to be an admissible form at summary judgment or trial");
10  *SurgiVision Consultants, Inc. v. SurgiVision, Inc.*, 2011 WL 13214280, at *3 n.12
11  (Jan 31, 2011 C.D. Cal.) (same). Plaintiffs fail to offer a single authority where a
12  court allowed a party to submit such damages contentions as evidence in a jury trial.

13  In fact, Plaintiffs' initial damages contentions include similar cautionary
14  language, observing that "[t]he Protective Order . . . in this matter has only recently
15  been entered and discovery is still in its early stages." Ex. 2 at 1. And Plaintiffs'
16  contentions included assertions that Plaintiffs have later withdrawn (without
17  changing their contentions), including a demand for delay damages that plainly was
18  unsupported by facts within Plaintiffs' knowledge. *Id.* at 5-6, 15. Plaintiffs have
19  never treated their opening damages contentions as an interrogatory response.

20  For all these reasons, Plaintiffs' attempt to offer this early litigation exchange
21  as a jury exhibit is clearly inappropriate, and Kite therefore respectfully requests that
22  Plaintiffs' request be denied.

1   DATED:  December 10, 2019          MUNGER, TOLLES & OLSON LLP

2

3                                      By:    _/s/ *Blanca Young*_____

4                                            Blanca Young
                                       Attorneys for Defendant-Counterclaimant
5                                      KITE PHARMA, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KITE'S RESPONSE TO PLAINTIFFS' REQUEST TO ADMIT KITE'S RESPONSIVE DAMAGES CONTENTIONS