Morgan Chu (SBN 70446)
mchu@irell.com
Alan J. Heinrich (SBN 212782)
aheinrich@irell.com
C. Maclain Wells (SBN 221609)
mwells@irell.com
Elizabeth C. Tuan (SBN 295020)
etuan@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Andrea W. Jeffries (SBN 183408)
ajeffries@jonesday.com
Luke J. Burton (SBN 301247)
lburton@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539

*[List of counsel continues on next page]*

*Attorneys for Plaintiffs*
JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, and SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KITE PHARMA, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-07639-SJO-KSx<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Hon. S. James Otero<br>Trial:   December 3, 2019<br>Time:   8:30 am<br>Place:   Courtroom 10C |

Rebecca Carson (SBN 254105)
rcarson@irell.com
Ingrid M. H. Petersen (SBN 313927)
ipetersen@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone:   (949) 760-0991
Facsimile:   (949) 760-5200

Christopher J. Harnett (*Pro Hac Vice*)
charnett@jonesday.com
Sarah A. Geers (*Pro Hac Vice*)
sgeers@jonesday.com
Kevin V. McCarthy (*Pro Hac Vice*)
kmccarthy@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:   (212) 326-3939
Facsimile:   (212) 755-7306

Jennifer L. Swize (*Pro Hac Vice*)
jswize@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

John M. Michalik (*Pro Hac Vice*)
jmichalik@jonesday.com
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

*Attorneys for Plaintiffs*
JUNO THERAPEUTICS, INC., MEMORIAL
SLOAN KETTERING CANCER CENTER,
and SLOAN KETTERING INSTITUTE FOR
CANCER RESEARCH

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................... 1

ARGUMENT ....................................................................................................... 1

    I.     The Court Should Grant JMOL Of Infringement ................................. 1

    II.    The Court Should Grant JMOL On Kite's Invalidity Defenses .......... 2

         A.    The Court Should Grant JMOL On Kite's CoC Invalidity Defense ....................................................................................... 3

         B.    The Court Should Grant JMOL On Kite's Enablement Invalidity Defense ...................................................................... 4

         C.    The Court Should Grant JMOL On Kite's Written Description Invalidity Defense ..................................................... 5

CONCLUSION .................................................................................................... 6

- i -

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 50(a)
MOTION FOR JUDGMENT AS A MATTER OF LAW
Case No. 2:17-cv-07639-SJO-KSx

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Ariad Pharma., Inc. v. Eli Lilly & Co.*,
   598 F.3d 1336 (Fed. Cir. 2010) ............................................................................. 5

*Chiron Corp. v. Genentech, Inc.*,
   363 F. 3d 1247 (Fed. Cir. 2004) ......................................................................... 4, 6

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) ........................................................................................... 2

*Eli Lilly & Co. v. Aradigm Corp.*,
   376 F.3d 1352 (Fed. Cir. 2004) ............................................................................. 3

*In re Wands*,
   858 F.2d 731 (Fed. Cir. 1988) ............................................................................ 4, 5

*Invitrogen Corp. v. Clontech Labs, Inc.*,
   429 F.3d 1052 (Fed. Cir. 2005) ............................................................................. 4

*Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*,
   381 F.3d 1142 (Fed. Cir. 2004) ......................................................................... 4, 5

*Microsoft Corp. v. i4i Ltd. P'ship*,
   564 U.S. 91 (2011) ................................................................................................. 3

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
   665 F.3d 1269 (Fed. Cir. 2012) ............................................................................. 6

*Superior Fireplace Co. v. Majestic Prods. Co.*,
   270 F.3d 1358 (Fed. Cir. 2001) ......................................................................... 2, 3

*Velazquez v. City of Long Beach*,
   793 F.3d 1010 (9th Cir. 2015) ........................................................................... 1, 2

- ii -

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 50(a)
MOTION FOR JUDGMENT AS A MATTER OF LAW
Case No. 2:17-cv-07639-SJO-KSx

**STATUTES**

35 U.S.C. § 282(a) ................................................................................................. 2, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 50(a) ................................................................................................ 1, 2

## INTRODUCTION

Plaintiffs move under Fed. R. Civ. P. 50(a) for judgment as a matter of law ("JMOL") on the issues of (i) infringement; (ii) the validity of the certificate of correction; (iii) Kite's enablement defense; and (iv) Kite's written-description defense.

JMOL should be granted where "a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party" on an issue. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). That is the case on each of these four issues:

- Because the parties have stipulated to Kite's literal infringement of the '190 Patent as the Patent currently stands, no reasonable jury could conclude that Kite does not infringe.
- Nor could any reasonable jury conclude that Kite has met its heavy burden of demonstrating, by clear and convincing evidence, that—
    - the Certificate of Correction ("CoC") is invalid;
    - the asserted claims are invalid for lack of enablement; or
    - the asserted claims are invalid for lack of written description.

Accordingly, the Court should grant JMOL in favor of Plaintiffs on each of these issues.

## ARGUMENT

**I. THE COURT SHOULD GRANT JMOL OF INFRINGEMENT**

The parties entered into a stipulation entitled "Joint Stipulation Re: Literal Infringement of the '190 Patent After the Certificate of Correction Under the Court's Claim Construction." Dkt. No. 223 (capitalization altered). This stipulation, which the Court read to the jury, Trial Tr. 354:11-355:5, includes the parties' agreement that Kite's Yescarta therapy "meets each limitation" of the asserted claims as corrected by the CoC. In light of this agreement, "a reasonable jury would not have a legally sufficient evidentiary basis" to conclude that, to the contrary, Kite has not infringed

-1-

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 50(a)
MOTION FOR JUDGMENT AS A MATTER OF LAW
Case No. 2:17-cv-07639-SJO-KSx

the '190 Patent. *See Velazquez*, 793 F.3d at 1018.

Kite will likely argue that its challenge to the CoC's validity makes JMOL on infringement unwarranted. Even aside from Kite's failure to offer sufficient evidence to avoid JMOL on that issue, *see infra* Section II.A, that issue is irrelevant to infringement: Invalidity is a defense to infringement *liability*, not a defense to infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928 (2015). The same is true for invalidity of the CoC. *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1367 (Fed. Cir. 2001); *see* 35 U.S.C. § 282(a). Even if prevailing on that issue would spare Kite from liability for its infringement, its stipulated-to infringement would remain.

Resolving infringement as a matter of law at this Rule 50(a) stage, prior to sending the case to the jury, will avoid juror confusion. Kite's opening statement repeatedly claimed a noninfringement defense. *See, e.g.*, Trial Tr. 186:15-16 ("Kite doesn't infringe that patent."); *id.* at 190:24-25 ("[T]here absolutely is a question about infringement in this case."); *id.* at 195:3-5 ("So for the plaintiffs to say that infringement is not in dispute here or it is conceded, that is absolutely 100 percent wrong."). Absent a ruling as a matter of law, Kite will assuredly do the same in closing arguments. That would only confuse the jury, as neither the verdict form proposed by Kite itself, Dkt. No. 436 at 146-148, nor that proposed by Plaintiffs, *id.* at 134-137, nor that circulated by the Court at the end of the day on December 10, 2019 even contains a question about infringement. Absent JMOL on this issue, the jury may well be confused into believing Plaintiffs had some kind of burden to present some evidence of infringement beyond the parties' stipulation, thereby causing unfair prejudice to Plaintiffs.

## II. THE COURT SHOULD GRANT JMOL ON KITE'S INVALIDITY DEFENSES

"A reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party," *see Velazquez*, 793 F.3d at 1018, if that party cannot carry its burden

1  of proof on an issue. Where a party must establish an issue by clear-and-convincing
2  evidence, JMOL against that party is proper unless a reasonable jury could find that
3  the party carried that burden. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1363
4  (Fed. Cir. 2004). Kite bears exactly that burden on all three of its invalidity defenses.
5  Because of the statutory presumption that a patent is valid, 35 U.S.C. § 282(a), the
6  clear-and-convincing evidence standard of proof applies to arguments that seek to
7  invalidate patents, *see Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 102 (2011), as
8  well as to arguments that seek to invalidate CoCs, *see Superior Fireplace*, 270 F.3d
9  at 1367.

### A. The Court Should Grant JMOL On Kite's CoC Invalidity Defense

A CoC that broadens a claim is valid if it corrects a "clerical or typographical error" where the full intrinsic record makes the error and its correction "clearly evident" to a POSITA. *Superior Fireplace*, 270 F.3d at 1373. No reasonable jury could find that Kite has demonstrated by clear and convincing evidence that the CoC is invalid for failing to meet this test.

Plaintiffs' expert Dr. John Quackenbush explained extensively why the existence of a clerical or typographical error, and its proper correction, would have been "clearly evident" to a POSITA. *See generally* Trial Tr. 1142:4-1213:10. Among the reasons for this conclusion were that the RCE, which is part of the intrinsic record, specified the precise error and correction needed—correcting SEQ ID NO:6 to the nucleotide sequence corresponding to amino acids 114-220 of CD28, rather than a nucleotide sequence relating to amino acids 113-220 of CD28. *See* PX0121.4-.7 (RCE). Moreover, the as-issued '190 Patent contains the following language: "In one embodiment . . . the CD28 portion suitably includes . . . the portion of CD28 cDNA spanning nucleotides 340 to 663, including the stop codon (<u>amino acids 114-220 of Seq. ID No. 10</u>). This portion of CD28 can be amplified by PCR using the primers of Seq. ID NO. 4 and 5. <u>The full sequence of this region is set forth in Seq. ID No: 6</u>." PX0001.12 ('190 Patent, Col. 4:21-28 (underscoring added)). Moreover, the

-3-

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 50(a)
MOTION FOR JUDGMENT AS A MATTER OF LAW
Case No. 2:17-cv-07639-SJO-KSx

primers in SEQ ID NOs. 4 and 5, mentioned above, correspond to amino acids 114-220 of CD28, making the error, and its correction, even more apparent to a POSITA. Trial Tr. 1157:5-1158:12 (testimony of Dr. Quackenbush). In light of this clear record, nothing in the testimony of Kite's CoC expert, Dr. Richard Junghans, or elsewhere in the evidence, would permit a reasonable jury to conclude that Kite had carried its heavy burden of demonstrating that the CoC is invalid by clear and convincing evidence.

### B. The Court Should Grant JMOL On Kite's Enablement Invalidity Defense

A patent satisfies the enablement requirement if it permits a POSITA to "make and use the invention without undue experimentation." *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988). "The scope of enablement . . . is that which is disclosed in the specification plus the scope of what would be known to [a POSITA] without undue experimentation." *Invitrogen Corp. v. Clontech Labs, Inc.*, 429 F.3d 1052, 1070-71 (Fed. Cir. 2005). "Enablement does not require the inventor to foresee every means of implementing an invention at pains of losing his patent franchise." *Id.* at 1071. "[A] patentee preferably omits from the disclosure any routine technology that is well known at the time of application." *Chiron Corp. v. Genentech, Inc.*, 363 F. 3d 1247, 1254 (Fed. Cir. 2004)." Kite has utterly failed to demonstrate by clear and convincing evidence that the '190 Patent is invalid for lack of enablement, and no reasonable jury could find otherwise. *See, e.g.*, *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1155 (Fed. Cir. 2004) (affirming JMOL of enablement where "Koito failed to put forth clear and convincing evidence at trial that knowledge of . . . production details was necessary to practice the claimed invention without undue experimentation").

Kite's only argument for lack of enablement turns on the "binding element" claim limitation—*i.e.*, the scFv used in the CAR construct. The '190 Patent adequately describes how to make that binding element (a single chain antibody, or

-4-

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 50(a)
MOTION FOR JUDGMENT AS A MATTER OF LAW
Case No. 2:17-cv-07639-SJO-KSx

scFv), including an example of how to make and use scFvs. PX0001.12-13, .16 ('190 Patent at Col. 4:34-5:5, 11:12-34). Even more importantly, though, the Federal Circuit "has repeatedly explained that a patent applicant does not need to include in the specification that which is already known to and available to one of ordinary skill in the art." *Koito*, 381 F.3d at 1156. The trial evidence was uniform in demonstrating that scFvs had long been known to and available to persons of ordinary skill in this art: Plaintiffs' expert Dr. Thomas Brocker explained at length that scFvs were first described in the literature in 1988, and have been used with CARs since 1993. Trial Tr. 1260:15-1261-7; *see also* PX1017, PX1029 (articles from 1988). *See generally* Trial Tr. 1247:1-1288:21. Indeed, Kite's former CEO Dr. Arie Belldegrun admitted that scFvs were well-known in the art dating back to the 1990s. Trial Tr. 531:2-533:9. Similarly, as Dr. Brocker testified, there is no evidence of scFvs that will not work with Dr. Sadelain's inventive CAR construct, and it is likewise undisputed that using "not difficult" "standard laboratory procedures" will determine if an scFv will bind to the CD19 antigen on a tumor cell. Trial Tr. 1288:3-9. As a result, there is no possible way, on this record, that a reasonable jury could conclude—and certainly not by clear and convincing evidence—that making and using the binding element of the claims would require "undue experimentation." *Wands*, 858 F.2d at 737.

In light of this clear record, nothing in the testimony of Kite's expert on its Section 112 defenses, Dr. K. Christopher Garcia, or elsewhere in the evidence, would permit a reasonable jury to conclude that Kite has carried its heavy burden of demonstrating by clear and convincing evidence that the asserted claims of the '190 Patent are invalid for lack of enablement.

### C. The Court Should Grant JMOL On Kite's Written Description Invalidity Defense

A patent satisfies the written description requirement if "the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharma.,*

-5-

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW
Case No. 2:17-cv-07639-SJO-KSx

*Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010).  A patentee may "rely on information that is well-known in the art to satisfy written description." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1285 (Fed. Cir. 2012). Indeed, "a patentee preferably omits from the disclosure any routine technology that is well known at the time of application." *Chiron*, 363 F.3d at 1254.

Here, the '190 Patent fully describes the claimed single chain antibody—again, an scFv.  PX0001.12-13, .16 ('190 Patent at Col. 4:34-5:5, 11:12-34).  Moreover, as Dr. Brocker explained extensively in his testimony regarding his opinion rejecting Kite's Section 112 invalidity defenses, scFvs were first described in the literature in 1988, and have been used with CARs since 1993.  Trial Tr. 1260:15-1261-7; *see also* PX1017, PX1029 (articles from 1988).  *See generally* Trial Tr. 1247:1-1288:21.  Indeed, Kite's former CEO Dr. Arie Belldegrun admitted that scFvs were well-known in the art dating back to the 1990s.  Trial Tr. 531:2-533:9.  In light of this clear record, nothing in the Dr. Garcia's testimony, or elsewhere in the evidence, would permit a reasonable jury to conclude that Kite has carried its heavy burden of demonstrating by clear and convincing evidence that the asserted claims of the '190 Patent are invalid for lack of written description.

## CONCLUSION

The Court should grant JMOL in favor of Plaintiffs as to infringement and as to each of Kite's three invalidity defenses.

Dated:  December 11, 2019              Respectfully submitted,

By:  */s/ Andrea W. Jeffries*
Andrea W. Jeffries (SBN 183408)
Luke J. Burton (SBN 301247)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539

Morgan Chu (SBN 70446)
Alan J. Heinrich (SBN 212782)
C. Maclain Wells (SBN 221609)

Elizabeth C. Tuan (SBN 295020)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Rebecca Carson (SBN 254105)
Ingrid M. H. Petersen (SBN 313927)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Christopher J. Harnett (*Pro Hac Vice*)
Sarah A. Geers (*Pro Hac Vice*)
Kevin V. McCarthy (*Pro Hac Vice*)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Jennifer L. Swize (*Pro Hac Vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

John M. Michalik (*Pro Hac Vice*)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

*Attorneys for Plaintiffs*
*Juno Therapeutics, Inc., Memorial Sloan Kettering Cancer Center, and Sloan Kettering Institute for Cancer Research*

# CERTIFICATE OF SERVICE

A copy of the foregoing document was electronically filed with the Court this 11th day of December, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Andrea W. Jeffries*
Andrea W. Jeffries

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW