JEFFREY I. WEINBERGER (State Bar No. 56214)
jeffrey.weinberger@mto.com
TED DANE (State Bar No. 143195)
ted.dane@mto.com
GARTH T. VINCENT (State Bar No. 146574)
garth.vincent@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter.gratzinger@mto.com
ADAM R. LAWTON (State Bar No. 252546)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

GEOFFREY D. BIEGLER (State Bar No. 290040)
biegler@fr.com
GRANT T. RICE (admitted *pro hac vice*)
rice@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Attorneys for Defendant-Counterclaimant
KITE PHARMA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>vs.<br><br>KITE PHARMA, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-7639-SJO-KS<br><br>**DEFENDANT KITE PHARMA, INC.'S REQUEST FOR A CURATIVE INSTRUCTION PURSUANT TO 35 U.S.C. § 298**<br><br>Judge: Hon. S. James Otero<br>Ctrm:   10C |

On Wednesday in closing, Plaintiffs' counsel made the following arguments in an attempt to persuade the jury that Kite is a willful infringer:

- "When you're thinking about willful infringement, ask yourself the question: Did I hear any witnesses say that in 2013 or '14, '15, or all those earlier years, that they thought the patent was invalid because the enablement requirement was not met?" 12/11/19 Trial Tr. at 1385:3-8.
- "Did you hear a single Kite witness say that in those earlier years, we believed this was a good defense, so we could go ahead and infringe? You didn't. We saw a lot of e-mails. Did you see a single e-mail or study or anything else?" *Id.* at 1385:14-18.
- "But did anyone say, any fact witness say, we think that patent is invalid, or particularly after the certificate of correction was granted by the patent office, did you hear from any Kite witness that they believed the certificate of correction was invalid? Because by the time the certificate of correction issued, there's no question what the sequence is. You didn't hear a single such witness say that." *Id.* at 1386:4-11.

*       *       *

These arguments improperly and inaccurately state that Kite did nothing to analyze whether it had a defense to infringement. As Plaintiffs well know from Kite's privilege log, written discovery responses, and privilege instructions given to witnesses during depositions, Kite obtained and relied on advice from lawyers about the '190 patent. The Patent Act is clear that an accused infringer is not required to waive privilege in order to answer a charge of willful infringement: "The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed." 35 U.S.C. § 298. By stating that Kite did not present fact-witness testimony or documents evidencing its beliefs in its defenses, Plaintiffs necessarily insinuated that Kite

-1-
KITE'S REQUEST FOR A CURATIVE INSTRUCTION

-2-

should be found to have infringed willfully because it did not present advice of its lawyers that it had meritorious defenses under § 112 or § 255.  That argument puts Kite in the precise catch-22 that § 298 is designed to avoid.  An accused infringer is not required to choose between waiving privilege, on the one hand, and being tongue-tied to defend against a willfulness charge, on the other.

In response to Plaintiffs' improper argument, Kite requests the following curative instruction, which tracks 35 U.S.C. § 298:

> **The failure of an accused infringer to present evidence of legal advice with respect to any allegedly infringed patent may not be used to prove that the accused infringer willfully infringed the patent.**

\*          \*          \*

For the foregoing reasons, the Court should provide Kite's proposed curative instruction.

DATED:  December 12, 2019        MUNGER, TOLLES & OLSON LLP


By:     /s/ *Ted Dane*
          Ted Dane
     Attorneys for Defendant-Counterclaimant
     KITE PHARMA, INC.