JEFFREY I. WEINBERGER (State Bar No. 56214)
jeffrey.weinberger@mto.com
TED DANE (State Bar No. 143195)
ted.dane@mto.com
GARTH T. VINCENT (State Bar No. 146574)
garth.vincent@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter.gratzinger@mto.com
ADAM R. LAWTON (State Bar No. 252546)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

GEOFFREY D. BIEGLER (State Bar No. 290040)
biegler@fr.com
GRANT T. RICE (admitted *pro hac vice*)
rice@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Attorneys for Defendant-Counterclaimant
KITE PHARMA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>vs.<br><br>KITE PHARMA, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-7639-SJO-KS<br><br>**DECLARATION OF MARKUS BRAZILL RE: KITE PHARMA, INC.'S SECOND APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF ITS RESPONSE TO PLAINTIFFS' REQUEST TO ADMIT KITE'S RESPONSIVE DAMAGES CONTENTIONS AS EVIDENCE** |

I, Markus Brazill, declare:

1. I am an attorney with the law firm of Munger, Tolles & Olson LLP, counsel for Defendant Kite Pharma, Inc. ("Kite") in this case. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could competently testify to them.

2. I understand that the right of the public to access court records "is not absolute" and that a court may seal confidential information disclosed during the course of a legal proceeding. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

3. I understand that "compelling reasons" exist to seal a record when it might "become a vehicle for improper purposes," such as the "release of trade secrets." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 1179).

4. It is my understanding that the Ninth Circuit has defined trade secrets as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).

5. I also understand that, according to the Ninth Circuit, confidential terms of patent license agreements, such as "pricing terms, royalty rates, and guaranteed minimum payment terms," may satisfy the "compelling reasons" standard even though I understand that the lower good cause standard applies here. *Elec. Arts*, 298 F. App'x at 569-70; *Kamanaka*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("The 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard").

6. In Kite's Responsive Damages Contentions, Dkt. 553-1, the designation portions of lines 3, 4, 5, 10, 19, 21, 24, 25, 26, 27, and 28 on page 13

contain Kite and/or Gilead licensing terms. On information and belief, Gilead's regular practice is to maintain such details of its licensing information in confidence and not to disclose that information publicly. Public disclosure of such information would reveal Kite and/or Gilead's sensitive licensing terms, which would disadvantage Gilead in the marketplace and thereby cause competitive harm.

7. I declare under penalty of perjury that the foregoing is true and correct.

DATED: December 12, 2019

*/s/ Markus Brazill*
Markus Brazill