UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Priority | ___ |
|---|---|
| Send | ___ |
| Enter | ___ |
| Closed | ___ |
| JS-5/JS-6 | ___ |
| Scan Only | ___ |

**CASE NO.:** 2:17-cv-07639 SJO-KS           **DATE:** December 13, 2019

**TITLE:** Juno Therapeutics, Inc., et al. v. Kite Pharma, Inc.
========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER RE: PARTIES' REQUESTS** [ECF Nos. 445, 472, 498, 505, 508, 523, 525, 527, 536, 574]; **DEFENDANT'S ORDER OF PROOF** [ECF No. 543]; **DEFENDANT'S ORAL MOTION FOR MISTRIAL; PARTIES' AMENDED PRETRIAL EXHIBIT STIPULATION** [ECF No. 476]

For all of the reasons stated by the Court on the record, the Court has made the following rulings on the parties' requests:[1]

The Court **DENIES WITHOUT PREJUDICE** Plaintiffs' *Ex Parte* Application to Exclude Testimony from Dr. Thomas Schuetz [445].

The Court **GRANTS-IN-PART** Plaintiffs' Request for a Curative Instruction [472]. The Court read the designated portion of the parties' joint stipulation into the record.

The Court **DENIES AS MOOT** Defendant's Request for a Curative Instruction on Dr. Yashodhara Dash's Improper Testimony [498].

The Court **DENIES AS MOOT** in light of ECF No. 508 Defendant's Request for Relief for Curative Instruction Regarding Inter Parties Review [505].

The Court **GRANTS-IN-PART** Defendant's Corrected Request for Curative Instruction Regarding the *Inter Partes* Review [508]. The Court read the modified instruction and included the modified instruction in the closing instructions.

The Court **DENIES AS MOOT** Plaintiffs' Request to Enter into Evidence Kite's Damages Contentions Admissions [523].

The Court **DENIES** Defendant's Request to Admit DX48 [525].

The Court **DENIES** Defendant's Request to Strike and to Admit Rebuttal Evidence [527].

---
[1] The Court has ruled on the parties' objections as noted in the record.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: <u>2:17-cv-07639 SJO-KS</u>**                              **DATE:  <u>December 13, 2019</u>**

The Court **GRANTS** Plaintiffs' Request for an Order Instructing Defendant to Not Use Certain Terms During Closing Statement [536].

The Court **DENIES** Defendant's Request for a Curative Instruction Pursuant to 35 U.S.C. § 298 [574].

Regarding Defendant's Offer of Proof [543], the Court notes the following regarding the length of trial.  In March 2018 at the parties' Scheduling Conference, the Court noted on the record that it contemplated a "five or six day[]" trial, as only one patent was at issue.  (Transcript, ECF No. 92 at 54.)  Following that time, the issues narrowed, as literal infringement and infringement under the doctrine of equivalents were no longer at issue for trial.  At the parties' November 26, 2019 pretrial conference, the Court initially allotted each side 10 hours for witness questioning (excluding opening statements and closing arguments).  At Plaintiffs' request and with Defendant's agreement, the Court expanded the time to 11 hours for questioning including interim summation, "subject to adjustment."[2]  (Minute Order, ECF No. 530 at 1.)  At the continuing Pretrial Conference on December 2, 2019, Defendant requested an enlargement of time to 12.5 hours per side.  (Minute Order, ECF No. 531 at 1.)  At that time, the Court saw no need to expand the time allotted to parties based on the scope of issues presented, but took Defendant's request under submission.  Trial began on December 3, 2019 and closing arguments concluded on December 12, 2019.  On December 10, 2019, counsel for Defendant requested an extra forty minutes for witness testimony.  Based on the status of the case and stage of witness examination, the Court granted Defendant's request in full, and Plaintiffs' subsequent parallel request for forty minutes.  Of the eleven hours and forty minutes allotted to Defendant for witness testimony, Defendant used eleven hours and thirty-one minutes.[3]  Thus, based on the Court's early disclosure that the parties would be allotted five to six days for trial, the subsequent narrowing of scope of the case, the Court's granting Defendant's full request for enlargement based on the status of the case, and Defendant not utilizing its full time on the record, the Court's view is that Defendant was allotted sufficient time at trial.  The Court also notes that it similarly granted Defendant more time than requested for its closing argument (90 minutes was requested and granted, two hours was then requested and granted, two hours and fifteen minutes was then requested and granted, and Defendant exceeded its two hour and fifteen minute allotment).

Regarding Defendant's oral Motion for Mistrial on December 12, 2019, the Court does not find that Defendant's Motion for Mistrial bears merit.  ***First***, Defendant noted that counsel for Defendant argued from an incorrect version of the jury verdict form.  On December 11, 2019, Defendant requested a deletion to part of question 5(a).  Plaintiffs did not oppose.  The Court granted the request.  Both parties received an updated jury verdict form (reflecting other changes) on December 11, 2019.  On December 12, 2019, Plaintiffs noted that the accepted deletion was not reflected in the updated jury verdict form and requested the change be incorporated prior to providing the form to the jury.  Defendant objected, and Defendant's counsel stated that he had argued from an incorrect form provided on December 11, 2019, and moved for mistrial on that basis.  The Court finds that its December 11, 2019 ruling granting Defendant's request for deletion was clear on the record.  Both parties were on notice that the Court had accepted Defendant's request.  Neither party raised the issue before presenting closing arguments to the jury.  Once raised and

---

[2] Although the Court provided an extra hour to each party for interim summation, neither party elected to utilize interim summation, and thus each party devoted its extra hour to witness testimony.
[3] Plaintiffs used eleven hours and twenty-two minutes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**CASE NO.: 2:17-cv-07639 SJO-KS**            **DATE: December 13, 2019**

prior to providing the form to the jury, the Court corrected the jury form consistent with its prior ruling. Furthermore, the Court finds that the error was not prejudicial to Defendant. The language to be removed limited a portion of damages to the end of trial, which is the damages period to which Defendant's expert has consistently testified. Removal of this express limitation thus does not prejudice Defendant, as counsel for Defendant opined on the same damages period throughout trial, and removal of the limitation does not preclude the jury from entering the award requested by Defendant's counsel. *Second*, Defendant objected that Plaintiffs misstated the law regarding IPRs during closing argument. Counsel for Plaintiffs referenced the '190 Patent Final Written Decision ("FWD")[4] and told the jury the FWD showed that Defendant made no argument during claim construction in the IPR as to whether the proper claim interpretation should start at 113 or 114. Defendant objected that a Certificate of Correction challenge cannot be raised in an IPR proceeding and that counsel for Plaintiffs incorrectly stated that Defendant could have challenged the Certificate of Correction. The Court finds that Plaintiffs' counsel's statements do not merit granting a mistrial. During an IPR, parties may make claim construction arguments, and the PTAB may construe claims when evaluating anticipation and obviousness challenges. The Court understands Plaintiffs' argument to be that Defendant, while asserting some claim construction arguments during the IPR, did not ask PTAB to construe whether the sequence in claim 1 should start at 113 or 114. The Court is not persuaded that this comprises a misstatement of law. The Court already granted Defendant's request to instruct the jury during trial that a patent can only be challenged during IPR on grounds of anticipation or obviousness, not for a certificate of correction, inadequate written description, or enablement. The Court again included the instruction as Closing Instruction No. 15(a). Given the limited nature of Plaintiffs' remark during closing, the Court's multiple IPR instructions to the jury, and the Court's instruction to the jury that attorney argument is not evidence, the Court decides a mistrial is not appropriate.

Regarding the parties' Amended Pretrial Exhibit Stipulation [476], as noted by the Court at the parties' Pretrial Conference, in order to preserve objections to exhibits, the Court requires parties to state objections on the record during trial. Any objection presented *only* in the Amended Pretrial Exhibit Stipulation is not preserved.

**IT IS SO ORDERED.**

---

[4] The FWD was admitted as an exhibit.