Morgan Chu (SBN 70446)
mchu@irell.com
Alan J. Heinrich (SBN 212782)
aheinrich@irell.com
C. Maclain Wells (SBN 221609)
mwells@irell.com
Elizabeth C. Tuan (SBN 295020)
etuan@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Andrea W. Jeffries (SBN 183408)
ajeffries@jonesday.com
Luke J. Burton (SBN 301247)
lburton@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

*[List of counsel continues on next page]*

Attorneys for Plaintiffs
JUNO THERAPEUTICS, INC. and SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNO THERAPEUTICS, INC. AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>    Plaintiffs,<br><br>  v.<br><br>KITE PHARMA, INC.,<br><br>    Defendant. | Case No. 2:17-cv-07639-SJO-KSx<br><br>**PLAINTIFFS AND COUNTERCLAIM DEFENDANTS' ANSWER TO COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS** |
| KITE PHARMA, INC.,<br><br>    Counterclaim Plaintiff,<br><br>  v.<br><br>JUNO THERAPEUTICS, INC. AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>    Counterclaim Defendants. | **DEMAND FOR JURY TRIAL**<br><br>Hon. S. James Otero |

| | |
|---|---|
| 1 | Rebecca Carson (SBN 254105) |
|   | rcarson@irell.com |
| 2 | Ingrid M. H. Petersen (SBN 313927) |
|   | ipetersen@irell.com |
| 3 | IRELL & MANELLA LLP |
|   | 840 Newport Center Drive, Suite 400 |
| 4 | Newport Beach, CA 92660 |
|   | Telephone:  (949) 760-0991 |
| 5 | Facsimile:   (949) 760-5200 |
| 6 | Christopher J. Harnett (*Pro Hac Vice*) |
|   | charnett@jonesday.com |
| 7 | Sarah A. Geers (*Pro Hac Vice*) |
|   | sgeers@jonesday.com |
| 8 | Kevin V. McCarthy (*Pro Hac Vice*) |
|   | kmccarthy@jonesday.com |
| 9 | JONES DAY |
|   | 250 Vesey Street |
| 10 | New York, NY 10281-1047 |
|    | Telephone:  (212) 326-3939 |
| 11 | Facsimile:   (212) 755-7306 |
| 12 | Jennifer L. Swize (*Pro Hac Vice*) |
|    | jswize@jonesday.com |
| 13 | JONES DAY |
|    | 51 Louisiana Avenue, N.W. |
| 14 | Washington, DC 20001-2113 |
|    | Telephone: (202) 879-3939 |
| 15 | Facsimile:  (202) 626-1700 |
| 16 | John M. Michalik (*Pro Hac Vice*) |
|    | jmichalik@jonesday.com |
| 17 | JONES DAY |
|    | 77 West Wacker Drive, Suite 3500 |
| 18 | Chicago, IL 60601-1692 |
|    | Telephone: (312) 782-3939 |
| 19 | Facsimile:  (312) 782-8585 |
| 20 | *Attorneys for Plaintiffs* |
|    | JUNO THERAPEUTICS, INC. and SLOAN KETTERING |
| 21 | INSTITUTE FOR CANCER RESEARCH |

Plaintiffs and Counterclaim Defendants Juno Therapeutics, Inc. and Sloan Kettering Institute for Cancer Research (together, "Juno") hereby respond to the Counterclaims of Kite Pharma, Inc. ("Kite") as follows:

## THE PARTIES

1. Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 and on that basis denies them.

2. Juno is informed and believes, and on that basis admits, that Kite is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 2400 Broadway, Santa Monica, California, 90404.

3. Juno admits that Sloan Kettering Institute for Cancer Research ("Sloan Kettering") is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 1275 York Avenue, New York, New York, 10065. Juno also admits that Sloan Kettering is the named assignee of U.S. Patent No. 7,446,190 (the "'190 Patent").

4. Juno admits that Juno Therapeutics, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 400 Dexter Avenue North, Suite 1200, Seattle, Washington 98109, and is a wholly owned subsidiary of Celgene Corporation, which is a wholly owned subsidiary of Bristol-Myers Squibb Company. Except as expressly admitted, Juno denies the allegations set forth in paragraph 4 of the Counterclaims.

## JURISDICTION AND VENUE

5. Juno admits that Kite purports to bring claims under the Declaratory Judgment Act and the patent laws of the United States of America, Title 28 and 35 of the United States Code.

6. Juno admits that subject matter jurisdiction exists in this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. Juno admits that, for the purposes of this lawsuit only, this Court has personal jurisdiction over Juno Therapeutics. Except as expressly admitted, Juno denies the allegations set forth in paragraph 7 of the Counterclaims.

8. Juno admits that, for the purposes of this lawsuit only, this Court has personal jurisdiction over Sloan Kettering. Except as expressly admitted, Juno denies the allegations set forth in paragraph 8 of the Counterclaims.

9. Juno admits that venue is proper.

10. Juno admits that Juno has accused Kite of infringement of the '190 Patent, which Kite denies.

11. Juno admits that an actual and justiciable controversy exists between Kite and Juno with respect to non-infringement and invalidity of the '190 Patent.

## FACTUAL BACKGROUND

12. Juno admits that Kite is the owner of KTE-C19, also known as YESCARTA. Juno further admits that YESCARTA involves the engineering of a cancer patient's own T cells to produce a CAR-T targeting CD19, but otherwise denies the allegations set forth in paragraph 12.

13. Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 and on that basis denies them.

14. Juno admits as a general matter that CAR-T therapy "involves taking T cells out of a patient, engineering the cells to express the appropriate CAR, expanding the engineered cell population, and ultimately reintroducing the cells back into the patient's body, where they attack the target cancer," but otherwise denies the allegations set forth in paragraph 14.

(a) **YESCARTA®: A Clinical Success**

15. Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 and on that basis denies them.

16. Juno admits that Exhibit B[1] appears to be a copy of an article titled "Kite, NCI Partner on Engineered Autologous T-Cell Therapies." Except as expressly admitted, Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 and on that basis denies them.

17. Juno admits that Exhibit C appears to be a copy of a Kite Pharma press release titled "Kite, NCI Partner on Engineered Autologous T-Cell Therapies." Except as expressly admitted, Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 and on that basis denies them.

18. Juno admits that Exhibit D appears to be a copy of a Kite Pharma press release titled "Kite Pharma Presents Results of Multi-Center Pivotal ZUMA-1 Trial of Axicabtagene Ciloleucel (KTE-C19) in Aggressive Non-Hodgkin Lymphoma as Late-Breaking Abstract at Annual Meeting of American Society of Hematology." Except as expressly admitted, Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 and on that basis denies them.

19. Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 and on that basis denies them.

20. Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 and on that basis denies them.

21. Juno admits that Exhibit E appears to be a copy of a Kite Pharma press release titled "Kite Announces Initiation of Axicabtagene Ciloleucel CAR-T Clinical

---

[1] All references to "Exhibits" refer to the exhibits to the Counterclaims which were filed with the Kite Pharma, Inc.'s Answer To Plaintiffs' Second Amended And Supplemental Complaint and Counterclaims (Dkt. No. 617) and incorporated by reference in the Counterclaims.

1. Program in the European Union." Except as expressly admitted, Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 and on that basis denies them.

22. Juno admits that Exhibit F appears to be an excerpt of a version of the "Fact Sheet: Breakthrough Therapies" section of the Food and Drug Administration's website, which exhibit contains, in part, text selectively contained within certain of the quotations in paragraph 22. Except as expressly admitted, Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 and on that basis denies them.

23. Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 and on that basis denies them.

24. Juno admits that Exhibit G appears to be a copy of a Kite Pharma press release titled "Kite Completes Submission of U.S. Biologics License Application (BLA) for Axicabtagene Ciloleucel as the First CAR-T Therapy for the Treatment of Patients With Aggressive Non-Hodgkin Lymphoma (NHL)," which exhibit contains, in part, text selectively contained within certain of the quotations in paragraph 24. Except as expressly admitted, Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 and on that basis denies them.

25. Juno is informed and believes, and on that basis admits, that Kite is a wholly owned subsidiary of Gilead Sciences, Inc. Except as expressly admitted, Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 and on that basis denies them.

26. Juno admits that Exhibit H appears to be an excerpt of a version of the "FDA News Release" section of the Food and Drug Administration's website titled "FDA approves CAR-T cell therapy to treat adults with certain types of large B-cell lymphoma." Except as expressly admitted, Juno lacks sufficient knowledge or

1  information to form a belief as to the truth or falsity of the allegations set forth in
2  paragraph 26 and on that basis denies them.

### (b) Kite's CAR-T Collaborations

27. Juno admits that Exhibit I appears to be a copy of a Kite Pharma press release titled "Kite Pharma and The Leukemia & Lymphoma Society(R) Enter Into Collaboration to Enhance the Development of KTE-C19 in Refractory Aggressive Non-Hodgkin Lymphoma and Launch CAR T-Cell Therapy Educational Programs." Except as expressly admitted, Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 and on that basis denies them.

28. Juno admits that Exhibit J appears to be a copy of a Kite Pharma press release titled "Kite Pharma Announces Clinical Collaboration to Evaluate Two Novel Immunotherapies for Patients with Non-Hodgkin Lymphoma." Except as expressly admitted, Juno lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 and on that basis denies them.

### (c) Juno's CAR-T Failure

29. Juno admits that Juno is not currently developing JCAR015 for commercial marketing. Except as expressly admitted, Juno denies the allegations set forth in paragraph 29 of the Counterclaims.

30. Juno admits that the '190 Patent is entitled "Nucleic Acids Encoding Chimeric T Cell Receptors."

31. Juno admits that in 2013, Juno Therapeutics, Inc. and Memorial Sloan Kettering Cancer Center ("MSKCC"), which was a named plaintiff in this action until dismissed by this Court's November 6, 2019 Order, entered into an Exclusive License Agreement that was intended to include the rights to the '190 Patent. Except as expressly admitted, Juno denies the allegations set forth in paragraph 31 of the Counterclaims.

32. Juno admits that MSKCC was at least one site of one or more clinical trials for JCAR015. Except as expressly admitted, Juno denies the allegations set forth in paragraph 32 of the Counterclaims.

33. Juno admits that the phase II clinical trial on JCAR015 was put on clinical hold on July 7, 2016. Juno admits that Exhibit K appears to be a copy of an article titled "Juno Therapeutics Stops Trial Of Cancer-Killing Cells After 3 Patient Deaths," which exhibit contains, in part, text selectively contained within certain of the quotations in paragraph 33. Juno admits that the cited article states "[t]hree patients . . . died . . . forcing the trial to be put on hold." According to the article, each death occurred from cerebral edema. Except as expressly admitted, Juno denies the allegations set forth in paragraph 33 of the Counterclaims.

34. Juno admits that it was permitted to resume the clinical trial involving JCAR015. Juno admits that two other patients participating in the trial appear to have died from cerebral edema. Juno admits that Exhibit L appears to be a copy of an article titled "Juno CAR-T study put on hold, again, after cerebral edemas and fatality, again."

35. Juno admits that it thereafter voluntarily halted the clinical trial and the clinical trial has not resumed. Exhibit M appears to be a copy of an article titled "Two patient deaths halt trial of Juno's new approach to treating cancer," which exhibit contains, in part, text selectively contained within certain of the quotations in paragraph 35. Except as expressly admitted, Juno denies the allegations set forth in paragraph 35 of the Counterclaims.

36. Juno admits it is developing its JCAR017 therapy. Except as expressly admitted, Juno denies the allegations set forth in paragraph 36 of the Counterclaims.

37. Juno admits that its JCAR017 therapy uses a different amino acid sequence from the CAR sequence in JCAR015 and does not use the amino acid sequence encoded by SEQ ID NO:6.

**(d) The '190 Patent**

38. Juno admits that every claim of the '190 Patent requires a "costimulatory signaling region compris[ing] the amino acid sequence encoded by SEQ ID NO:6."

39. Juno denies the allegations set forth in paragraph 39 of the Counterclaims.

40. Juno denies the allegations set forth in paragraph 40 of the Counterclaims.

41. Juno admits that a certificate of correction was requested for the '190 Patent. Except as expressly admitted, Juno denies the allegations set forth in paragraph 41 of the Counterclaims.

42. The allegations in paragraph 42 constitute conclusions of law or legal argument to which no responsive pleading is necessary. To the extent a responsive pleading is necessary, Juno denies the allegations set forth in paragraph 42 of the Counterclaims.

43. Juno denies the allegations set forth in paragraph 43 of the Counterclaims.

44. Juno denies the allegations set forth in paragraph 44 of the Counterclaims.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '190 Patent)**

45. Juno repeats and incorporates by reference each of its responses to paragraphs 1 through 44 above.

46. Juno is informed and believes, and on that basis admits, that Kite contends that the claims of the '190 Patent are invalid. Juno admits that it contends that the claims of the '190 Patent are not invalid. Except as expressly admitted, Juno denies the allegations set forth in paragraph 46 of the Counterclaims.

47. Juno denies the allegations set forth in paragraph 47 of the Counterclaims.

48. The allegations in paragraph 48 constitute conclusions of law or legal argument to which no responsive pleading is necessary.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of the '190 Patent)

49. Juno repeats and incorporates by reference each of its responses to paragraphs 1 through 48 above.

50. Juno admits that there is an actual, live controversy between Kite and Juno as to whether Kite has infringed or does infringe, directly or indirectly, any valid claim of the '190 Patent. Juno admits that it contends that Kite infringes the '190 Patent. Except as expressly admitted, Juno denies the allegations set forth in paragraph 50 of the Counterclaims.

51. Juno denies the allegations set forth in paragraph 51 of the Counterclaims.

52. The allegations in paragraph 52 constitute conclusions of law or legal argument to which no responsive pleading is necessary.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Juno asserts the following affirmative defense, which is pled in the alternative, and does not constitute an admission that Kite is entitled to any relief whatsoever. Juno reserves the right to assert additional affirmative defenses in the event that discovery and other analyses indicate that additional affirmative defenses are appropriate.

## FIRST AFFIRMATIVE DEFENSE

### (IPR Estoppel)

1. Kite filed a petition for *inter partes* review ("IPR") against the '190 Patent on August 13, 2015. *See* Dkt. No. 484-2.

2. That IPR proceeded to a Final Written Decision, issued by the Patent Trial and Appeal Board ("Board") on December 16, 2016. *See* Dkt. No. 484-3.

3. The Board found that Kite had "not shown by a preponderance of the evidence that claims 1-13 of the '190 Patent are unpatentable under 35 U.S.C. § 103." *See* Dkt. No. 484 (quoting Dkt. No. 484-3 at 29).

4. As a result, Kite is now estopped from asserting that the claims of the '190 Patent are invalid "on any ground that the petitioner raised or reasonably could have raised during the *inter partes* review." *See* 35 U.S.C. § 315(e).

## PRAYER FOR RELIEF ON KITE'S COUNTERCLAIMS

Juno denies that Kite is entitled to any relief, and specifically denies the allegations and requests for relief set forth in paragraphs A-G under the heading "PRAYER FOR RELIEF" in the Counterclaims.

WHEREFORE, Counterclaim Defendants pray for relief as follows:

A. An award to Counterclaim Defendants of their costs and reasonable expenses to the fullest extent permitted by law;

B. A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

C. An award of such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | DATED: December 23, 2019 | Respectfully submitted, |
| 2 | | By: /s/ *Andrea W. Jeffries* |
| 3 | | Andrea W. Jeffries (SBN 183408)<br>Luke J. Burton (SBN 301247)<br>JONES DAY<br>555 South Flower Street, Fiftieth Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 489-3939<br>Facsimile: (213) 243-2539 |
| | | Morgan Chu (SBN 70446)<br>Alan J. Heinrich (SBN 212782)<br>C. Maclain Wells (SBN 221609)<br>Elizabeth C. Tuan (SBN 295020)<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Telephone: (310) 277-1010<br>Facsimile: (310) 203-7199 |
| | | Rebecca Carson (SBN 254105)<br>Ingrid M. H. Petersen (SBN 313927)<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br>Telephone: (949) 760-0991<br>Facsimile: (949) 760-5200 |
| | | Christopher J. Harnett (Pro Hac Vice)<br>Sarah A. Geers (Pro Hac Vice)<br>Kevin V. McCarthy (Pro Hac Vice)<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281-1047<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306 |
| | | Jennifer L. Swize (Pro Hac Vice)<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001-2113<br>Telephone: (202) 879-3939<br>Facsimile: (202) 626-1700 |
| | | John M. Michalik (*Pro Hac Vice*)<br>JONES DAY<br>77 West Wacker Drive, Suite 3500<br>Chicago, IL 60601-1692<br>Telephone: (312) 782-3939<br>Facsimile: (312) 782-8585 |
| | | *Attorneys for Plaintiffs Juno Therapeutics, Inc. and Sloan Kettering Institute for* |

## CERTIFICATE OF SERVICE

A copy of the foregoing document was electronically filed with the Court this 23rd day of December, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Andrea W. Jeffries*