# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>v.<br><br>KITE PHARMA, INC.,<br><br>Defendant.  | Case No. 2:17-cv-07639-SJO-KSx<br><br>**[PROPOSED] JUDGMENT ON DECEMBER 13, 2019 JURY VERDICT**<br><br>Hon. S. James Otero<br><br>Courtroom 10C |
| AND RELATED COUNTERCLAIMS | |

This action came on for jury trial on December 3, 2019, in Courtroom 10C of the above-entitled Court, the Honorable District Court Judge S. James Otero presiding. On December 13, 2019, the jury returned a unanimous verdict in favor of Plaintiffs Juno Therapeutics, Inc., and Sloan Kettering Institute for Cancer Research ("Plaintiffs") and against Defendant Kite Pharma, Inc. ("Kite"). Dkt. No. 593 (redacted version); Dkt. No. 594 (sealed version).

**NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT JUDGMENT IS HEREBY ENTERED IN THIS MATTER AS FOLLOWS:**

1. Kite has infringed claims 3, 5, 9, and 11 of United States Patent No. 7,446,190 ("the '190 Patent") since October 18, 2017, by making, selling, and/or offering to sell Yescarta® in the United States.

2. Kite's infringement of claims 3, 5, 9, and 11 of the '190 Patent has been willful.

3. Claims 3, 5, 9, and 11 of the '190 Patent are not invalid for lack of enablement or written description.

4. The '190 Patent's Certificate of Correction is not invalid.

5. Judgment is entered against Kite on its counterclaims of non-infringement and invalidity.

6. In addition to costs, pre-judgment interest, and any further relief awarded by the Court, Plaintiffs shall recover on the jury verdict $751,607,611.14 against Kite, which consists of a reasonable royalty comprising (1) a $585,000,000 upfront payment; and (2) $166,607,611.14, calculated as a 27.6% running royalty rate on Kite's revenues from sales of Yescarta® from October 18, 2017 through September 30, 2019, which were $603,650,765. As provided for in 28 U.S.C. § 1961, Plaintiffs shall also recover post-judgment interest at a rate of ___, compounded annually, from the date of this Judgment until the Judgment is paid.

7. The parties' Rule 50(a) motions, *see* Dkt. Nos. 550, 551, are denied as moot.

8. The parties are expected to submit post-trial motions; the entry of this Judgment does not preclude the parties' ability to seek the relief to be sought by such timely filed motions.

Dated:_____, 2019

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE