1  Morgan Chu (SBN 70446)
   mchu@irell.com
2  Alan J. Heinrich (SBN 212782)
   aheinrich@irell.com
3  C. Maclain Wells (SBN 221609)
   mwells@irell.com
4  Elizabeth C. Tuan (SBN 295020)
   etuan@irell.com
5  IRELL & MANELLA LLP
6  1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-4276
7  Telephone:    (310) 277-1010
   Facsimile:    (310) 203-7199
8
   Andrea W. Jeffries (SBN 183408)
9  ajeffries@jonesday.com
   Luke J. Burton (SBN 301247)
10 lburton@jonesday.com
11 JONES DAY
   555 South Flower Street, Fiftieth Floor
12 Los Angeles, CA 90071
   Telephone:    (213) 489-3939
13 Facsimile:    (213) 243-2539

14 *[List of counsel continues on next page]*

15 *Attorneys for Plaintiffs*
16 JUNO THERAPEUTICS, INC., MEMORIAL
   SLOAN KETTERING CANCER CENTER,
17 and SLOAN KETTERING INSTITUTE FOR
   CANCER RESEARCH
18

19          UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
20               WESTERN DIVISION

| | |
|---|---|
| 21  JUNO THERAPEUTICS, INC., *et al.*, | Case No. 2:17-cv-07639-SJO-KSx |
| 22          Plaintiffs, | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' PROPOSED JUDGMENT AND POST-TRIAL BRIEFING SCHEDULE** |
| 23          v. | |
| 24  KITE PHARMA, INC., | Hon. S. James Otero |
| 25          Defendant. | Place:    Courtroom 10C |
| 26 | |
| 27  AND RELATED COUNTERCLAIMS | |
| 28 | |

1  Rebecca Carson (SBN 254105)
   rcarson@irell.com
2  Ingrid M. H. Petersen (SBN 313927)
   ipetersen@irell.com
3  IRELL & MANELLA LLP
   840 Newport Center Drive, Suite 400
4  Newport Beach, CA 92660
   Telephone:   (949) 760-0991
5  Facsimile:    (949) 760-5200

6
   Christopher J. Harnett (*Pro Hac Vice*)
7  charnett@jonesday.com
   Sarah A. Geers (*Pro Hac Vice*)
8  sgeers@jonesday.com
   Kevin V. McCarthy (*Pro Hac Vice*)
9  kmccarthy@jonesday.com
   JONES DAY
10 250 Vesey Street
   New York, NY 10281-1047
11 Telephone:   (212) 326-3939
   Facsimile:    (212) 755-7306
12

13 Jennifer L. Swize (*Pro Hac Vice*)
   jswize@jonesday.com
14 JONES DAY
   51 Louisiana Avenue, N.W.
15 Washington, DC 20001-2113
   Telephone:  (202) 879-3939
16 Facsimile:   (202) 626-1700

17 John M. Michalik (*Pro Hac Vice*)
   jmichalik@jonesday.com
18 JONES DAY
   77 West Wacker Drive, Suite 3500
19 Chicago, IL 60601-1692
   Telephone:  (312) 782-3939
20 Facsimile:   (312) 782-8585

21
   *Attorneys for Plaintiffs*
22 JUNO THERAPEUTICS, INC., MEMORIAL
   SLOAN KETTERING CANCER CENTER,
23 and SLOAN KETTERING INSTITUTE FOR
   CANCER RESEARCH
24

25

26

27

28

**INTRODUCTION**

This matter came on for trial in this Court on December 3, 2019, and concluded with a jury verdict in favor of Plaintiffs on all issues on December 13, 2019.  Dkt. No. 594.  Although the Court could have entered judgment in favor of Plaintiffs on all issues immediately following the jury verdict, the Court directed the parties to meet and confer on post-trial matters.  Trial Tr. 1562:23-1563:9.  The parties did so, and submitted a Joint Status Report Re: Post-Verdict Submissions on December 17, 2019, in which they agreed to submit either a jointly proposed form of judgment and post-trial briefing schedule, or competing proposals, by December 30, 2019.  Dkt. No. 595.  In accordance with the Joint Status Report, the parties attempted to reach agreement on these matters, but have been unable to do so.  The essential difference between the parties' views is that Plaintiffs seek expeditious and simultaneous briefing of both sides' post-trial motions so they can be addressed while the trial is still fresh in the minds of the Court and counsel, whereas Kite seeks a staggered schedule that would delay Kite's post-trial motions for months, notwithstanding the fact that its Rule 50(b) motion is necessarily a renewed motion and must therefore essentially repeat its previously filed Rule 50(a) motion.  There is no reason for such delay.  The jury rendered its verdict; it is time for the parties to proceed with any follow-on motion practice so this case may be concluded in the trial court.  Accordingly, Plaintiffs respectfully request that the Court enter their proposed post-trial briefing schedule set forth as Exhibit B to the Notice of Lodging, and Plaintiffs' proposed judgment set forth as Exhibit A to the Notice of Lodging.

**BACKGROUND**

Plaintiffs intend to file post-trial motions seeking (1) recovery of attorneys' fees; (2) enhanced damages under 35 U.S.C. § 284; (3) supplemental damages (the royalties owed for sales from September 30, 2019 through the date of the judgment); (4) ongoing royalties (for sales made after the judgment); and (5) prejudgment

interest.  Kite has indicated that it intends to renew its motion for judgment as a matter of law under Rule 50(b) and move for a new trial under Rule 59.

On December 17, the parties submitted their Joint Status Report, Dkt. No. 595, wherein the parties informed the Court that they would discuss the schedule for post-trial submissions, and would file either an agreed form of judgment and briefing schedule, or competing proposals, by December 30, 2019.  *Id.*

On December 18, Plaintiffs provided Kite with a proposed stipulation setting forth a schedule for post-trial motions as follows: each side would file a consolidated motion of no more than 30 pages by 35 days after the jury's verdict—in other words, by January 17, 2020.  Ex. 1 at 1.[1]  Each side would then have 30 pages and 14 days— until January 31, 2020—to respond.  *Id.*  Replies would be limited to 15 pages and would be due one week later, on February 7, 2020.  *Id.*

Late in the day on December 20, Kite informed Plaintiffs for the first time that it preferred a staggered post-trial briefing schedule whereby Kite would not bring its post-trial motions until after the Court resolves Plaintiffs' post-trial motions.  Jeffries Decl. ¶ 5; Ex. 3 at 2.  As Plaintiffs explained to Kite the next day, Jeffries Decl. ¶ 6; Ex. 3 at 1, Kite's new proposal is inconsistent with the parties' prior discussions regarding post-trial briefing, as reflected in the December 17 Joint Status Report, and, more importantly, inefficient and out of keeping with the normal post-trial process in patent infringement cases in district courts across the country, in which each side simultaneously briefs its issues promptly after the jury renders its verdict.  *E.g.*, *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-cv-3597, 2019 WL 2389150 (N.D. Cal. June 5, 2019); *Green Mountain Glass LLC v. Saint-Gobain Containers, Inc.*, 300 F. Supp. 3d 610, 616 (D. Del. 2018); *Bos. Sci. Corp. v. Cordis Corp.*, 838 F. Supp. 2d 259, 262 (D. Del. 2012).  Kite's next response, on December 23, did not

---

[1] All references to numbered exhibits are to exhibits to the Declaration of Andrea W. Jeffries filed in support of this memorandum.

address this case law or Plaintiffs' concerns about Kite's position; it was entirely non-substantive and merely stated that the parties had agreed to provide competing proposals if they could not agree.  Jeffries Decl. ¶ 7; Ex. 3 at 1.  As set forth below, Plaintiffs believe that their proposed schedule affords ample time for the preparation of all motions to be filed, and allows for the efficiencies attendant to briefing close in time to trial.  To avoid any further unnecessary delay, Plaintiffs hereby submit their proposal.

## ARGUMENT

### I.    Plaintiffs' Briefing Schedule Allows This Case To Be Resolved Efficiently

As Plaintiffs proposed to Kite, the best and most efficient course is for Plaintiffs and Kite to each file a single consolidated brief addressing their respective issues within 35 days of the jury verdict, and for the response and reply briefs to generally follow the ordinary schedule for motions set forth in Local Rules 7-9 and 7-10.  In particular:

- **Opening Briefs:**  Each side would file a consolidated brief not to exceed 30 pages addressing all of its respective issues within thirty-five days after the jury verdict was rendered, *i.e.*, by January 17, 2020.

- **Response Briefs:**  Each side would have fourteen days to file a response brief not to exceed 30 pages responding to the other side's opening brief, *i.e.*, by January 31, 2020.  *See* L.R. 7-9 (generally providing for fourteen days for response briefs).

- **Reply Briefs:**  Each side would have seven days to file a reply brief not to exceed 15 pages in support of its opening brief, *i.e.*, by February 7, 2020.

- **Hearing:**  The date designated for a hearing on these motions would be the Monday immediately following twenty-one days from the

1    date that the response briefs are due, *i.e.*, February 24, 2020, or the
2    next available hearing date thereafter.  *See* L.R. 7-9.

3    This proposal furthers judicial and party efficiency and allows ample time for
4    briefing, particularly in light of the renewed nature of Kite's Rule 50(b) motion.
5    Although certain of the issues, *e.g.*, attorneys' fees and new trial motions, have
6    slightly different default deadlines under the Local Rules, Plaintiffs' proposal to
7    consolidate each side's issues into a single brief, with page limits slightly expanded
8    from Local Rule 11-6, will streamline post-trial proceedings and permit the Court to
9    resolve all issues on the same schedule.  In addition, Plaintiffs' proposal permits the
10   post-trial proceedings to be resolved while the trial record remains fresh in the minds
11   of the parties and the Court.

12   Kite has agreed to Plaintiffs' proposed page limits for Plaintiffs' proposed
13   consolidated post-trial brief (30 pages for opening brief and opposition, 15 pages for
14   reply).  Ex. 3 at 2.  As to its own post-trial consolidated brief, however, Kite has stated
15   that it desires an additional number of pages, but has not specified the number of
16   additional pages beyond 30 that it desires, or why additional pages are needed.  Ex. 3
17   at 1-2.  Kite has also said that it would prefer a 21-day-opposition, 14-day-reply
18   briefing period for Plaintiffs' motion, also without justification.  Ex. 3 at 1-2.  With
19   regard to page limits, Kite's Rule 50(a) motion for judgment as a matter of law fit on
20   20 pages, *see* Dkt. No. 551, suggesting that 30 pages should be more than sufficient
21   for Kite's consolidated Rule 50(b) and new trial motion.  With regard to the briefing
22   schedule, Plaintiffs believe that a long and drawn-out schedule is unnecessary.  The
23   standard 14-day-opposition, 7-day-reply schedule is appropriate.

24   **II.    Plaintiff's Proposed Judgment Should Be Entered By December 30, 2019.**

25   As an initial matter, there is no dispute about the form of judgment.  In response
26   to Plaintiffs' proposed judgment, Kite offered only comments on procedure, and no
27   comments or proposed edits to the content.  *See* Jeffries Decl. ¶¶ 5, 7; Ex. 3 at 1-2.
28   Moreover, there is no reason not to enter judgment now.

1    Kite's claim that judgment should not be entered until *after* the Court resolves

2  Plaintiffs' post-trial motions, *see* Ex. 3 at 2, is wrong.  Kite was aware that Plaintiffs

3  intended to seek enhanced damages—Kite's supposed reason for deferring judgment,

4  *see* Ex. 3 at 2—long before it agreed to the parties' Joint Status Report contemplating

5  the submission of proposed forms of judgment by December 30.  *See, e.g.*, Dkt. No.

6  294 at 16 (Plaintiffs' Memorandum of Contentions of Fact and Law).  And contrary

7  to Kite's suggestion that entering judgment now would be "premature" or "potentially

8  confusing," *see* Ex. 3 at 2, courts adjudicating patent cases routinely enter judgment

9  on the jury verdict, *then* have the parties simultaneously brief post-trial issues, and

10  *then* enter an amended judgment, as appropriate.  *See, e.g.*, *Opticurrent*, 2019 WL

11  2389150; *Green Mountain Glass*, 300 F. Supp. 3d at 616; *Bos. Sci. Corp.*, 838 F.

12  Supp. 2d at 262.[2]

13    In any event, even if the Court declined to enter judgment at this time, that

14  would still not justify delaying the briefing on Kite's Rule 50(b) and Rule 59 motions.

15  Such motions may be brought before judgment is entered; the rules prohibit filing

16  such motions only *after* 28 days post-judgment.  *See Kaneka Corp. v. SKC Kolon PI,*

17  *Inc.*, 198 F. Supp. 3d 1089, 1099 (C.D. Cal. 2016) (holding that a motion seeking

18  relief under Rules 50(b) and 59 filed before entry of judgment was "timely because

19  Rule 50 does not, by its terms, preclude the filing of a renewed motion for judgment

20  as a matter of law before judgment has been entered"); *cf. Crane Sec. Techs., Inc. v.*

21  _____

22    [2] In correspondence between the parties, Kite cited two cases in support of its
claim that judgment should not be entered until resolution of Plaintiffs' motions.  *See*
23  Ex. 3 at 2 (citing *Brigham & Women's Hosp., Inc. v. Perrigo Co.*, 761 F. App'x 995
24  (Fed. Cir. 2019), and *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359 (Fed. Cir. 2007)).
These cases are inapt, as they address the distinct issue of when a judgment is final
25  *for purposes of appeal*.  *Brigham & Women's Hosp.*, 761 F. App'x at 1000-02; *PODS,*
26  *Inc.*, 484 F.3d at 1365 & n.4.  Moreover, in each case, the district court did exactly
what Kite says should not be done here: The court entered judgment on a jury verdict
27  without first resolving a motion for enhanced damages.  *Brigham & Women's Hosp.*,
28  761 F. App'x at 1000; *PODS, Inc.*, 484 F.3d at 1365 n.4.

1 | *Rolling Optics AB*, 337 F. Supp. 3d 48 (D. Mass. 2018) (simultaneous briefing of both
2 | sides' post-trial issues before judgment was entered in a patent case).  Indeed, if
3 | judgment is deferred, not only *may* Kite's requests be brought before entry of
4 | judgment simultaneous with Plaintiffs' briefing, but they also *should* be.  After all,
5 | Kite's requests for renewed judgment as a matter of law and a new trial must both be
6 | based on a record that already exists, *i.e.*, what occurred at trial.  Nothing in the
7 | resolution of Plaintiffs' post-trial requests will affect either of Kite's issues.
8 | Accordingly, even if the Court were to defer entry of judgment, it should still adopt
9 | Plaintiffs' proposed briefing schedule that provides for simultaneous briefing by both
10 | sides.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter Plaintiffs' proposed form of judgment and adopt Plaintiffs' proposed schedule for post-trial briefing, as set forth in Exhibits A and B, respectively, to the Notice of Lodging.

Dated:  December 23, 2019          Respectfully submitted,


                                  By:  */s/ Andrea W. Jeffries*
                                  Andrea W. Jeffries (SBN 183408)
                                  Luke J. Burton (SBN 301247)
                                  JONES DAY
                                  555 South Flower Street, Fiftieth Floor
                                  s Angeles, CA 90071
                                  Telephone:  (213) 489-3939
                                  Facsimile:   (213) 243-2539

                                  Morgan Chu (SBN 70446)
                                  Alan J. Heinrich (SBN 212782)
                                  C. Maclain Wells (SBN 221609)
                                  Elizabeth C. Tuan (SBN 295020)
                                  IRELL & MANELLA LLP
                                  1800 Avenue of the Stars, Suite 900
                                  Los Angeles, California 90067-4276
                                  Telephone:  (310) 277-1010
                                  Facsimile:   (310) 203-7199

MEMORANDUM IN SUPPORT OF PLAINTIFFS' PROPOSED
JUDGMENT AND POST-TRIAL BRIEFING SCHEDULE
Case No. 2:17-cv-07639-SJO-KSx

Rebecca Carson (SBN 254105)
Ingrid M. H. Petersen (SBN 313927)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone:  (949) 760-0991
Facsimile:   (949) 760-5200

Christopher J. Harnett (*Pro Hac Vice*)
Sarah A. Geers (*Pro Hac Vice*)
Kevin V. McCarthy (*Pro Hac Vice*)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  (212) 326-3939
Facsimile:   (212) 755-7306

Jennifer L. Swize (*Pro Hac Vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

John M. Michalik (*Pro Hac Vice*)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

*Attorneys for Plaintiffs*
*Juno Therapeutics, Inc., Memorial Sloan*
*Kettering Cancer Center, and Sloan Kettering*
*Institute for Cancer Research*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing document was electronically filed with the Court this 23rd day of December, 2019.  Notice of this filing will be sent by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

 */s/ Andrea W. Jeffries*
Andrea W. Jeffries

MEMORANDUM IN SUPPORT OF PLAINTIFFS' PROPOSED
JUDGMENT AND POST-TRIAL BRIEFING SCHEDULE
Case No. 2:17-cv-07639-SJO-KSx