JEFFREY I. WEINBERGER (State Bar No. 56214)
jeffrey.weinberger@mto.com
TED DANE (State Bar No. 143195)
ted.dane@mto.com
GARTH T. VINCENT (State Bar No. 146574)
garth.vincent@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter.gratzinger@mto.com
ADAM R. LAWTON (State Bar No. 252546)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

GEOFFREY D. BIEGLER (State Bar No. 290040)
biegler@fr.com
GRANT T. RICE (admitted *pro hac vice*)
rice@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Defendant-Counterclaimant
KITE PHARMA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JUNO THERAPEUTICS, INC. AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,

Plaintiffs,

vs.

KITE PHARMA, INC.,

Defendant.

AND RELATED COUNTERCLAIMS

Case No. 2:17-cv-7639-SJO-KS

**DEFENDANT KITE PHARMA, INC.'S REQUEST TO (1) SET A BRIEFING SCHEDULE FOR PLAINTIFFS' POST-VERDICT MOTION, AND (2) DEFER ENTRY OF JUDGMENT**

Judge: Hon. S. James Otero
Ctrm: 10C

Pursuant to the Joint Status Report Regarding Post-Verdict Submissions (ECF No. 595), and for the reasons set forth below, Kite respectfully requests that the Court enter the attached proposed order rather than Plaintiffs' proposed interlocutory judgment and proposed order filed at ECF No. 624.

## I. The Parties Agree that the Court Should Enter an Order Regarding Plaintiffs' Post-Verdict Motion

Plaintiffs intend to file a single, consolidated motion for multiple forms of monetary relief in addition to the monetary amount set forth in the verdict: attorneys' fees, enhanced damages under 35 U.S.C. § 284, supplemental damages, ongoing royalties, and pre- and post-judgment interest. ECF No. 624-4 at 1-2. Plaintiffs have asked the Court to set January 17, 2020, as the deadline for Plaintiffs to file their motion and to set page limits for the opening, opposition, and reply briefs at 30 pages, 30 pages, and 15 pages, respectively. *Id.* at 2. Kite has no objection to Plaintiffs' raising these requests for post-verdict relief in a single motion to be filed on January 17, or to Plaintiffs' proposed page limits for that motion.

However, for a 30-page motion requesting multiple forms of relief, which Kite expects would exceed $1,000,000,000 if granted in full, Kite respectfully submits that the briefing interval Plaintiffs have proposed—permitting Kite 14 days to respond—is too short. It would be more appropriate for Kite to have 21 days to respond. With regard to similarly substantial motions, Kite agreed to provide Plaintiffs with 28 days to respond to its summary judgment motion, and Plaintiffs afforded Kite 21 days to respond to their own summary judgment motion. *See* ECF No. 120 (briefing schedule for Kite's summary judgment motion, giving Plaintiffs 28 days to respond); *see also* ECF No. 122 at 2 (briefing schedule for Plaintiffs'

summary judgment motion, giving Kite 21 days to respond).[1] While Plaintiffs complain that "a long and drawn-out schedule is unnecessary" (ECF No. 624-4 at 4), extending the due date for Kite's response by one week in a case with so much at stake would not make the schedule "long and drawn-out." Instead, giving Kite at least as much time as the parties received to respond to pre-trial dispositive motions is fair and reasonable. The Court should adopt Kite's proposed briefing intervals instead of those proposed by Plaintiffs.

## II. The Remainder of Plaintiffs' Proposal Is Not Agreed, and the Court Should Not Enter It Because It Risks Confusion and Contravenes Clear Precedent from the Federal Circuit

### A. Because Plaintiffs Intend to Request Additional Awards of Damages, Entering Judgment Now Would Be Premature

In light of Plaintiffs' intention to move for damages in addition to those contained in the verdict—*e.g.*, enhanced damages—any "judgment" that might be entered now would not be an appealable final judgment. *Brigham & Women's Hosp., Inc. v. Perrigo Co.*, 761 F. App'x 995, 1000 (Fed. Cir. 2019) ("[T]he district court's December 19 judgment was not final because it did not resolve Brigham's claim for enhanced damages.").[2] That is so even if the purported judgment is titled "final judgment." *See* Ex. 1 at 3 ("The district court's denomination of the December 2016 judgment as a 'final judgment' in the April 24, 2017 order is not controlling.").

Because any judgment at this point would necessarily not be final, there is no reason to enter such a judgment now. Moreover, as described in detail below,

---

[1] Kite's proposed order also would give Plaintiffs 14 days to reply instead of the 7-day reply deadline in Plaintiffs' proposed order. If Plaintiffs do not need 14 days to reply, they can self-expedite by filing their reply sooner.

[2] In contrast, a pending request for attorneys' fees would not defeat the finality of a judgment because it is collateral to the merits. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199-200 (1988).

entering an interlocutory judgment now would create a significant risk of confusion about deadlines triggered by entry of an actual, final judgment. To avoid this confusion and the satellite disputes that may come with it, the Court should defer entering judgment until a proper final judgment can be entered.

### B. Entering an Interlocutory Judgment Now Would Likely Cause Confusion Later

Entry of final judgment starts the clock on a series of later, interrelated deadlines with which litigants must comply strictly. *First*, motions for JMOL and a new trial, which Kite intends to file, are due 28 days after entry of final judgment. Fed. R. Civ. P. 50(b) ("No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law."); Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment."). The Court lacks authority to extend those deadlines. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."). *Second*, a notice of appeal generally is due "30 days after entry of the judgment," except that a motion for JMOL or a new trial under Federal Rule of Civil Procedure 50(b) or 59 suspends the deadline to appeal if it is filed "within the time allowed by those rules"—*i.e.*, within 28 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A). The timely filing of a notice of appeal is a jurisdictional requirement in the Federal Circuit; the court of appeals must dismiss an untimely appeal for lack of jurisdiction and cannot make equitable exceptions. *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008).

Because those deadlines are strict and exceptions usually cannot be made, clarity and certainty about when those deadlines are triggered are essential. Entry of non-final judgments can result in confusion about those deadlines, which can lead to satellite disputes that needlessly consume judicial resources and delay resolution of cases. *See, e.g.*, *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed. Cir.

2007) ("This case represents another example of the litigants' failure to address potential problems concerning the finality of the judgment.").

*Brigham & Women's* is a recent example of the disarray that can arise from a district court's entry of a non-final interlocutory judgment before deciding a request to enhance damages. In that case, as here, a jury returned a verdict that the defendant willfully infringed a valid patent. The district court entered judgment on the verdict on December 19, 2016, without resolving the patentee's request for enhanced damages. *Brigham & Women's*, 761 F. App'x at 999-1000. The defendant did not move for JMOL or a new trial within 28 days and did not file a notice of appeal within 30 days. Rather, 36 days after the judgment, the defendant moved for JMOL of noninfringement and invalidity and the patentee moved for enhanced damages—the exact, erroneous procedure that Plaintiffs have proposed to this Court. *Id.* at 1000. The district court later declined to enhance damages, and denied the defendants' JMOL motion as untimely because it was not filed within 28 days after the judgment. *Id.* The defendant then took an appeal, which the patentee moved to dismiss for lack of jurisdiction, arguing that the defendant "failed to timely file its JMOL motions and notice of appeal." *Id.* The Federal Circuit denied the motion to dismiss and deactivated the appeal to give the district court an opportunity to decide the JMOL motion on the merits. The Federal Circuit reasoned that because the patentee's claim for enhanced damages was not resolved by the interlocutory judgment entered on December 19, 2016, that interlocutory judgment did not trigger the 28-day deadline to move for JMOL or the 30-day deadline to file a notice of appeal. *Id.* ("We concluded that the district court's December 19 judgment was not final because it did not resolve Brigham's claim for enhanced damages."); Ex. 1 at 3 ("There was, however, no final judgment in December 2016 . . . because the issue of enhanced damages had not been resolved."). The court of appeals thus had jurisdiction to reach the merits of the case, and ultimately agreed

with the defendant that no reasonable jury could have found infringement. *Brigham & Women's*, 761 F. App'x at 1002-05.

All of the time-consuming procedural scuffling in *Brigham & Women's* could have been avoided if the district court had refrained from entering a premature interlocutory judgment that was still open to the possibility of modification in the form of enhanced damages. Plaintiffs' argument that *Brigham & Woman's* merely involved "the distinct issue of when a judgment is final *for purposes of appeal*" (ECF No. 624-4 at 5 n.2), and thus is not controlling, is misplaced. The existence of a proper final judgment is the trigger for the filing of ***both*** a JMOL motion and a notice of appeal, with the deadline for the latter being suspended where a party has timely filed the former. Importantly, the filing of a JMOL motion suspends the jurisdictional deadline to file a notice of appeal *only* if the JMOL motion is timely. In holding that the appeal in *Brigham & Women's* was timely, the Federal Circuit necessarily held that the defendant's underlying JMOL motion was also timely because the court's earlier interlocutory judgment did not start the 28-day clock for that JMOL motion. Here, rather than risk creating a situation similar to that in *Brigham & Women's*—which resulted in months of litigation focused on whether interlocutory judgment in fact started the 28-day clock—the Court should defer entry of judgment until it rules on Plaintiffs' motion for enhancement and other post-verdict relief.

Plaintiffs do not dispute that deferring entry of judgment would be procedurally proper, clear, and fair here. Nonetheless, they insist on immediate entry of an interlocutory judgment because three cases show that it is supposedly "normal" for each side to "simultaneously brief[] its issues promptly after the jury renders its verdict." ECF No. 624-4 at 2. As an initial matter, district courts do not necessarily follow the procedure that Plaintiffs say is "normal." For example, after the jury verdict in *SSL Services, LLC v. Citrix Systems, Inc.*, No. 08-cv-158 (E.D. Tex.), the plaintiff filed a pre-judgment motion for enhanced damages, the court

then decided that motion and entered judgment, and the defendant filed its Rule 50(b) motion thereafter—exactly as Kite proposes should happen here. Moreover, the three examples that Plaintiffs cite are not persuasive here. *Opticurrent, LLC v. Power Integrations, Inc.*, 2019 WL 2389150 (N.D. Cal. June 5, 2019), did not involve a motion for enhanced damages or other non-collateral monetary relief that rendered the immediate judgment interlocutory. The other two, *Green Mountain Glass LLC v. Saint-Gobain Containers, Inc.*, 300 F. Supp. 3d 610 (D. Del. 2018), and *Boston Scientific Corp. v. Cordis Corp.*, 838 F. Supp. 2d 259 (D. Del. 2012), predated *Brigham & Women's*, where the Federal Circuit held that enhancement should be resolved prior to entry of final judgment.

In any event, this Court obviously should not adopt a confusing and unwieldy practice simply because some district courts in other cases have adopted it before. The district court in *Brigham & Women's* entered judgment before deciding the plaintiffs' motion for enhancement, but the procedural wrangling that ensued aptly shows why not rushing to enter a non-final interlocutory judgment would have been the better course and is the better course in this case. Regardless of whether district courts before *Brigham & Women's* sometimes entered non-final interlocutory judgments while requests to enhance damages remained unadjudicated, this Court should not perpetuate that unnecessarily confusing procedure. Instead, the Court should defer entry of judgment until it can actually enter a final judgment—which the Court cannot do until it resolves Plaintiffs' requests for non-collateral money damages.

### C. Even If the Court Were to Enter an Interlocutory Judgment Now, Other Aspects of Plaintiffs' Proposal Are Unreasonable

For the reasons stated above, the Court should set a schedule for resolving Plaintiffs' motion for further relief, and issue a final judgment only after resolving that motion. That would then set the timing for Kite's post-judgment motions and appeal. If, however, the Court for some reason were inclined to accept Plaintiffs'

proposal to enter an interlocutory judgment now and have that judgment be subject to later modification in light of Plaintiffs' damages-related motion, other aspects of Plaintiffs' proposal are problematic and cannot be adopted consistent with the Federal Rules of Civil Procedure.

**1. The deadline that Plaintiffs propose for the filing of Kite's post-judgment motion contravenes the Federal Rules**

Plaintiffs propose that Kite's motion for JMOL or a new trial be due 35 days after the *verdict*—*i.e.*, by January 17, 2020. ECF No. 624-3; ECF No. 624-4 at 2. That proposal ignores the Federal Rules, which set a different deadline. The Federal Rules provide that JMOL and new-trial motions are timely as long as they are filed within 28 days after entry of final *judgment*. Fed. R. Civ. P. 50(b), 59(b). Because the Court has not entered judgment, much less a final judgment, that 28-day period could not possibly lapse by January 17, 2020. Nothing in the Federal or Local Rules authorizes or contemplates truncating the 28-day deadline as Plaintiffs propose. Plaintiffs have not cited any authority or example that supports doing so here. And reducing a defendant's time to file post-trial motions in a case where damages are in the high nine figures would make a complete mockery of basic notions of fairness and due process. The Court should reject Plaintiffs' attempt to disregard the Federal Rules and force Kite to file its JMOL and new-trial motion before the deadline that the Federal Rules set.

**2. The page limits that Plaintiffs propose for Kite's post-judgment motion are unreasonably short**

Plaintiffs also propose that Kite be limited to a single post-judgment motion for JMOL, a new trial, or other appropriate relief of no more than 30 pages. ECF No. 624-3; ECF No. 624-4 at 2. This page limit is inadequate and unreasonable. As an initial matter, a motion for JMOL and a motion for a new trial are different motions with different legal standards, and the Court's standing order would allow Kite to file a 20-page brief in support of each motion, for a total of 40 pages. Kite is

open to filing a single brief in support of its JMOL and new-trial motions, but it should not be forced to accept even fewer pages than it would otherwise be entitled.

Moreover, given the number and complexity of issues that Kite will be addressing in its post-judgment briefing—the certificate of correction, two separate grounds of invalidity under 35 U.S.C. § 112(1), willfulness, and damages—the page limit should be greater than the default, not less. To take the § 112 defenses as an example, Kite's post-judgment motion will need to address a number of technically and legally complex issues, including the Federal Circuit's written description and enablement precedent for claims to biotechnology inventions, the state of the art at the time of the '190 patent, and the representativeness/structural similarity of the embodiments described in the patent compared to those encompassed by the claims. These issues require significant briefing to explain adequately.

While the default page limits for briefing make sense in the vast majority of cases, this is hardly such a case. In fact, in other patent cases involving large verdicts, trial courts have permitted the defendant's post-judgment briefing to far exceed the default page limits. One example, in which several of Plaintiffs' counsel here personally participated, is *Wisconsin Alumni Research Foundation v. Apple Inc.*, No. 3:14-cv-62 (W.D. Wis.), which involved a willful infringement verdict and, after inclusion of supplemental damages and ongoing royalties, a judgment of over $500 million. The defendant's motion for JMOL and a new trial was 92 pages long. *See* ECF No. 680, *Wis. Alumni Research Found.*, No. 3:14-cv-62 (W.D. Wis. Nov. 20, 2015). As another example, in *Centocor Ortho Biotech, Inc. v. Abbott Laboratories*, No. 2:07-cv-139 (E.D. Tex.), which involved a willful infringement verdict and a judgment of over $1.6 billion, the defendant filed 5 separate JMOL and new-trial motions totaling 80 pages—60 of which addressed the written description and enablement requirements. ECF Nos. 289, 290, 292, 293, 294, *Centocor*, No. 2:07-cv-139 (E.D. Tex. July 27, 2009); *see also, e.g., Gen. Elec. Co. v. Mitsubishi Heavy Indus., Ltd.*, Dkt. 578, No. 3:10-CV-276-F (N.D. Tex. April 23,

2012) (granting motion to expand JMOL opening brief to 50 pages for judgment exceeding $166 million); *Virnetx Inc. v. Apple Inc.*, Dkt. 455, No. 12-cv-855 (E.D. Tex. Feb. 16, 2016) (60-page limit for opening JMOL brief and 30 for reply where judgment exceeded $334 million). That length of briefing was not excessive under the circumstances. It was necessary for the defendants to preserve issues for eventual appeals that, in both cases, were successful and resulted in judgments of no liability. *See Wis. Alumni Research Found. v. Apple Inc.*, 905 F.3d 1341 (Fed. Cir. 2018) (reversing denial of JMOL of noninfringement), *cert. denied*, 140 S. Ct. 44 (2019); *Centocor Ortho Biotech, Inc. v. Abbott Labs.*, 636 F.3d 1341 (Fed. Cir. 2011) (invalidating patent for lack of written description), *cert. denied*, 565 U.S. 1197 (2012).

While Kite does not believe that it needs as many pages for its post-trial motions as the defendants in *Wisconsin Alumni Research Foundation* and *Centocor* did, Plaintiffs' proposed limit of 30 pages is not adequate. Kite requests that the page limits for the opening brief, opposition, and reply be set at 75, 75, and 35, respectively. Those page limits are reasonable in light of the complexity of the issues that Kite intends to raise and the even larger page-limit extensions that courts have permitted in other large-verdict patent cases. If the Court prefers, Kite will include its request for additional pages in a separate application to be filed after final judgment can be entered, which may be a more appropriate time to take up this request.

* * *

For the reasons stated above, the Court should enter the attached proposed order, reject Plaintiffs' request to enter an interlocutory judgment, and reject Plaintiffs' request to arbitrarily compress the deadline and page limits for Kite's contemplated post-judgment motions.

DATED: December 27, 2019 MUNGER, TOLLES & OLSON LLP

By: /s/ *Adam Lawton*
ADAM R. LAWTON
Attorneys for Defendant-Counterclaimant KITE PHARMA, INC.