# Exhibit 1

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRIGHAM AND WOMEN'S HOSPITAL, INC., INVESTORS BIO-TECH, L.P.,**
*Plaintiffs-Appellees*

v.

**PERRIGO COMPANY, L. PERRIGO COMPANY,**
*Defendants-Appellants*

---

2017-1950, -2021

---

Appeals from the United States District Court for the District of Massachusetts in No. 1:13-cv-11640-RWZ, Judge Rya W. Zobel.

---

**ON MOTION**

---

Before WALLACH, *Circuit Judge.*

**O R D E R**

The appellees move to dismiss Appeal No. 2017-1950 for lack of jurisdiction and to "limit the issues for review on appeal" in Appeal No. 2017-2021. The appellants oppose and move to consolidate the above-captioned appeals. The appellees oppose consolidation. The appellants also inform the court of post-judgment motions

pending at the district court. The court denies the motion to dismiss and to limit the issues, grants the motion to consolidate, and deactivates these appeals.

This is a patent infringement case in which the appellees' complaint included a claim for enhanced damages pursuant to 35 U.S.C. § 284. On December 14, 2016, the jury returned a verdict in favor of the appellees on infringement and invalidity. On December 19, 2016, judgment was entered without specifying the amount of damages that was owed by the appellants.

On January 24, 2017, the appellants moved for judgment as a matter of law (JMOL) or a new trial under Rules 50(d) and 59(d) of the Federal Rules of Civil Procedure. The appellees moved for enhanced damages and attorneys' fees and opposed the appellants' motions on the ground that they had not been timely filed. In response, on February 17, 2017, the appellants moved for an extension of time to file a notice of appeal and also filed a notice of appeal, which was subsequently docketed as Appeal No. 2017-1950.

On April 24, 2017, the district court resolved the parties' post-trial motions, including the appellees' motion for enhanced damages. As to the appellants' motions, the district court agreed with the appellees that the motions had not been timely filed because they were filed more than 28 days after the judgment. The district court also denied the appellants' motion to extend time to file an appeal from the December 2016 judgment. On May 11, 2017, the appellants filed a second notice of appeal, which was docketed as Appeal No. 2017-2021.

The appellees argue that the appellants cannot seek this court's review of the underlying infringement and invalidity determinations. They contend that the appellants failed to file a timely appeal from the December 2016 judgment and also failed to file timely Rule 50 and Rule 59 motions that would toll the time to appeal.

There was, however, no final judgment in December 2016; a full accounting of the damages remained outstanding because the issue of enhanced damages had not been resolved. *See PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 n.4 (Fed. Cir. 2007); *see also Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 2046 (4th Cir. 2014) ("[A] judgment on liability that does not fix damages is not a final judgment because the assessment of damages is part of the merits of the claim that must be determined." (citation and quotation marks omitted)); *Pause Tech. LLC v. TiVo, Inc.*, 401 F.3d 1290, 1292 (Fed. Cir. 2005) (stating that a "final judgment" is a decision that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"(quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))).

The district court's denomination of the December 2016 judgment as a "final judgment" in the April 24, 2017 order is not controlling. *See Calderon*, 754 F.3d at 204 (citation omitted). Nor is it dispositive that the appellants could have appealed under 28 U.S.C. § 1292(c) but failed to timely do so. While § 1292(c) permits appeals of patent infringement judgments that are "final except for an accounting," such an appeal "is permissive, not mandatory." *DNIC Brokerage Co. v. Morrison & Dempsey Comm'cns Inc.*, No. 90-1389, 1991 WL 335745, at *1 (Fed. Cir. Apr. 25, 1991) (citing *Adamian v. Jacobsen*, 523 F.2d 929 (9th Cir. 1975)). What matters is that they filed a timely appeal once all the issues were resolved by the April 24, 2017 decision.

The appellees have not shown that dismissal is warranted. The appellants inform this court that they have filed additional Rule 50 and 59 motions, in addition to motions pursuant to Rule 60 of the Federal Rules of Civil Procedure, directed at the April 24, 2017 decision. The court deems it the proper course to deactivate these appeals pending the district court's consideration of the motions. *See* Practice Notes to Federal Circuit Rule 4.

Accordingly,

IT IS ORDERED THAT:

(1) The motions to dismiss and limit the issues are denied.

(2) The motion to consolidate is granted. The revised official caption is reflected above.

(3) The appeals are deactivated. Within seven days from the district court's decision on appellants' now-pending post-judgment motions, the parties are directed to inform this court how they believe these appeals should proceed.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s31