1  Morgan Chu (SBN 70446)
   mchu@irell.com
2  Alan J. Heinrich (SBN 212782)
   aheinrich@irell.com
3  C. Maclain Wells (SBN 221609)
   mwells@irell.com
4  Elizabeth C. Tuan (SBN 295020)
   etuan@irell.com
5  IRELL & MANELLA LLP
6  1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-4276
7  Telephone:    (310) 277-1010
   Facsimile:    (310) 203-7199
8
   Andrea W. Jeffries (SBN 183408)
9  ajeffries@jonesday.com
   Luke J. Burton (SBN 301247)
10 lburton@jonesday.com
11 JONES DAY
   555 South Flower Street, Fiftieth Floor
12 Los Angeles, CA 90071
   Telephone:    (213) 489-3939
13 Facsimile:    (213) 243-2539

14 *[List of counsel continues on next page]*

15 *Attorneys for Plaintiffs*
   JUNO THERAPEUTICS, INC., MEMORIAL
16 SLOAN KETTERING CANCER CENTER,
   and SLOAN KETTERING INSTITUTE FOR
17 CANCER RESEARCH

18
19                     UNITED STATES DISTRICT COURT
                       CENTRAL DISTRICT OF CALIFORNIA
20                            WESTERN DIVISION

21 JUNO THERAPEUTICS, INC., *et al.,*      Case No. 2:17-cv-07639-SJO-KSx

22               Plaintiffs,               **PLAINTIFFS' REPLY IN SUPPORT OF
                                           PLAINTIFFS' PROPOSED JUDGMENT
23          v.                             AND POST-TRIAL BRIEFING
                                           SCHEDULE**
24 KITE PHARMA, INC.,                      Hon. S. James Otero
25               Defendant.                Place:    Courtroom 10C
26
27 AND RELATED
   COUNTERCLAIMS
28

1  Rebecca Carson (SBN 254105)
   rcarson@irell.com
2  Ingrid M. H. Petersen (SBN 313927)
   ipetersen@irell.com
3  IRELL & MANELLA LLP
   840 Newport Center Drive, Suite 400
4  Newport Beach, CA 92660
   Telephone:   (949) 760-0991
5  Facsimile:    (949) 760-5200

6
   Christopher J. Harnett (*Pro Hac Vice*)
7  charnett@jonesday.com
   Sarah A. Geers (*Pro Hac Vice*)
8  sgeers@jonesday.com
   Kevin V. McCarthy (*Pro Hac Vice*)
9  kmccarthy@jonesday.com
   JONES DAY
10 250 Vesey Street
   New York, NY 10281-1047
11 Telephone:   (212) 326-3939
   Facsimile:    (212) 755-7306
12

13 Jennifer L. Swize (*Pro Hac Vice*)
   jswize@jonesday.com
14 JONES DAY
   51 Louisiana Avenue, N.W.
15 Washington, DC 20001-2113
   Telephone:  (202) 879-3939
16 Facsimile:   (202) 626-1700

17 John M. Michalik (*Pro Hac Vice*)
   jmichalik@jonesday.com
18 JONES DAY
   77 West Wacker Drive, Suite 3500
19 Chicago, IL 60601-1692
   Telephone:  (312) 782-3939
20 Facsimile:   (312) 782-8585

21
   *Attorneys for Plaintiffs*
22 JUNO THERAPEUTICS, INC., MEMORIAL
   SLOAN KETTERING CANCER CENTER,
23 and SLOAN KETTERING INSTITUTE FOR
   CANCER RESEARCH
24

25

26

27

28

1

**INTRODUCTION**

2    In response to Plaintiffs' commonsense proposal for prompt, simultaneous

3    post-trial briefing, *see* Dkt. Nos. 624, 624-1, 624-3, 624-4, Kite argues to delay

4    briefing on its post-trial motions (and delay even setting that briefing schedule) until

5    after the Court decides Plaintiffs' motions.  Yet Kite is prepared now to express its

6    desire for a massive 75-page opening brief.  These positions are nothing short of

7    perplexing.  Kite's unjustifiably extended, staggered, and still-undefined briefing

8    schedule would not only cause unwarranted delay, but, more importantly, would risk

9    losing the freshness of the evidence in the parties' and the Court's minds.  Whatever

10    Kite's motivation, its proposals should be rejected.

11

**ARGUMENT**

12    **1.  *Brigham & Women's* Is Inapposite, And In Any Event Reconfirms That**

13    **Plaintiff's Proposal Is Appropriate.**  Kite's continued insistence that a single, non-

14    precedential case, *Brigham & Women's Hospital, Inc. v. Perrigo Co.*, 761 F. App'x

15    995 (Fed. Cir 2019), shows that the usual practice across the federal district courts—

16    entering judgment on a jury verdict with post-trial motions due within a specified

17    amount of time thereafter—causes "confusion," "disarray," and "time-consuming

18    procedural scuffling," misses the mark.  *See* Dkt. No. 626 at 2, 3, 4, 5, 6 (repeatedly

19    citing *Brigham & Women's*). The source of confusion in *Brigham & Women's* was

20    not the standard practice of entering judgment on the jury verdict and then setting a

21    deadline for both sides to simultaneously file post-trial motions.  Rather, issues arose

22    because the district court had set a date that was *more than 28 days from the judgment*

23    *on the jury verdict*, and came to doubt its authority to do so for JMOL motions, which

24    must be made within 28 days after the entry of "judgment."  Fed. R. Civ. P. 50(b);

25    *Brigham & Women's*, 761 F. App'x at 1000 (recounting that the district court granted

26    the parties' request that the defendants' JMOL motions and the plaintiffs' motion for

27    enhanced damages be filed 36 days after judgment on the jury verdict).  On appeal,

28    the Federal Circuit made clear that the defendants' JMOL motions were timely,

because entry of a judgment prior to resolution of a motion for enhanced damages is not final and does not by itself trigger the non-extendable deadlines to file a JMOL motion, new trial motion, or notice of appeal from the final judgment. *See Brigham & Women's*, 761 F. App'x at 1000. Thus, to the extent there was any "confusion" on post-trial motion timing before *Brigham & Women's*, there is now nothing to be "confused" about here, and no risk of "time-consuming procedural scuffling."

To be clear, Plaintiffs have no interest in advancing the view rejected in *Brigham & Women's*—that entry of judgment on the jury verdict is final, or, standing alone, triggers any non-extendable deadlines. Rather, as Plaintiffs have pointed out and proposed here, courts presiding over patent cases routinely enter judgment on the jury verdict and then set simultaneous deadlines for, on one hand, plaintiffs' motions for enhanced damages and other post-trial relief, and, on the other, defendants' motions for JMOL and/or a new trial. *See* Dkt. No. 624-4 at 2 (citing examples).

Kite's attempts to factually distinguish Plaintiffs' examples are beside the point. *See* Dkt. No. 626 at 6. Kite has not pointed to any "confusion" or similar problems in Plaintiffs' examples (or the numerous other cases following the same course). And Kite's argument that two of the cited cases predate *Brigham & Women's* is irrelevant because, as noted, *Brigham & Women's* in no way called into question the practice of entering judgment on the jury verdict and then ordering simultaneous post-trial briefing.[1]

In short, the Court can and should enter judgment in the form proposed by Plaintiffs, for which Kite has still offered no substantive objection or critique, then entertain simultaneous briefing from both parties according to the efficient schedule

---

[1] In any event, one of Plaintiffs' examples, *Green Mountain Glass, LLC v. Saint-Gobain Containers, Inc.*, 300 F. Supp. 3d 610 (D. Del. 2018), in fact *post-dates* the Federal Circuit's earlier ruling in *Brigham & Women's* that first addressed the jurisdictional issue. *See* Dkt. No. 626-2 (June 21, 2017 Federal Circuit Order).

1  Plaintiffs have proposed, and thereafter enter an amended and final judgment

2  incorporating any additional relief the Court awards, such as pre-judgment interest.

3      **2.   The 28-Day Period After Final Judgment Is A Maximum, Not A**

4  **Minimum.**  Kite's fallback position is that the Court lacks authority to order Kite to

5  file its JMOL and new trial motions any sooner than 28 days after the entry of a final

6  judgment, *i.e.*, a judgment that would include the Court's resolution of Plaintiffs'

7  request for enhanced damages.  *See* Dkt. No. 626 at 7.  Kite cites no authority in

8  support of this bold claim for a deviation from a district court's typically broad

9  authority to set deadlines and control its docket.  *See, e.g.*, *Siddiqui v. AG Commc'n*

10 *Sys. Corp.*, 233 F. App'x 610, 613 (9th Cir. 2007) (citing *FTC v. Gill*, 265 F.3d 944,

11 957 (9th Cir. 2001), for the proposition that "district courts have broad discretion to

12 control their dockets and to set deadlines").  Contrary to Kite's suggestion, 28 days

13 after entry of final judgment is the *maximum* allowable time to seek JMOL or a new

14 trial, not the *minimum*.  The Federal Rules are specific that a district court "must not

15 *extend*" these deadlines, *see* Fed. R. Civ. P. 6(b)(2) (emphasis added), but they

16 nowhere interfere with a court's inherent authority to make other modifications to

17 them.

18     Courts routinely set simultaneous post-trial briefing schedules, whether or not

19 they have opted to defer judgment.  *See* Dkt. No. 624-4 at 2, 5-6.  Kite has failed to

20 provide any authority, from either before or after *Brigham & Women's*, suggesting

21 that this approach is impermissible or even disfavored.  Nor has Kite provided any

22 practical reason for the delay it seeks—postponing briefing on its issues for at least

23 *months*.  As Plaintiffs have noted, Kite's motions are based entirely on what happened

24 at trial and will be unaffected by anything in Plaintiffs' motions.  Dkt. No. 624-4 at 6.

25 Indeed, Kite's willingness to propose the page length for its post-trial motions makes

26 the same point.  *See* Dkt. No. 626 at 9.

27     Accordingly, even if the Court preferred to defer judgment in this case, it

28 should still exercise its inherent authority to order simultaneous and promptly-filed

motions by both sides according to Plaintiffs' proposed schedule, so that the case can be concluded in an expeditious fashion. *See* Dkt. No. 624-4 at 5-6 (citing *Crane Sec. Techs., Inc. v. Rolling Optics, AB*, 337 F. Supp. 3d 48, 50-51 (D. Mass. 2018) (adopting this approach)).[2]

**3. There Is No Other Reason To Indulge Kite's Requests For Delay.** Kite's unjustified, unsupported positions can be understood only as an attempt to delay this case's resolution, for whatever reasons Kite harbors. Kite claims that its positions are driven by Plaintiffs' request for enhanced damages, *see* Dkt. No. 626 at 2, but numerous pretrial filings, such as the Pretrial Conference Order and Plaintiffs' Memorandum of Contentions of Fact and Law, made clear Plaintiffs' intent to seek enhanced damages if the jury returned a finding of willfulness. *E.g.*, Dkt. No. 294 at 16. Nothing has changed to warrant Kite's new positions that judgment on the jury verdict and briefing on its issues should not happen until after enhanced damages are resolved. Moreover, Kite has no explanation for why it agreed in the parties' December 17 Joint Status Report to submit a proposed form of judgment to the Court by December 30 if it believed a motion for enhanced damages precluded entry of judgment at this stage. *See* Dkt. No. 624-4 at 5. Nor has Kite provided any convincing justification for its claim to need an extra seven days to respond to Plaintiffs' post-trial motion. *See* Dkt. No. 626 at 9.

**4. Kite's Excessive Page Request Should Be Rejected.** Finally, Kite offers no persuasive reason for its extraordinary request for *75 pages* for its own post-trial motions—more than twice the 30 pages it agrees suffice for all of Plaintiffs' post-trial motions, and at least as long as or even longer than a full appellate brief would be. In particular, Kite fails to explain why, if its Rule 50(a) motion fit on 20 pages, the renewal of that motion and new trial motion require more than 30. And while Kite

---

[2] If the Court sets a different schedule for Kite's post-trial motions than Plaintiffs have proposed, the Court should also adjust the schedule for Plaintiffs' motions, so that both sides' motions can proceed on a single, simultaneous track.

1  cites other patent cases with longer page limits, it fails to acknowledge that several

2  factors in this case counsel in favor of shorter page limits.  Specifically, this case

3  concerns only one patent, with only four asserted claims (which is effectively two, as

4  the four are easily parsed into two sets of two each).  *See* Dkt. No. 593, Section II.

5  And, unlike in most patent infringement cases, Kite has no true non-infringement

6  arguments; Kite's post-trial arguments are limited, as they were at trial, to trying to

7  prove that the Certificate of Correction or all asserted claims are invalid (and after the

8  jury verdict adverse to it, Kite must prove that a reasonable jury was nonetheless

9  compelled to find in its favor by clear and convincing evidence).  The Court is already

10  well acquainted with the background necessary to resolve these invalidity issues, and

11  does not need 75 pages of explanation to effectively and accurately rule.  The Court

12  should therefore accord Kite the same 30 pages the parties agree are proper for

13  Plaintiffs' post-trial briefing.

14  <center>**CONCLUSION**</center>

15       For the foregoing reasons, Plaintiffs respectfully request that the Court enter

16  Plaintiffs' proposed form of judgment and adopt Plaintiffs' proposed schedule for

17  post-trial briefing.

18

19  Dated:  December 30, 2019          Respectfully submitted,

20                                     By:  */s/ Andrea W. Jeffries*

21                                     Andrea W. Jeffries (SBN 183408)
                                       Luke J. Burton (SBN 301247)

22                                     JONES DAY
                                       555 South Flower Street, Fiftieth Floor

23                                     s Angeles, CA 90071
                                       Telephone:  (213) 489-3939

24                                     Facsimile:  (213) 243-2559

25                                     Morgan Chu (SBN 70446)
                                       Alan J. Heinrich (SBN 212782)

26                                     C. Maclain Wells (SBN 221609)
                                       Elizabeth C. Tuan (SBN 295020)

27                                     IRELL & MANELLA LLP
                                       1800 Avenue of the Stars, Suite 900

28                                     Los Angeles, California 90067-4276
                                       Telephone:  (310) 277-1010

Facsimile:  (310) 203-7199

Rebecca Carson (SBN 254105)
Ingrid M. H. Petersen (SBN 313927)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

Christopher J. Harnett (*Pro Hac Vice*)
Sarah A. Geers (*Pro Hac Vice*)
Kevin V. McCarthy (*Pro Hac Vice*)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

Jennifer L. Swize (*Pro Hac Vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

John M. Michalik (*Pro Hac Vice*)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

*Attorneys for Plaintiffs*
*Juno Therapeutics, Inc., Memorial Sloan*
*Kettering Cancer Center, and Sloan Kettering*
*Institute for Cancer Research*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

A copy of the foregoing document was electronically filed with the Court this 30th day of December, 2019.  Notice of this filing will be sent by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Andrea W. Jeffries*
Andrea W. Jeffries

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' PROPOSED
JUDGMENT AND POST-TRIAL BRIEFING SCHEDULE
Case No. 2:17-cv-07639-SJO-KSx