UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** 2:17-cv-07639 SJO-KS          **DATE:** January 2, 2020

**TITLE:**     Juno Therapeutics, Inc., et al. v. Kite Pharma, Inc.
========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING WITHOUT PREJUDICE APPLICATIONS TO SEAL** [ECF Nos. 468, 491, 503, 511, 519, 544]

For the following reasons, the Court **DENIES WITHOUT PREJUDICE** the following Applications to Seal. If any of the denied applications are re-filed within five days of entry of this order, no printed chambers copies need be delivered.

- Plaintiffs filed ECF No. 468 seeking leave to seal certain portions of their Reply in Support of *Ex Parte* Application to Exclude Testimony from Dr. Thomas Schuetz, based upon Defendant's designation of certain information as confidential pursuant to the Protective Order. On December 9, 2019, the Court issued a text order ("December 9 Text Order") reminding the parties that "when providing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome, [t]hat the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal." (December 9 Text Order, ECF No. 529 (citing L.R. 79-5.2.2(a)(i)).) The December 9 Text Order further requested that "[e]ach party seeking to seal information contained in 468, 491, 503, 511, and 519 shall file a single declaration for all aforementioned applications to seal, setting forth good cause or compelling reasons, no later than December 12, 2019." (December 9 Text Order.) This application is **DENIED WITHOUT PREJUDICE** because Defendant did not file a declaration within four days of Plaintiffs' filing pursuant to L.R. 79-5.2.2(b)(i), and because Defendant failed to file a declaration pursuant to the December 9 Text Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**CASE NO.: 2:17-cv-07639 SJO-KS**                                                    **DATE:  January 2, 2020**

- Defendant filed ECF No. 491 seeking leave to seal certain portions of its Emergency Objections to Plaintiffs' End Run Around the Court's Damages-Related *Daubert* Order, Including Exhibits and Testimony of Edward Dulac, based upon both parties' designation of certain information as confidential pursuant to the Protective Order.  This application is **DENIED WITHOUT PREJUDICE** because Defendant did not set forth good cause or compelling reasons in its application (designation pursuant to a Protective Order is insufficient), Plaintiffs did not file a declaration within four days of Defendant's filing pursuant to L.R. 79-5.2.2(b)(i), and neither party filed a declaration pursuant to the December 9 Text Order.

- Defendant filed ECF No. 503 seeking leave to seal certain portions of its Response to Plaintiffs' Objections and Affirmative Objections to Certain Deposition Designations, based upon both parties' designation of certain information as confidential pursuant to the Protective Order.  This application is **DENIED WITHOUT PREJUDICE** because Defendant did not set forth good cause or compelling reasons in its application (designation pursuant to a Protective Order is insufficient), Plaintiffs did not file a declaration within four days of Defendant's filing pursuant to L.R. 79-5.2.2(b)(i), and neither party filed a declaration pursuant to the December 9 Text Order.

- Defendant filed ECF No. 511 seeking leave to seal certain portions of its Bench Brief Regarding Reference to the Court's Claim Construction Decision, based upon both parties' designation of certain information as confidential pursuant to the Protective Order. This application is **DENIED WITHOUT PREJUDICE** because Defendant did not set forth good cause or compelling reasons in its application (designation pursuant to a Protective Order is insufficient), Plaintiffs did not file a declaration within four days of Defendant's filing pursuant to L.R. 79-5.2.2(b)(i), and neither party filed a declaration pursuant to the December 9 Text Order.

- Defendant filed ECF No. 519 seeking leave to seal certain portions of its Objections to Certain of Plaintiffs' Proposed Demonstratives for Direct Examination of Dr. Thomas Brocker, based upon Plaintiffs' designation of certain information as confidential pursuant to the Protective Order.  This application is **DENIED WITHOUT PREJUDICE** because Plaintiffs did not file a declaration within four days of Defendant's filing pursuant to L.R. 79-5.2.2(b)(i), and Plaintiffs did not file a declaration pursuant to the December 9 Text Order.

- Defendant filed ECF No. 544 seeking leave to seal certain exhibits submitted in conjunction with its Offer of Proof Regarding Evidence Excluded Based on Sustained Objections or Time Allocation, based upon both parties' designation of certain information

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: 2:17-cv-07639 SJO-KS**                              **DATE:  January 2, 2020**

as confidential pursuant to the Protective Order.  This application is **DENIED AS MOOT** in light of the Court's ruling on ECF No. 576.


For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the Applications to Seal in ECF No. 468, 491, 503, 511, 519, and 544.  If any of the denied applications are re-filed within five days of entry of this order, no printed chambers copies need be delivered.

IT IS SO ORDERED.