UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Priority       ___
Send           ___
Enter          ___
Closed         ___
JS-5/JS-6      ___
Scan Only      ___

**CASE NO.:** <u>2:17-cv-07639 SJO-KS</u>      **DATE:** <u>January 7, 2020</u>

**TITLE:**     <u>Juno Therapeutics, Inc., et al. v. Kite Pharma, Inc.</u>
========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                             Not Present
Courtroom Clerk                              Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                  Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER RE: (1) PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW** [ECF No. 550]**; (2) DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW** [ECF No. 551]**; AND (3) PROPOSED JUDGMENT AND POST-TRIAL BRIEFING SCHEDULE** [ECF No. 624]

This matter comes before the Court on Plaintiffs' Motion for Judgment as a Matter of Law ("Plaintiffs' JMOL") filed on December 11, 2019 (Plaintiffs' JMOL, ECF No. 550); Defendant's Motion for Judgment as a Matter of Law ("Defendant's JMOL") filed on December 11, 2019 (Defendant's JMOL, ECF No. 551); Plaintiffs' Notice of Lodging and Proposed Judgment and Proposed Order Setting Post-Trial Briefing Schedule ("Plaintiffs' Request") filed on December 23, 2019 (Plaintiffs' Request, ECF No. 624); Defendant's Response to December 23, 2019 "Notice of Lodging" (ECF No. 624) ("Defendant's Response") filed on December 24, 2019 (Defendant's Response, ECF No. 625); Defendant's Request to (1) Set a Briefing Schedule for Plaintiffs' Post-Verdict Motion, and (2) Defer Entry of Judgment ("Defendant's Request") filed on December 27, 2019 (Defendant's Request, ECF No. 626); and Plaintiffs' Reply in Support of Plaintiffs' Proposed Judgment and Post-Trial Briefing Schedule ("Plaintiffs' Reply") filed on December 30, 2019 (Plaintiffs' Reply, ECF No. 628).

For the following reasons, the Court **DENIES AS MOOT** Plaintiffs' JMOL [550], **DEFERS** Defendant's JMOL [551], **SETS** the parties' post-trial briefing schedule and page limits as noted below and **DEFERS** entry of judgment [624].

//
//
//
//
//

MINUTES FORM 11                                              ___: ___
CIVIL GEN              Page **1** of **6**        Initials of Preparer_____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: 2:17-cv-07639 SJO-KS**                                   **DATE: January 7, 2020**

I. BACKGROUND

This is a patent infringement action involving U.S. Patent No. 7,446,190 ("the '190 Patent"), titled "Nucleic Acids Encoding Chimeric T Cell Receptors." The '190 Patent issued on November 4, 2008 and incorporates a provisional application filed on May 28, 2002. ('190 Patent Caption.) The claimed invention provides "nucleic acid polymer encoding [] chimeric TCR's [T Cell Receptors] . . . ." ('190 Patent, col. 2:11-14.) The chimeric TCRs encoded by the claimed invention "combine, in a single chimeric species, the intracellular domain of CD3 ζ-chain ("zeta chain portion"), a signaling region from a costimulatory protein such as CD28 with a binding element that specifically interacts with a selected target." ('190 Patent, col. 2:14-18.) These TCRs are designed to "specifically interact[] with a cellular marker associated with target cells," resulting in the stimulation of a T cell immune response to the target cells. ('190 Patent, col. 2:30-36.)

Plaintiffs initiated this action on October 18, 2017, alleging that Defendant infringes the '190 Patent through the use, sale, offer for sale, or importation of one of Defendant's immunotherapy treatments, Yescarta. Yescarta is described as a "therapy in which a patient's T cells are engineered to express a chimeric antigen receptor (CAR) to target the antigen CD19, a protein expressed on the cell surface of B-cell lymphomas and leukemias, and redirect the T cells to kill cancer cells." (Second Amended Complaint ("SAC") ¶ 18, ECF No. 484.) Plaintiffs assert that Yescarta infringes the '190 Patent by utilizing nucleic acid polymers encoding chimeric TCRs within the scope of the '190 Patent claims. (SAC ¶ 26.) Defendant, in turn, filed counterclaims seeking declaratory judgments of non-infringement and invalidity of the '190 Patent. (*See generally*, Answer to SAC and Counterclaims, ECF No. 617.)

On December 13, 2019, the jury entered a unanimous verdict in favor of Plaintiffs, finding: (1) Defendant had not proven by clear and convincing evidence that the Certificate of Correction was invalid, (2) Defendant had not proven by clear and convincing evidence that any of claims 3, 5, 9, and 11 of the '190 Patent were invalid for lack of enablement or written description, (3) Plaintiffs proved by a preponderance of the evidence that Defendant's infringement of the corrected claims of the '190 Patent was willful, and (4) Plaintiffs proved by a preponderance of the evidence the damages owed were a $585,000,000 upfront payment, and 27.6% running royalty. (Redacted Jury Verdict, ECF No. 593.)

Following the jury's return of the verdict, the Court requested the parties "meet and confer as to any future matters that this Court needs to address on the case." (Dec. 18, 2019 Trial Tr., ECF No. 615, at 11.[1]) As of the date of this order, no final judgment has been entered.

//
//
//

---

[1] For ease of reference, the Court refers to the page numbers contained in the ECF headers.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: 2:17-cv-07639 SJO-KS**          **DATE: January 7, 2020**

### II. DISCUSSION

#### A. Legal Standards

##### 1. Rule 58

Federal Rule of Civil Procedure ("Rule") 58 governs entry of judgment. "Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion: (1) for judgment under Rule 50(b); (2) to amend or to make additional findings under Rule 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or amend the judgment, under Rule 59; or (5) for relief under Rule 60." Fed. R. Civ. P. 58(a). "Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when: (A) the jury returns a special verdict . . . ." Fed. R. Civ. P. 58(b)(2)(A). "A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406, 419 (2008).

##### 2. Timeliness of Motions Pursuant to Rules 50(b) and 59

A movant may file a renewed motion for judgment as a matter of law "[n]o later than 28 days after the entry of judgment." Fed. R. Civ. P. 50(b). Similarly, a motion for a new trial must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

#### B. Motions for Judgment as a Matter of Law

In light of the jury's verdict returned in favor of Plaintiffs, Plaintiffs' JMOL is denied as moot.

In light of Defendant's intent to seek a renewed motion for judgment as a matter of law pursuant to Rule 50(b), Defendant's JMOL is deferred.

#### C. Post-Trial Briefing Schedule

Plaintiffs request a concurrent, expedited post-trial briefing schedule. Plaintiffs' briefing schedule proposes each side file a single, consolidated brief addressing respective post-trial issues. Plaintiffs will address: (1) recovery of attorneys' fees, (2) enhanced damages under 35 U.S.C. § 284, (3) supplemental damages (the royalties owed for sales from September 30, 2019 through the date of judgment), (4) ongoing royalties (for sales made after the judgment), and (5) prejudgment interest. (Plaintiffs' Request 1-2.) Defendant will address: (1) renewed motion for judgment as a matter of law under Rule 50(b), and (2) motion for a new trial under Rule 59. (*Id.* 2.) Plaintiffs propose each side file its opening brief within 35 days after the jury's verdict

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: 2:17-cv-07639 SJO-KS**     **DATE: January 7, 2020**

(*i.e.*, by January 17, 2020) and be limited to 30 pages. (*Id.* 5.) The oppositions would be due 14 days later, and each side limited to 30 pages. (*Id.*) Replies would be due one week later, and each side limited to 15 pages. (*Id.*) The hearing would be designated on the Monday immediately following twenty-one days after the response briefs. (*Id.* 5-6.) Plaintiffs assert their proposed schedule will streamline post-trial proceedings and permit the Court to resolve all issues on the same schedule, while the trial record remains fresh. (*Id.* 6.)

Defendant responds that while it does not object to Plaintiffs filing their post-trial issues in a consolidated brief, or the page limits thereto, Defendant requests additional time to respond to Plaintiffs' consolidated motion. (Defendant's Request 2.) Specifically, Defendant requests 21 days to oppose, and suggests 14 days to reply. (*Id.* 2-3.) As to Plaintiffs' proposal for Defendant's post-trial briefing to occur simultaneously, Defendant responds that imposing time limits on Defendant's motion for judgment as a matter of law based on the entry of the verdict, rather than the final judgment, is contrary to the Federal Rules of Civil Procedure. (*Id.* 8.) Defendant further requests 75 pages for its opening brief, 75 pages for the opposition, and 35 pages for the reply, given the complexity of the issues in this case and precedent in other large-verdict patent cases. (*Id.* 10.)

Plaintiffs reply that the 28-day period after final judgment is the maximum allowable time, and while the Federal Rules make clear that a district court may not extend the timeframe, there is no rule that a court may not make other modifications. (Reply 5.) Defendant has not presented any authority disfavoring simultaneous post-trial briefing schedules. (*Id.*) Plaintiffs further object to Defendant's 75-page limit request, given Defendant's Rule 50(a) motion fit within 20 pages. Plaintiffs distinguish Defendant's authority re page limits based on the limited scope of this case: (1) one patent, with essentially two asserted claims (four claims grouped into two pairs), (2) no true non-infringement arguments, (3) familiarity of the Court with the background necessary to resolve the invalidity issues. (Reply 6-7.)

Regarding Plaintiffs' request for a simultaneous briefing schedule, the Court sees no reason why setting a simultaneous briefing schedule for the parties' post-trial motions falls outside its discretion. "District courts have 'inherent power' to control their dockets. . . . Our review of such a decision is deferential; we will reverse a district court's litigation management decisions only if it abused its discretion . . . , or if the procedures deprived the litigant of due process of law within the meaning of the Fifth or Fourteenth Amendments." *So. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002). While authority clearly states that a district court may not **extend** the statutory deadlines contained in Rules 50(b) and 59, Defendant has not presented any authority stating that a district court may not set a briefing schedule **within** the statutory deadlines. In fact, authority supposes otherwise. *See, e.g.*, *O2 Micro Int'l Ltd. V. Monolithic Power Sys., Inc.*, Nos. C 04-2000 CW, C 06-2929 CW, 2007 WL 2070275, at *2 (N.D. Cal. July 16, 2007) (entering a briefing schedule for post-judgment papers before judgment was entered, so as to "allow the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: 2:17-cv-07639 SJO-KS**                                    **DATE: January 7, 2020**

Court to rule on these motions promptly after judgment is entered").  Authority also indicates that courts simultaneously address motions for judgment as a matter of law, prejudgment interest, enhanced damages, and attorneys' fees.  *See, e.g.*, *Green Mountain Glass LLC v. Saint-Gobain Containers, Inc.*, 300 F. Supp. 3d 610 (D. Del. 2018); *Boston Sci. Corp. v. Cordis Corp.*, 838 F. Supp. 2d 259 (D. Del. 2012).

Regarding page limits for Plaintiffs' post-trial motion, the Court finds no dispute and sets the page limits as follows:  30 pages, 30 pages, and 15 pages for the opening, opposition, and reply, respectively.

Regarding page limits for Defendant's post-trial motion, the Court acknowledges that if Defendant filed separate Rule 50(b) and 59 motions, Defendant would be entitled to a total of forty pages.  The Court also acknowledges that the technology is complex.  However, given the limited scope of this case (one patent, two pairs of asserted claims, no infringement issues), and the fact that the Rule 50(b) and 59 motions are likely to overlap at least in part, page limits comparable to those in Defendant's cited authority are not warranted.  Based on this, the Court expands the page limits provided in its Standing Order as follows: 50 pages, 50 pages, and 25 pages for the opening, opposition, and reply, respectively.

Regarding the briefing schedule, the Court grants Defendant's request to extend the dates in Plaintiffs' proposed schedule and sets the deadlines as follows: (1) parties' opening motions due January 21, 2020; (2) parties' responsive motions due February 10, 2020; (3) parties' reply motions due February 24, 2020.  The Court does not set a hearing date and will take the matters under submission following the filing of the reply motions.

       D.  Entry of Judgment

Plaintiffs request immediate entry of judgment.  Plaintiffs assert that courts routinely enter judgment on the jury verdict, then have parties simultaneously brief post-trial issues, following which courts enter an amended judgment as appropriate.  (Plaintiffs' Request 7.)

Defendant responds that any judgment would not be an appealable final judgment because Plaintiffs intend to move for damages in addition to those contained in the verdict.  (Defendant's Request 3.)  Any interlocutory judgment entered now would create a significant risk of confusion about the deadlines triggered by an actual, final judgment.  (*Id.* 4.)  For example, in *Brigham & Women's Hospital, Inc. v. Perrigo Co.*, 761 F. App'x 995 (Fed. Cir. 2019), the district court entered judgment on the jury's verdict before enhanced damages had been resolved.  (*Id.* 5.) Defendant filed for judgment as a matter of law more than 28 days after the judgment, the district court denied defendant's motion as untimely, defendant appealed, and the Federal Circuit remanded for a decision on the merits.  (*Id.*)  The Federal Circuit reasoned that the pending

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: 2:17-cv-07639 SJO-KS**                                                                 **DATE:  January 7, 2020**

claim for enhanced damages rendered the judgment interlocutory, not final, and the 28-day deadline was thus not triggered.  (*Id.*)  Defendant asserts that this Court should avoid the procedural confusion associated with an interlocutory judgment outlined in *Brigham & Women's*.

Plaintiffs reply that the source of confusion in *Brigham & Women's* arose because the district court set a briefing deadline more than 28 days from judgment, and there is no risk of confusion because the Federal Circuit made clear that the interlocutory judgment was not final while enhanced damages were pending.  (Reply 4.)

The Court finds that *Brigham & Women's* is clear that at least the pendency of Plaintiffs' request for enhanced damages would render any present entry of judgment interlocutory, not final.  In lieu of entering an interlocutory judgment, followed by a final (or amended) judgment, the Court will enter a final judgment following disposition of Plaintiffs' consolidated post-trial motion.  The Court finds this approach especially apt given the streamlined briefing schedule set forth above.

### III. RULING

For the foregoing reasons, the Court **DENIES AS MOOT** Plaintiffs' JMOL and **DEFERS** Defendant's JMOL.  Furthermore, the Court: (1) **SETS** Plaintiffs' post-trial briefing page limits as 30, 30, and 15 pages, and Defendant's post-trial briefing page limits as 50, 50, and 25 pages, for opening, opposition and reply, respectively; (2) **SETS** the parties' post-trial briefing schedule as January 21, 2020 (opening motions), February 10, 2020 (oppositions), and February 24, 2020 (replies); and (3) **DEFERS** entry of final judgment.

IT IS SO ORDERED.