# EXHIBIT 2

**FILED PUBLICLY PURSUANT TO COURT ORDER
DATED JANUARY 2, 2020 (ECF NO. 629)**

IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Alan J. Heinrich (SBN 212782)
C. Maclain Wells (SBN 221609)
Elizabeth C. Tuan (SBN 295020)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

JONES DAY
Andrea Weiss Jeffries (SBN 183408)
Emily Moore Whitcher (SBN 321790)
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Christopher J. Harnett (*Pro Hac Vice*)
Sarah A. Geers (*Pro Hac Vice*)
Kevin V. McCarthy (*Pro Hac Vice*)
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Attorneys for Plaintiffs
JUNO THERAPEUTICS, INC.,
MEMORIAL SLOAN KETTERING
CANCER CENTER, and SLOAN
KETTERING INSTITUTE FOR
CANCER RESEARCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>v.<br><br>KITE PHARMA, INC.,<br><br>Defendant. | Case No. 2:17-cv-07639-SJO-RAO<br><br>**REBUTTAL EXPERT REPORT OF PROF. JOHN QUACKENBUSH, PH.D.**<br><br>Hon. S. James Otero |
| AND RELATED COUNTERCLAIMS | |

prosecution history *individually*, rather than evaluating the intrinsic record as a whole.

18.　First, the error and its appropriate correction would have been clearly evident from the submissions made with the September 4, 2007 Request for Continued Examination ("RCE") alone, which is part of the prosecution history and which explicitly called out the error and explicitly specified the correct sequence for SEQ ID NO:6. In light of the RCE, the error in the issued sequence listing—namely, four extra nucleotides at the beginning of the sequence (caaa) and three extra nucleotides at the end of the sequence (tga, forming the stop codon)—would have been apparent to a POSITA.

19.　Second, the error and its correction would have also been clearly evident from the specification of the '190 Patent. For example, a POSITA would have recognized that using the as-issued sequence listing for SEQ ID NO:6 would not work for the intended purpose of expressing the three-part CAR described in the claims. The claims of the '190 Patent recite a nucleic acid polymer encoding a chimeric T cell receptor comprised of: (1) a binding element that specifically interacts with a selected target; (2) a costimulatory signaling region comprising the amino acid sequence encoded by SEQ ID NO:6; and (3) the intracellular domain of human CD3ζ chain. The as-issued sequence listing for SEQ ID NO:6 included a stop codon at its end; a POSITA would have recognized that use of this sequence would have resulted in the termination of protein synthesis before synthesis of the CD3ζ domain. This sequence could not be used to synthesize the chimeric T cell receptor described in claim 1, which includes a CD3ζ domain downstream of the CD28 region. Thus, the presence of a stop codon in the as-issued sequence listing for SEQ ID NO:6 would have alerted a POSITA to an obvious error in the sequence.

20.　Additionally, the error in the as-issued sequence listing for SEQ ID NO:6 and its correction would have also been clearly evident to a POSITA from the

- 6 -

**CONTAINS "ATTORNEY EYES ONLY" MATERIAL - PURSUANT TO THE PROTECTIVE ORDER**

descriptions of SEQ ID NO:6 in the specification. For example, the specification describes the amino acid sequence encoded by SEQ ID NO:6 as spanning "amino acids 114-220 of Seq. ID No. 10" and identified the primers that can be used in PCR to amplify SEQ ID NO:6. ('190 Patent at 4:21-28 and 7:51-52.) A POSITA would have understood that: (i) SEQ ID NO:10 is the full amino acid sequence for human CD28; and (ii) using the identified primers to amplify a region of human CD28 would have resulted in the nucleotide sequence listed in the corrected sequence listing for SEQ ID NO:6, encoding amino acids 114-220. Therefore, the error and the correction in the as-issued sequence listing for SEQ ID NO:6 would have been clearly evident to a POSITA.

## VI. LEGAL STANDARDS

### A. Claim Construction

21. I have reviewed the Court's Claim Construction Order and understand that there were two disputes between the parties as to the claim language. Specifically, the parties disputed the meaning of the claim terms "the amino acid sequence encoded by SEQ ID NO:6" and "nucleic acid encoding . . . a binding element that specifically interacts with a selected target." (Dkt. No. 100 at 17.)

22. Pursuant to the Claim Construction Order, the term "the amino acid sequence encoded by SEQ ID NO:6" has different meanings before the issuance of the Certificate of Correction and after the issuance of the Certificate of Correction. According to the Claim Construction Order, before the Certificate of Correction, this term means "[a]mino acids 113-220 of CD28 (starting with lysine (K))." (*Id.*) After the Certificate of Correction, this term means "[a]mino acids 114-220 of CD28 (starting with isoleucine (I))." (*Id.*)

- 7 -

### 3. Dr. Junghans' Arguments About The Court's Claim Construction Order

133. Dr. Junghans quotes a portion from the Court's claim construction order to opine that it is "not reasonable to expect a POSITA to arrive at Changed SEQ ID NO: 6 based on the claims, specification, and file history." (*See* Junghans Report ¶¶ 168-170.) I note that the Court did not "rule on the ultimate issue of the [Certificate of Correction]'s validity" in that order. (Dkt. No. 100 at 10.)

## XI. CONCLUSION

134. I will be prepared to testify at trial as to the specific details of this report. This expert report is based upon the information available to me at the present time. I reserve the right to supplement or amend this report in the event that new information is made available to me, specifically including any new or updated information produced by Kite, any arguments set forth in any report regarding the construction of the '190 Patent, and any additional claim constructions provided by the Court. I further reserve the right to rely on equivalent but different documents and portions of the documents to those documents and portions cited herein.

135. I plan to use at the trial in this case various demonstrative exhibits summarizing my opinions regarding the '190 Patent and any other issues or materials discussed herein. These demonstrative exhibits have not yet been prepared.

Dated: May 17, 2019

_____

John Quackenbush, Ph.D.

Digitally signed by John Quackenbush
Date: 2019.05.17 11:18:01 -04'00'

CONTAINS "ATTORNEY EYES ONLY" MATERIAL - PURSUANT TO THE PROTECTIVE ORDER