Morgan Chu (SBN 70446)
mchu@irell.com
Alan J. Heinrich (SBN 212782)
aheinrich@irell.com
C. Maclain Wells (SBN 221609)
mwells@irell.com
Elizabeth C. Tuan (SBN 295020)
etuan@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:    (310) 277-1010
Facsimile:     (310) 203-7199

Andrea W. Jeffries (SBN 183408)
ajeffries@jonesday.com
Luke J. Burton (SBN 301247)
lburton@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:    (213) 489-3939
Facsimile:     (213) 243-2539

*[List of counsel continues on next page]*

*Attorneys for Plaintiffs*
JUNO THERAPEUTICS, INC., MEMORIAL
SLOAN KETTERING CANCER CENTER,
and SLOAN KETTERING INSTITUTE FOR
CANCER RESEARCH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., *et al.*, | Case No. 2:17-cv-07639-SJO-KSx |
| Plaintiffs, | **PLAINTIFFS' NOTICE AND APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH PLAINTIFFS' CONSOLIDATED POST-TRIAL MOTION** |
| v. | |
| KITE PHARMA, INC., | |
| Defendant. | Hon. S. James Otero |
| | |
| AND RELATED COUNTERCLAIMS | |

1   Rebecca Carson (SBN 254105)
    rcarson@irell.com
2   Ingrid M. H. Petersen (SBN 313927)
    ipetersen@irell.com
3   IRELL & MANELLA LLP
    840 Newport Center Drive, Suite 400
4   Newport Beach, CA 92660
    Telephone:   (949) 760-0991
5   Facsimile:   (949) 760-5200

6   Christopher J. Harnett (Pro Hac Vice)
    charnett@jonesday.com
7   Sarah A. Geers (Pro Hac Vice)
    sgeers@jonesday.com
8   Kevin V. McCarthy (Pro Hac Vice)
    kmccarthy@jonesday.com
9   JONES DAY
    250 Vesey Street
10  New York, NY 10281-1047
    Telephone:   (212) 326-3939
11  Facsimile:   (212) 755-7306

12  Jennifer L. Swize (Pro Hac Vice)
    jswize@jonesday.com
13  JONES DAY
    51 Louisiana Avenue, N.W.
14  Washington, DC 20001-2113
    Telephone:  (202) 879-3939
15  Facsimile:   (202) 626-1700

16  John M. Michalik (Pro Hac Vice)
    jmichalik@jonesday.com
17  JONES DAY
    77 West Wacker Drive, Suite 3500
18  Chicago, IL 60601-1692
    Telephone:  (312) 782-3939
19  Facsimile:   (312) 782-8585

20  *Attorneys for Plaintiffs*
    JUNO THERAPEUTICS, INC., MEMORIAL
21  SLOAN KETTERING CANCER CENTER,
    and SLOAN KETTERING INSTITUTE FOR
22  CANCER RESEARCH

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Civil Local Rule 79-5, Plaintiffs Juno Therapeutics, Inc. and Sloan Kettering Institute for Cancer Research (collectively, "Plaintiffs") apply to this Court for an order permitting the filing under seal of the following documents in connection with Plaintiffs' Consolidated Post-Trial Motion:  **(1)** Exhibit I to the January 21, 2020 Declaration of Ryan Sullivan, Ph. D. ("Sullivan Post-Trial Declaration"); and **(2)** Exhibit J to the Sullivan Post-Trial Declaration.  The Sullivan Post-Trial Declaration is Exhibit 2 to the Declaration of Andrea W. Jeffries in Support of Plaintiffs' Consolidated Post-Trial Motion ("Jeffries Post-Trial Declaration").

Pursuant to L.R. 79-5 and Section 31(e) of the Court's Civil Standing Order, Plaintiffs also request leave to conditionally file under seal the following documents: **(A)** the yellow-highlighted portions of Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Consolidated Post-Trial Motion ("Plaintiffs' Post-Trial Brief"); **(B)** the yellow-highlighted portions of Plaintiffs' [Proposed] Final Judgment; **(C)** the yellow-highlighted portions of Plaintiffs' Amended Local Rule 58-7 Memorandum Regarding Post-Judgment Interest; **(D)** the yellow-highlighted portions of the Sullivan Post-Trial Declaration (Exhibit 2 to the Jeffries Post-Trial Declaration); **(E)** Exhibits 1, 3, 7-12, 14, 18, 19, and 21 to the Jeffries Post-Trial Declaration; and **(F)** Exhibits K, Q, R, S, T, U, W, X, and AA to the Sullivan Post-Trial Declaration.  Defendant Kite Pharma, Inc. ("Kite") has informed Plaintiffs that they intend to move to seal this information.  Plaintiffs disagree that Exhibits 3, 7-12, 14, 18, 19, and 21 to the Jeffries Post-Trial Declaration should be filed under seal, given that they are all admitted trial exhibits that were used during the public portion of trial with no request to seal.  Plaintiffs nonetheless file these admitted trial exhibits conditionally under seal at Kite's insistence.

This Notice and Application is based on the fact that compelling reasons support sealing documents **(1)–(2)** identified above, which contain confidential

information of Plaintiffs, designated when possible as "Attorneys' Eyes Only Information" under the Protective Order.  This Notice and Application is also based on the fact that Kite has informed Plaintiffs they intend to move to seal documents **(A)–(F)** identified above.

This application is based upon this Notice and the following Application, together with any oral argument and other supplemental evidence furnished to and taken into consideration by the Court.

1    Dated:  January 21, 2020        Respectfully submitted,

2

3                             By: */s/ Kevin V. McCarthy*

                                    Andrea W. Jeffries (SBN 183408)

4                                   Luke J. Burton (SBN 301247)

                                  JONES DAY

5                                   555 South Flower Street, Fiftieth Floor

                                  Los Angeles, CA 90071

6                                   Telephone:(213) 489-3939

7                                   Facsimile: (213) 243-2539

8                                   Morgan Chu (SBN 70446)

                                  Alan J. Heinrich (SBN 212782)

9                                   C. Maclain Wells (SBN 221609)

10                                  Elizabeth C. Tuan (SBN 295020)

                                 IRELL & MANELLA LLP

11                                  1800 Avenue of the Stars, Suite 900

                                 Los Angeles, California 90067-4276

12                                  Telephone:(310) 277-1010

13                                  Facsimile: (310) 203-7199

14                                  Rebecca Carson (SBN 254105)

                                 Ingrid M. H. Petersen (SBN 313927)

15                                  IRELL & MANELLA LLP

16                                  840 Newport Center Drive, Suite 400

                                 Newport Beach, CA 92660

17                                  Telephone:(949) 760-0991

18                                  Facsimile: (949) 760-5200

19                                  Christopher J. Harnett (*Pro Hac Vice*)

                                 Sarah A. Geers (*Pro Hac Vice*)

20                                  Kevin V. McCarthy (*Pro Hac Vice*)

21                                  JONES DAY

                                 250 Vesey Street

22                                  New York, NY 10281

23                                  Telephone:(212) 326-3939

                                 Facsimile: (212) 755-7306

24

25

26

27

28

Jennifer L. Swize (*Pro Hac Vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

John M. Michalik (*Pro Hac Vice*)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

*Attorneys for Plaintiffs*
*Juno Therapeutics, Inc., Memorial Sloan*
*Kettering Cancer Center, and Sloan*
*Kettering Institute for Cancer Research*

## **APPLICATION**

For the reasons stated below, Plaintiffs seek an Order permitting Plaintiffs to file, in connection with their Consolidated Post-Trial Motion, the following documents under seal pursuant to Civil Local Rule 79-5:

    **(1)**    Exhibit I to the Sullivan Post-Trial Declaration; and

    **(2)**    Exhibit J to the Sullivan Post-Trial Declaration,

For the reasons stated below, Plaintiffs further seek an Order permitting Plaintiffs to conditionally file, in connection with their Consolidated Post-Trial Motion, the following documents under seal pursuant to Civil Local Rule 79-5 and Section 31(e) of the Court's Civil Standing Order:

    **(A)**    the yellow-highlighted portions of Plaintiffs' Post-Trial Brief;

    **(B)**    the yellow-highlighted portions of Plaintiffs' [Proposed] Final Judgment;

    **(C)**    the yellow-highlighted portions of Plaintiffs' Amended Local Rule 58-7 Memorandum Regarding Post-Judgment Interest;

    **(D)**    the yellow-highlighted portions of the Sullivan Post-Trial Declaration (Exhibit 2 to the Jeffries Post-Trial Declaration);

    **(E)**    Exhibits 1, 3, 7-12, 14, 18, 19, and 21 to the Jeffries Post-Trial Declaration; and

    **(F)**    Exhibits K, Q, R, S, T, U, W, X, and AA to the Sullivan Post-Trial Declaration.

Plaintiffs disagree that Exhibits 3, 7-12, 14, 18, 19, and 21 to the Jeffries Post-Trial Declaration should be filed under seal, given that they are all admitted trial exhibits that were used during the public portion of trial with no request to seal. Plaintiffs nonetheless file these admitted trial exhibits conditionally under seal at Kite's insistence.

1

### 1.    Applicable Law

2    "[A]ccess to judicial records is not absolute." *Kamakana v. City & Cty. of*

3    *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *cf. Nixon v. Warner Commc'ns, Inc.*,

4    435 U.S. 589, 598 (1978).

5        Compelling reasons exist to seal judicial records when "court files might have

6    become a vehicle for improper purposes, such as the use of records to gratify private

7    spite, promote public scandal, circulate libelous statements, or release trade secrets."

8    *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120

9    (9th Cir. 2012) (citation and quotation omitted).

10       A "trade secret may consist of any formula, pattern, device or compilation of

11   information which is used in one's business, and which gives him an opportunity to

12   obtain an advantage over competitors who do not know or use it." *In re Elec. Arts,*

13   *Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757

14   cmt. b) (finding that a licensing agreement that includes pricing terms, royalty rates,

15   and guaranteed minimum payment terms "plainly falls within the definition of 'trade

16   secrets").

17       Courts have concluded that confidential prices, licenses, or financial

18   information are worthy of sealing. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d

19   1214, 1225 (Fed. Cir. 2013) (sealing "profit, cost, and margin data, [which] could give

20   the suppliers an advantage in contract negotiations, which they could use to extract

21   price increases for components"); *Polaris Innovations Ltd. v. Kingston Tech. Co.,*

22   *Inc.*, 2017 WL 2806897, at *7 (C.D. Cal. Mar. 30, 2017) ("The paradigmatic examples

23   of trade secrets are research and development information, business strategies, and

24   projections.")

25       Moreover, courts have found that confidential information related to drug

26   development, testing, and regulation is worthy of sealing. *See In re Incretin-Based*

27   *Therapies Prod. Liab. Litig.*, 2015 WL 11658712, at *3 (S.D. Cal. Nov. 18, 2015)

28   (sealing communications with the FDA, scientific data, and evaluations because there

would be "a significant risk of confusion to the public if disclosed" in this context); *United States ex rel. Ruhe v. Masimo Corp.*, 2013 WL 12131173, at *2 (C.D. Cal. Aug. 26, 2013) (finding that "compelling reasons" existed for sealing documents disclosing clinical testing, calibration, design of devices, non-public data submitted to the FDA, and non-public records submitted to the FDA because "this non-public information and data is confidential, proprietary, and competitively valuable" and "[t]he applications to seal are also narrowly tailored to target only the confidential information, requesting redaction of only certain paragraphs and pages within exhibits").

Compelling reasons exist here to seal the above-mentioned documents that contain Plaintiffs' confidential information.  Compelling reasons also exists here to conditionally seal the above-mentioned documents for which Kite has informed Plaintiffs it intends to move to seal.

## 2.  Argument

**Exhibit I** to the Sullivan Declaration is the April 26, 2019 expert report of Dr. Ryan Sullivan, which has been designated as "ATTORNEYS' EYES ONLY INFORMATION."  Dr. Sullivan's report refers to confidential information, including non-public, proprietary information relating to Plaintiffs' business practices, including but not limited to Plaintiffs' clinical development practices and Plaintiffs' licensing practices and confidential financial information.  This document thus includes sensitive material, and public disclosure of the document would create a substantial risk of serious harm to Plaintiffs.

**Exhibit J** to the Sullivan Declaration is a Juno Excel workbook entitled "Maple Company Model v12.29.17" (the "Project Maple Workbook," produced at JUNO016712305), which has been designated as "ATTORNEYS' EYES ONLY INFORMATION."  The Project Maple Workbook refers to confidential information, including non-public, proprietary information relating to Plaintiffs' business practices, including but not limited to Plaintiffs' highly confidential financial

1    information.  This document thus includes sensitive material, and public disclosure of

2    the document would create a substantial risk of serious harm to Plaintiffs.

3           Moreover, Kite has informed Plaintiffs that they intend to move seal the

4    following information:  **(A)** the yellow-highlighted portions of Plaintiffs' Post-Trial

5    Brief; **(B)** the yellow-highlighted portions of Plaintiffs' [Proposed] Final Judgment;

6    **(C)** the yellow-highlighted portions of Plaintiffs' Amended Local Rule 58-7

7    Memorandum Regarding Post-Judgment Interest; **(D)** the yellow-highlighted portions

8    of the Sullivan Post-Trial Declaration (Exhibit 2 to the Jeffries Post-Trial

9    Declaration); **(E)** Exhibits 1, 3, 7-12, 14, 18, 19, and 21  to the Jeffries Post-Trial

10   Declaration; and **(F)** Exhibits K, Q, R, S, T, U, W, X, and AA to the Sullivan Post-

11   Trial Declaration.  Plaintiffs disagree that Exhibits 3, 7-12, 14, 18, 19, and 21 to the

12   Jeffries Post-Trial Declaration should be filed under seal, given that they are all

13   admitted trial exhibits that were used during the public portion of trial with no request

14   to seal. Plaintiffs nonetheless file these admitted trial exhibits conditionally under seal

15   at Kite's insistence.

16          For the foregoing reasons, Plaintiffs therefore respectfully request that this

17   Court issue an order, pursuant to Civil Local Rule 79-5 and Section 31(e) of the

18   Court's Civil Standing Order, permitting the filing under seal of the aforementioned

19   documents.

20

21

22

23

24

25

26

27

28

Dated:  January 21, 2020

Respectfully submitted,

By:   */s/ Kevin V. McCarthy*

Andrea W. Jeffries (SBN 183408)
Luke J. Burton (SBN 301247)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:(213) 489-3939
Facsimile: (213) 243-2539

Morgan Chu (SBN 70446)
Alan J. Heinrich (SBN 212782)
C. Maclain Wells (SBN 221609)
Elizabeth C. Tuan (SBN 295020)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:(310) 277-1010
Facsimile: (310) 203-7199

Rebecca Carson (SBN 254105)
Ingrid M. H. Petersen (SBN 313927)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone:(949) 760-0991
Facsimile: (949) 760-5200

Christopher J. Harnett (*Pro Hac Vice*)
Sarah A. Geers (*Pro Hac Vice*)
Kevin V. McCarthy (*Pro Hac Vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:(212) 326-3939
Facsimile: (212) 755-7306

Jennifer L. Swize (*Pro Hac Vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

John M. Michalik (*Pro Hac Vice*)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

*Attorneys for Plaintiffs*
*Juno Therapeutics, Inc., Memorial Sloan*
*Kettering Cancer Center, and Sloan*
*Kettering Institute for Cancer Research*

1

## **CERTIFICATE OF SERVICE**

2          A copy of the foregoing document was electronically filed with the Court this

3   21st day of January, 2020.  Notice of this filing will be sent by operation of the

4   Court's electronic filing system.  Parties may access this filing through the Court's

5   system.

6                                             _/s/ Kevin V. McCarthy_
                                          Andrea W. Jeffries
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE AND APPLICATION TO FILE
DOCUMENTS UNDER SEAL
Case No. 2:17-cv-07639-SJO-KSx