UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>v.<br><br>KITE PHARMA, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-07639-SJO-KSx<br><br>**[PROPOSED] FINAL JUDGMENT**<br><br>Hon. S. James Otero<br><br>Courtroom 10C |

This action came on for jury trial on December 3, 2019, in Courtroom 10C of the above-entitled Court, the Honorable District Court Judge S. James Otero presiding. On December 13, 2019, the jury returned a unanimous verdict in favor of Plaintiffs Juno Therapeutics, Inc., and Sloan Kettering Institute for Cancer Research ("Plaintiffs"), and against Defendant Kite Pharma, Inc. ("Kite"). Dkt. No. 593 (redacted version); Dkt. No. 594 (sealed version). The Court has now considered and resolved each side's consolidated post-trial motions.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT JUDGMENT IS HEREBY ENTERED IN THIS MATTER AS FOLLOWS:**

1. Kite has infringed claims 3, 5, 9, and 11 of United States Patent No. 7,446,190 ("the '190 Patent") since October 18, 2017, by making, selling, and/or offering to sell Yescarta® in the United States.

2. Kite's infringement of claims 3, 5, 9, and 11 of the '190 Patent has been willful.

3. Claims 3, 5, 9, and 11 of the '190 Patent are not invalid for lack of enablement or written description.

4. The '190 Patent's Certificate of Correction is not invalid.

5. Judgment is entered against Kite on its counterclaims of non-infringement and invalidity.

6. Plaintiffs shall recover: (1) ▮▮▮▮▮ on the jury verdict, comprising (a) a $585,000,000 upfront payment; and (b) ▮▮▮▮▮, calculated as a 27.6% running royalty on each of (i) Kite's net revenues from sales of Yescarta® from October 18, 2017 through September 30, 2019, which were $603,650,765; and (ii) Kite's net revenues from sales of Yescarta® from October 1, 2019 to December 12, 2019, which were ▮▮▮▮▮; (2) pre-judgment interest on the jury's verdict in the amount of $_____, and (3) enhanced damages of ▮▮▮▮▮.

7. As provided in 28 U.S.C. § 1961, Plaintiffs shall also recover post-judgment interest on all amounts listed in paragraph 6 above, at a rate of __%, compounded annually, from the date of this Judgment until the Judgment is paid.

8. Kite shall pay Plaintiffs a running royalty of 33.1% of its net revenues for Yescarta® and any other therapy using the same infringing CAR from December 13, 2019 to the expiration date of the '190 Patent, August 28, 2024. Kite shall disclose its net revenues for Yescarta® and any other therapy using the same infringing CAR to Plaintiffs by the second Monday following the end of each quarter and wire Plaintiffs a corresponding royalty payment by that same date. Further, within ten (10) days of entry of this Judgment, the parties shall submit to the Court proposed terms for inspection and reporting procedures regarding the therapies and revenues subject to the ongoing royalties awarded in this paragraph.

Dated:_____, 2020

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE