# EXHIBIT 1

Trials@uspto.gov
Tel: 571-272-7822

Paper 8
Entered: October 21, 2015

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

INTERNATIONAL FLAVORS & FRAGRANCES INC.,
Petitioner,

v.

ZOOMESSENCE, INC.,
Patent Owner.

Case IPR2015-01418
Patent 8,939,388 B1

Before MITCHELL G. WEATHERLY, JAMES A. TARTAL, and JAMES A. WORTH, *Administrative Patent Judges.*

WORTH, *Administrative Patent Judge*.

ORDER
Conduct of the Proceedings
*37 C.F.R. §§ 42.5, 42.20(d)*

On June 16, 2015, Petitioner International Flavors & Fragrances Inc. ("IFF") filed a Petition (Paper 1, "Pet.") requesting *inter partes* review of claims 1, 16, 19, and 28–30 of U.S. Patent No. 8,939,388 B1 (the '388 patent). On September 16, 2015, Patent Owner ZoomEssence, Inc. ("ZoomEssence") filed a Preliminary Response ("Prelim. Resp.").

A conference call in the above-referenced proceeding was held on October 2, 2015, among respective counsel for IFF and ZoomEssence, and

IPR2015-01418
Patent 8,939,388 B1

Judges Weatherly, Tartal, and Worth.  ZoomEssence requested the call to obtain authorization to file a copy of a Certificate of Correction of the '388 patent issued on September 15, 2015.  In requesting the conference call, counsel for ZoomEssence represented that they did not receive the Certificate of Correction until after the filing of the Preliminary Response.  ZoomEssence stated that the Board authorized the filing of a Certificate of Correction in *Groupon, Inc. v. Blue Calypso, LLC*, Case CBM2013-00033 (PTAB June 23, 2014).  IFF opposed the filing of the Certificate of Correction.

    During the call, IFF stated that it had not had an opportunity to brief the corrected version of claim 28 in its Petition.  IFF further asserted that the Certificate of Correction had been improvidently granted based on a claim amendment submitted during prosecution because the claim amendment was not reflected in the issued patent document.  IFF requested an opportunity to file a reply to the Preliminary Response in order to address the corrected version of claim 28.  ZoomEssence stipulated that it would not object to the Board granting a reply to IFF if it were granted a sur-reply thereto.  The Board authorized ZoomEssence to file a copy of the Certificate of Correction and advised the parties that an Order would follow as to the request for further briefing in the form of a reply and sur-reply.

    ZoomEssence submitted the Certificate of Correction (Paper 7) on October 6, 2015.  Paper 6, 2.  We accept the submission.  *See Groupon, Inc. v. Blue Calypso, LLC*, Case CBM2013-00033 (PTAB June 23, 2014).  The Certificate shows the corrected version of claim 28.  35 U.S.C. § 254 ("[S]uch patent, together with such certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the

IPR2015-01418
Patent 8,939,388 B1

same had been originally issued in such corrected form."); 35 U.S.C. § 255 (same).[1]

As to IFF's objections to the Certificate of Correction, we note that the Certificate of Correction was requested, issued, and submitted without any pending trial, and that even now, no trial has been instituted under 37 C.F.R. §§ 42.2, 42.108. Therefore, the grant and issuance of the Certificate of Correction, i.e., outside of any declared interference or instituted trial, does not require a motion to the Board. *See* 37 C.F.R. § 1.323 ("The Office may issue a certificate of correction under the conditions specified in 35 U.S.C. § 255 at the request of the patentee or the patentee's assignee, upon payment of the fee set forth in § 1.20(a). If the request relates to a patent involved in an interference or trial before the Patent Trial and Appeal Board, the request must comply with the requirements of this section and be accompanied by a motion under § 41.121(a)(2), § 41.121(a)(3) or § 42.20 of this title."). Indeed, the request for a Certificate of Correction is subject to a general delegation of authority to the Certificates of Correction Branch to decide such a petition, with limited exceptions not present here. *See* MPEP §§ 1002.02(g)(4), 1002.02(l)(1)–(2)(general delegation of authority to the Certificates of Correction Branch). The Certificate of Correction is therefore of record, and, for purposes of this proceeding to consider the patentability of certain claims of the '388 patent, we determine that the corrected version of claim

---

[1] The request for a certificate of correction to the Certificate of Corrections Branch was made pursuant to both section 254 and section 255 of Title 35. *See* "Submission of Certificate of Correction Pursuant To 37 CFR § 1.322 and 37 CFR § 1.323, and 35 U.S.C. § 254 and 35. U.S.C. § 255, for U.S. Patent No. 8,939,388," filed Feb. 7, 2015, 1–2.

IPR2015-01418
Patent 8,939,388 B1

28 has the same effect and operation in law as if the same had been originally issued in such corrected form. 35 U.S.C. §§ 254, 255.[2]

Based on the timing of the filings, we authorize IFF to file a reply of ten pages to the Patent Owner Preliminary Response within 14 days of the issuance of this Order. The reply shall be limited to the patentability of the corrected version of claim 28 as it pertains to this *inter partes* review, i.e., "only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b) (scope of *inter partes* review). We authorize ZoomEssence to file a sur-reply of ten pages within 14 days after the filing of Petitioner's reply limited to arguments set forth in the reply.

It is:

ORDERED that the Certificate of Correction (Paper 7) is accepted for the record, and is accorded the same effect and operation in law, on any trial that may hereafter be instituted in this proceeding, as if the same had been originally issued in such corrected form;

ORDERED that Petitioner may file a reply of ten pages on or before 14 days after the entry of this Order; and

FURTHER ORDERED that Patent Owner may file a sur-reply of ten pages on or before 14 days after the filing of Petitioner's reply.

---

[2] In this connection, the question of whether a cause of action is "thereafter arising" under 35 U.S.C. §§ 254, 255 is not at issue because we consider the merits of this *inter partes* review outside of any other causes of action, e.g., for infringement. Nevertheless, we are not aware of any pending suit for infringement, and thus, we are not aware of any suits not "arising thereafter."

4

IPR2015-01418
Patent 8,939,388 B1

PETITIONER:

Jane Massey Licata
Elizabeth Quirk
LICATA & TYRRELL P.C.
poreilly@licataandtyrrell.com
Elizabeth.Quirk@iff.com

PATENT OWNER:

Steven J. Hultquist
Mary B. Grant
HULTQUIST IP
hultquist@hultquistip.com
mgrant@hultquistip.com