1  JEFFREY I. WEINBERGER (State Bar No. 56214)
   jeffrey.weinberger@mto.com
2  TED DANE (State Bar No. 143195)
   ted.dane@mto.com
3  GARTH T VINCENT (State Bar No. 146574)
   garth.vincent@mto.com
4  BLANCA F. YOUNG (State Bar No. 217533)
   blanca.young@mto.com
5  PETER E. GRATZINGER (State Bar No. 228764)
   peter.gratzinger@mto.com
6  ADAM R. LAWTON (State Bar No. 252546)
   adam.lawton@mto.com
7  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
8  Los Angeles, California 90071-3426
   Telephone: (213) 683-9100
9  Facsimile: (213) 687-3702

10 W. CHAD SHEAR (State Bar No. 230602)
   shear@fr.com
11 GEOFFREY D. BIEGLER (State Bar No. 290040)
   biegler@fr.com
12 MEGAN A. CHACON (State Bar No. 304912)
   chacon@fr.com
13 FISH & RICHARDSON P.C.
   12390 El Camino Real
14 San Diego, CA 92130
   Telephone: (858) 678-5070
15 Facsimile: (858) 678-5099

16 Attorneys for Defendant-Counterclaimant
   KITE PHARMA, INC.
17

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>vs.<br><br>KITE PHARMA, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-07639-SJO-KS<br><br>**DECLARATION OF KATHARINE RICE IN SUPPORT OF KITE PHARMA, INC.'S APPLICATION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH PLAINTIFFS' CONSOLIDATED POST-TRIAL MOTION** |

DECLARATION OF KATHARINE RICE

## DECLARATION OF KATHARINE RICE

I, Katharine Rice, declare as follows:

1. I am Senior Associate General Counsel, Intellectual Property Litigation, at Gilead Sciences, Inc. ("Gilead"), the parent company of Kite Pharma, Inc. ("Kite"). I am a member in good standing of the State Bars of California, New York, and Illinois. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. In connection with their post-trial motion, Sloan Kettering Institute for Cancer Research and Juno Therapeutics, Inc. (collectively, "Plaintiffs") filed conditionally under seal various documents (ECF Nos. 657-1 through 657-27), including:

   (A)  Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Consolidated Post-Trial Motion ("Plaintiffs' Post-Trial Brief");

   (B)  Plaintiffs' [Proposed] Final Judgment;

   (C)  Plaintiffs' Amended Local Rule 58-7 Memorandum Regarding Post-Judgment Interest;

   (D)  the Sullivan Post-Trial Declaration (Exhibit 2-I to the Jeffries Post-Trial Declaration);

   (E)  Exhibit 1 to the Jeffries Post-Trial Declaration[1]; and

   (F)  Exhibits K, Q, R, S, T, U, W, X, and AA to the Sullivan Post-Trial Declaration.

---

[1] Kite does not seek to seal Exhibits 3, 7–12, 14, 18, 19, and 21 to the Jeffries Post-Trial Declaration, which Plaintiffs also filed conditionally under seal (ECF Nos. 657-17, 657-18, 657-19, 657-20, 657-21, 657-22, 657-23, 657-24, 657-25, 657-26, and 657-27).

3. Compelling reasons exist to maintain the following documents under seal. These documents were designated as "Attorneys' Eyes Only Information" under the Protective Order. *See* ECF No. 222.

4. I understand that the right of the public to access court records "is not absolute" and that a court may seal confidential information disclosed during the course of a legal proceeding. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

5. I understand that "compelling reasons" exist to seal a record when it might "become a vehicle for improper purposes," such as the "release of trade secrets." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 1179).

6. Where "private materials unearthed during discovery" are attached to non-dispositive motions, the party seeking to seal those documents must show "good cause" exists for sealing. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "Good cause" is shown where, on balance, "the needs for discovery" by the public are outweighed by "the need for confidentiality." *See id.* Under this standard, the Court has "broad latitude" to seal "many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

7. It is my understanding that the Ninth Circuit has defined trade secrets as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).

8. I also understand that, according to the Ninth Circuit, confidential terms of patent license agreements, such as "pricing terms, royalty rates, and guaranteed minimum payment terms," may satisfy the "compelling reasons"

standard even though I understand that the lower good cause standard applies here. *Elec. Arts*, 298 F. App'x at 569-70; *Kamanaka*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("The 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard").

**A. Plaintiffs' Post-Trial Brief (ECF No. 657-1); Plaintiffs' [Proposed] Final Judgment (ECF No. 657-2); Plaintiffs' Amended Local Rule 58-7 Memorandum Regarding Post-Judgment Interest (ECF No. 657-3)**

**ECF No. 657-1**

- Highlighted portion of line 3:13
- Highlighted portion of line 4:18
- Highlighted portion of line 4:25
- Highlighted portion of line 5:1
- Highlighted portion of line 5:3
- Highlighted portions of line 6:20
- Highlighted portion of line 6:23
- Highlighted portion of line 7:18
- Highlighted portion of line 30:8

**ECF No. 657-2**

- Highlighted portion of line 1:21
- Highlighted portion of line 1:22
- Highlighted portion of line 1:26
- Highlighted portion of line 1:27

**ECF No. 657-3**

- Highlighted portions of line 1:10
- Highlighted portions of line 1:13

The above-mentioned portions of filings disclose non-public YESCARTA® revenues from October 1, 2019 to December 12, 2019, and calculations derived

1  therefrom (*e.g.*, adding publicly disclosed YESCARTA® revenues through
2  September 30, 2019, or applying royalty or interest rates).  Gilead has not yet
3  publicly reported YESCARTA® revenues for any period after September 30, 2019
4  yet and will not do so until it announces fourth-quarter 2019 earnings, which it
5  expects to announce in February 2020.  Gilead's regular practice is to keep such
6  financial results confidential until they are announced to the general public and filed
7  with the SEC several weeks after the end of a fiscal quarter.  Public disclosure
8  before the official announcement of 2019 Q4 YESCARTA® sales would
9  prematurely reveal Kite's sensitive financial and regulatory information, would
10 disadvantage Gilead and/or Kite in the marketplace and cause competitive harm, and
11 would unfairly advantage or disadvantage various investors through information
12 asymmetry.

### B.  Sullivan Post-Trial Declaration (ECF No. 657-5)

**ECF No. 657-5**

- Highlighted portion of lines 3:5–6
- Highlighted portion of line 3:9
- Highlighted portions of line 3:14
- Highlighted portion of lines 5:10–12
- Highlighted portion of lines 5:22–25
- Highlighted portion of lines 6:5–20
- Highlighted portion of lines 6:25–26
- Highlighted portion of lines 7:1–8:18
- Highlighted portion of lines 8:19–21
- Highlighted portion of lines 8:24–26
- Appendices A-1, A-2, A-3, A-4, B-2, B-3, B-4, B-5, B-6, B-7

The highlighted portions appearing on page 3 and Appendices A-1, A-2, A-3, A-4, B-2, B-3, and B-7 of ECF No. 657-5 disclose non-public YESCARTA® revenues from October 1, 2019 to December 12, 2019, and calculations derived

therefrom (*e.g.*, adding publicly disclosed YESCARTA® revenues through September 30, 2019, or applying royalty or interest rates). For the reasons discussed in Part A above, public disclosure of this information before the official announcement of Kite's 2019 Q4 financials would prematurely reveal Kite's sensitive financial and regulatory information, would disadvantage Gilead in the marketplace and cause competitive harm, and would unfairly advantage or disadvantage various investors through information asymmetry.

The highlighted portions appearing on pages 5–8 and Appendices B-3, B-4, B-5, B-6, and B-7 of ECF No. 657-5 contain internal projections of Gilead and Kite's market share projections, profits, profit margins, expenditures, other financial terms, or calculations derived therefrom related to Kite's products. Gilead's regular practice is to keep its financial projections confidential. Public disclosure of Gilead and Kite's projected financials and forecasting assumptions would disadvantage them in the marketplace and cause competitive harm. *See 3B Med., Inc. v. Resmed Corp.*, Civ. No. 16–2050, 2016 WL 6818953, at *3 (S.D. Cal. Oct. 11, 2016) (granting motion to seal "product pricing and pricing estimates, pricing and sales strategy updates, specific sales efforts, a contract negotiation, and/or company forecasts").

The Court has previously sealed such projected financials and forecasting assumptions. *See* ECF No. 300 (Order Granting Application to Seal).

**C.     Exhibits K, Q, W, X, and AA to the Sullivan Post-Trial Declaration (ECF Nos. 657-8, 657-9, 657-14, 657-15, and 657-16)**

**ECF Nos. 657-8, 657-9, 657-14, 657-15, and 657-16** contain internal projections of Gilead and Kite's market share projections, profits, profit margins, expenditures, other financial terms, or calculations derived therefrom related to Kite's products. Gilead's regular practice is to keep its financial projections confidential. Public disclosure of Gilead and Kite's projected financials and

-6-
DECLARATION OF KATHARINE RICE

1 forecasting assumptions would disadvantage them in the marketplace and cause
2 competitive harm. *See 3B Med.*, 2016 WL 6818953, at *3.
3     The Court has previously sealed such projected financials and forecasting
4 assumptions, including a copy of ECF No. 657-8. *See* ECF No. 300 (Order
5 Granting Application to Seal Documents, including ECF No. 280-11).

    **D.    Exhibits R, S, and T to the Sullivan Post-Trial Declaration (ECF Nos. 657-10, 657-11, and 657-12)**

**ECF Nos. 657-10, 657-11, and 657-12** disclose product-specific financials for YESCARTA® that have not been publicly disclosed by Gilead or Kite, such as actual cost of sales, cost of goods sold, and gross margins. Gilead's regular practice is to maintain the confidentiality of these product-specific actual financials. Public disclosure of Gilead or Kite's product-specific cost of sales, cost of goods sold, and gross margins would reveal sensitive financial information, disadvantage Gilead and/or Kite in the marketplace, and cause competitive harm. *See 3B Med.*, 2016 WL 6818953, at *3.

    **E.    Exhibit 1 to the Jeffries Post-Trial Declaration (ECF No. 657-4)[2]; Exhibit U to the Sullivan Post-Trial Declaration (ECF No. 657-13)**

**ECF Nos. 657-4 and 657-13** disclose non-public YESCARTA® revenues from October 1, 2019 to December 12, 2019, and calculations derived therefrom (*e.g.*, adding publicly disclosed YESCARTA® revenues through September 30, 2019, or applying royalty or interest rates). Gilead has not disclosed Kite's revenues for any period after September 30, 2019 yet and will not do so for a few more weeks. Gilead's regular practice is to keep such financial results confidential until they are officially announced to the general public several weeks after the end of a fiscal quarter. Public disclosure before the official announcement of Kite's 2019 Q4 financials would prematurely reveal Kite's sensitive financial and regulatory

---

[2] ECF No. 657-4 bears a caption page labeled "Exhibit 2-U," which may be a typo. The accompanying description on the docket for ECF No. 657-4 is "Exhibit 1."

-7-
DECLARATION OF KATHARINE RICE

information, would disadvantage Gilead and/or Kite in the marketplace and cause competitive harm, and would unfairly advantage or disadvantage various investors through information asymmetry.

For the foregoing reasons, I believe that "compelling reasons" exist for sealing the above-described information. By seeking to seal only the portions that disclose Kite's and Gilead's sensitive commercial and financial information, the request is narrowly tailored.

Executed on January 27, 2020, at Foster City, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

By: /s/ Katharine Rice
KATHARINE RICE