JEFFREY I. WEINBERGER (State Bar No. 56214)
jeffrey.weinberger@mto.com
TED DANE (State Bar No. 143195)
ted.dane@mto.com
GARTH T. VINCENT (State Bar No. 146574)
garth.vincent@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter.gratzinger@mto.com
ADAM R. LAWTON (State Bar No. 252546)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

GEOFFREY D. BIEGLER (State Bar No. 290040)
biegler@fr.com
GRANT T. RICE (admitted *pro hac vice*)
rice@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:   (858) 678-5070
Facsimile:   (858) 678-5099

Attorneys for Defendant-Counterclaimant
KITE PHARMA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., MEMORIAL SLOAN KETTERING CANCER CENTER, AND SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>vs.<br><br>KITE PHARMA, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-7639-SJO-KS<br><br>**DEFENDANT KITE PHARMA, INC.'S OBJECTIONS TO PLAINTIFFS' PROPOSED FINAL JUDGMENT** |

Kite hereby submits the following objections to the form of the judgment submitted by Plaintiffs. Although judgment has not been entered, pursuant to the Court's scheduling order, Kite has separately moved for judgment to be set aside, or in the alternative, for a new trial to be granted, Dkt. 659, and expressly reserves and maintains all of the objections set forth in that separate motion. Kite also reserves all of its rights to submit additional objections and assert additional motions after final judgment is entered. Subject to and without waving any objection, Kite further objects to Plaintiffs' calculation of prejudgment interest. For the reasons provided in Kite's Opposition to Plaintiffs' Consolidated Post-Trial Motion, prejudgment interest should not exceed $32,488,929 as of the completion of post-trial trial briefing, calculated using the one-year, constant maturity Treasury-bill rate.

Kite further objects to Plaintiffs' proposed accounting and payment procedures included in paragraph 8 of its proposed judgment as premature and unduly burdensome. Should the Court not grant judgment as a matter of law or a new trial, Kite will post a supersedeas bond to stay enforcement of the judgment, including any ongoing royalty, pending the resolution of its appeal. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 2012 WL 10716768, at *1 (Fed. Cir. Apr. 2, 2012) (ongoing royalties "constitute monetary relief that is normally subject to" Rule 62(b)[1]). There is therefore no reason to consider possible accounting and payment procedures for any ongoing royalty rate until the final resolution of all appeals in this case, including any petition for certiorari to the Supreme Court.

---

[1] The 2018 amendments to Federal Rule of Civil Procedure 62 relocated the supersedeas bond provision from subsection (d) to subsection (b). *See* Fed. R. Civ. P. 62 committee notes (2018).

DATED: February 10, 2020  MUNGER, TOLLES & OLSON LLP

By:     /s/ *Ted Dane*
       Ted Dane
Attorney for Defendant-Counterclaimant
KITE PHARMA, INC.