1  JEFFREY I. WEINBERGER (State Bar No. 56214)
   jeffrey.weinberger@mto.com
2  TED DANE (State Bar No. 143195)
   ted.dane@mto.com
3  GARTH T. VINCENT (State Bar No. 146574)
   garth.vincent@mto.com
4  BLANCA F.YOUNG (State Bar No. 217533)
   blanca.young@mto.com
5  PETER E. GRATZINGER (State Bar No. 228764)
   peter.gratzinger@mto.com
6  ADAM R. LAWTON (State Bar No. 252546)
   adam.lawton@mto.com
7  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
8  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
9  Facsimile:  (213) 687-3702

10 W. CHAD SHEAR (State Bar No. 230602)
   shear@fr.com
11 GEOFFREY D. BIEGLER (State Bar No. 290040)
   biegler@fr.com
12 MEGAN A. CHACON (State Bar No. 304912)
   chacon@fr.com
13 FISH & RICHARDSON P.C.
   12390 El Camino Real
14 San Diego, CA 92130
   Telephone:  (858) 678-5070
15 Facsimile:  (858) 678-5099

16 Attorneys for Defendant-Counterclaimant
   KITE PHARMA, INC.

17                UNITED STATES DISTRICT COURT

18        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

19

20 JUNO THERAPEUTICS, INC.,          Case No. 2:17-cv-7639-SJO-KS
   SLOAN KETTERING INSTITUTE
21 FOR CANCER RESEARCH,              **DECLARATION OF SAMANTAK
                                     GHOSH IN SUPPORT OF KITE
22        Plaintiffs,                PHARMA, INC.'S APPLICATION
                                     FOR LEAVE TO FILE UNDER
23     vs.                           SEAL DOCUMENTS IN SUPPORT
                                     OF OPPOSITION TO PLAINTIFFS'
24 KITE PHARMA, INC.,                CONSOLIDATED POST-TRIAL
                                     MOTION**
25        Defendant.
                                     Judge:  Hon. S. James Otero
26

27 AND RELATED COUNTERCLAIMS

28

---

DECLARATION OF SAMANTAK GHOSH IN SUPPORT OF APPLICATION TO FILE UNDER SEAL

I, Samantak Ghosh, declare:

1. I am IP Litigation Counsel at Gilead Sciences, Inc. ("Gilead"), the parent company of Kite Pharma, Inc. ("Kite"). I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Concurrently with this declaration, Kite filed various documents conditionally under seal including:

- Kite Pharma Inc.'s Opposition to Plaintiffs' Consolidated Post-Trial Motion at 23:26–27, 28:14–18, 29:27–28;

- Exhibits 2–6, 14–24; and

- Trial Exhibits DX2011c and PX156.

3. These documents have been designated by the parties to this litigation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the Stipulated Protective Order.

4. Compelling reasons exist to maintain the following documents under seal. These documents were designated as "Attorneys' Eyes Only Information" under the Protective Order. *See* ECF No. 222.

5. I understand that the right of the public to access court records "is not absolute" and that a court may seal confidential information disclosed during the course of a legal proceeding. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6. I understand that "compelling reasons" exist to seal a record when it might "become a vehicle for improper purposes," such as the "release of trade secrets." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 1179).

7. It is my understanding that the Ninth Circuit has defined trade secrets as "any formula, pattern, device or compilation of information which is used in

DECLARATION OF SAMANTAK GHOSH IN SUPPORT OF APPLICATION TO FILE UNDER SEAL

one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).

8. I also understand that, according to the Ninth Circuit, confidential terms of patent license agreements, such as "pricing terms, royalty rates, and guaranteed minimum payment terms," may satisfy the "compelling reasons" standard. *Elec. Arts*, 298 F. App'x at 569-70; *Kamanaka*, 447 F.3d at 1179.

9. Kite Pharma Inc.'s Opposition to Plaintiffs' Consolidated Post-Trial Motion at 23:26–27, 28:14–18, 29:27–28 contains information about Kite's profit margins that Kite considers proprietary and maintains as strictly confidential in the regular course of business. Public disclosure of this information would reveal to competitors confidential information about Kite's operating margins with respect to YESCARTA® that would thereby cause competitive harm to Kite.

10. Exhibits 2-3 and 5 are confidential clinical trial agreements between Kite and Stanford University (Exhibit 2), and Memorial Sloan Kettering Cancer Center (Exhibits 3 and 5). Each of these agreements contains detailed budget and payment terms that Kite considers proprietary and valuable and does not disclose it to the public. Public disclosure of this information would reveal to competitors confidential information about Kite's clinical trial budgets and costs that would thereby cause competitive harm to Kite.

11. Exhibits 4, and 15-17 are spreadsheets that disclose Kite's gross margins, costs, and net product revenue for YESCARTA® including the number of units sold. Kite considers this information proprietary and valuable and does not disclose it to the public. Public disclosure of this information would reveal to competitors confidential information about Kite's operating margins with respect to YESCARTA® that would thereby cause competitive harm to Kite.

12.     PX156 is a draft internal Kite presentation that contains confidential and trade secret information related to Kite's financial forecasts, other operations-related financial information, competitive intelligence, and strategic planning information. Public disclosure of this information would reveal to competitors confidential information about Kite's forward looking research, development pipeline goals, and forecasting assumptions, which would disadvantage Kite's position in the marketplace and thereby cause competitive harm. *See* Dkt. 300.

13.     DX2011c is an internal Gilead presentation that contains Gilead and Kite's market share projections, profits, profit margins, expenditures, other financial terms and calculations related to Kite's products.  Gilead's regular practice is to keep such financial projections confidential. Upon information and belief, public disclosure of Gilead's projected financials and forecasting assumptions would disadvantage Gilead in the marketplace and cause competitive harm. The Court has previously sealed such projected financials and forecasting assumptions. *See* Dkt. 300.

14.     For the foregoing reasons, "compelling reasons" exist for sealing the above-described information. By seeking to seal only those documents containing Kite's and Gilead's sensitive commercial and financial information, the request is narrowly tailored.

I declare under penalty of perjury that the foregoing is true and correct.
DATED:  February 10, 2020

By: _____
    SAMANTAK GHOSH

-4-