JEFFREY I. WEINBERGER (State Bar No. 56214)
jeffrey.weinberger@mto.com
TED DANE (State Bar No. 143195)
ted.dane@mto.com
GARTH T. VINCENT (State Bar No. 146574)
garth.vincent@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter.gratzinger@mto.com
ADAM R. LAWTON (State Bar No. 252546)
adam.lawton@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

W. CHAD SHEAR (State Bar No. 230602)
shear@fr.com
GEOFFREY D. BIEGLER (State Bar No. 290040)
biegler@fr.com
MEGAN A. CHACON (State Bar No. 304912)
chacon@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Defendant-Counterclaimant
KITE PHARMA, INC.

FILED
CLERK, U.S. DISTRICT COURT
6/12/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: _____WH_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNO THERAPEUTICS, INC., SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH,<br><br>Plaintiffs,<br><br>vs.<br><br>KITE PHARMA, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-7639-PSG-KS<br><br>[~~PROPOSED~~] ORDER REGARDING SUPERSEDEAS BOND AND STAY OF EXECUTION ON JUDGMENT |

44847683.2

ORDER REGARDING SUPERSEDEAS BOND AND STAY OF EXECUTION ON JUDGMENT

Upon consideration of the parties' Joint Stipulation Regarding Supersedeas Bond and Stay of Execution on Judgment, IT IS HEREBY ORDERED as follows:

1. Kite shall not be required at this time to provide a supersedeas bond or other security as a condition of staying execution on the Final Judgment or proceedings to enforce it pending appeal.

2. If both Plaintiffs contend that changed circumstances require additional security for the Final Judgment, Plaintiffs shall provide written notice to Kite describing the changed circumstances. Within forty-five (45) days of receiving such notice, Kite shall take one of the following actions unless the U.S. Court of Appeals for the Federal Circuit earlier enters judgment vacating or reversing the Final Judgment:

    (i) obtain a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(b) in an amount that is not less than the minimum specified in Paragraph 3;

    (ii) obtain a letter of credit in an amount that is not less than the minimum specified in Paragraph 3, designating Plaintiffs as the beneficiaries;

    (iii) establish an escrow account for the benefit of Plaintiffs in an amount that is not less than the minimum specified in Paragraph 3; or

    (iv) pay to Plaintiffs an amount sufficient to satisfy the Final Judgment pursuant to ECF No. 728, taxable costs pursuant to ECF No. 737, and accrued interest on those amounts; and amounts accrued pursuant to the order regarding ongoing royalties dated April 28, 2020 (ECF No. 738), including interest accrued thereon; and thereafter make continuing payments pursuant to such order, provided that all such payments made pursuant to this section (iv) shall be recoverable by Kite with interest at the post-judgment interest rate of 0.15% if the Final Judgment is reversed or vacated on appeal.

3. The minimum for purposes of Paragraph 2 is one billion eight hundred million dollars ($1,800,000,000) at the time of entry of this order. If the U.S. Court

of Appeals for the Federal Circuit has not issued its mandate by December 31, 2021, the minimum shall increase by thirty million dollars ($30,000,000) on the first day of each month beginning on January 1, 2022, until the U.S. Court of Appeals for the Federal Circuit issues its mandate or Kite no longer owes ongoing royalties subject to ECF No. 738 due to expiration of the '190 patent, whichever is earlier.

4. Nothing in this order prejudices Plaintiffs' right to request that the Court later require Kite to increase the amount of security over the amounts specified in Paragraph 3 in light of subsequent developments.

5. Kite shall not assign or otherwise transfer any of its obligations hereunder without Plaintiffs' consent.

6. So long as Kite complies with all of its obligations herein, no Plaintiff will make any attempt or effort to execute on or enforce the Final Judgment—or payment of any ongoing royalties, costs, or interest that has accrued or continues to accrue thereon—before 14 days after issuance of mandate from the U.S. Court of Appeals for the Federal Circuit.

IT IS SO ORDERED.

DATED: 6/12/2020

PHILIP S. GUTIERREZ
Hon. Philip S. Gutierrez
United States District Judge